IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

T. J. S.; R.C., a minor, by and through )
her mother, T.J.S.; B.C., a minor, by )
and through his mother, T.J.S.; and )
J.S., a minor, by and through her )
mother, T.J.S., )
              Plaintiffs, )
     vs. )
STATE FARM INSURANCE COMPANY; )
CONRAD J. WORTHY INSURANCE; )
JOHN DOE CORPORATIONS 1-10, as )
successor corporations of Conrad J. )
Worthy Insurance; and CONRAD )
JEROME WORTHY, individually and in )
his capacity as an agent for State Farm )
Insurance Company, Conrad J. Worthy )
Insurance, and John Doe Corporations )
1-10, )
              Defendants. )

Case No. 3AN-96-6147 Civil

FILE

accepted for filing
1-12-98

## FIRST AMENDED COMPLAINT

COME NOW plaintiffs, T.J.S., R.C., B.C. and J.S., by and through counsel, Phillip Paul Weidner of Phillip Paul Weidner and Associates, Inc., a Professional Corporation, and hereby state, plead, claim and allege for their causes of action in the instant matter as follows:

### PARTIES

1.     Plaintiff T.J.S. is a 34-year old female, and at all pertinent times herein was and is a resident of the state of Alaska. Plaintiff R.C., age 17; plaintiff B.C.,



EXHIBIT A
Page 1 of 14

age 16; and plaintiff J.S., age 12, are the minor children of plaintiff T.J.S., and at all pertinent times herein were and are residents of the state of Alaska.

2.  Defendant State Farm Insurance Company is an insurance company that, at all pertinent time herein, was doing business in the state of Alaska.

3.  Defendant Conrad J. Worthy Insurance was an insurance company owned and operated by defendant Conrad J. Worthy at 4205 Minnesota Drive, Anchorage, Alaska, and at all pertinent times herein was doing business in the state of Alaska.

4.  Defendants John Doe Corporations 1-10 are unknown corporations which are successors in interest to defendant Conrad J. Worthy Insurance, and at all pertinent times doing business in the state of Alaska.

5.  Defendant Conrad Jerome Worthy at all pertinent times herein was a resident of the state of Alaska, and further, was and is an agent of the defendants State Farm Insurance Company, Conrad J. Worthy Insurance, and John Doe Corporations 1-10.

## FACTS RELATING TO THE CULPABLE CONDUCT

6.  Around November of 1992, plaintiff T.J.S. met defendant Conrad Jerome Worthy when she was working at O'Brady's Burgers & Brew in Anchorage.

7.  Mr. Worthy was an acquaintance of T.J.S.'s brother.

8.  Mr. Worthy and T.J.S.'s brother were at O'Brady's Burgers & Brew one night, and T.J.S.'s brother introduced him to her.

9. Mr. Worthy told T.J.S. he was an insurance salesman, and tried to sell her insurance. She did eventually buy insurance from him, and continues to be insured by State Farm Insurance Company.

10. T.J.S. and Mr. Worthy began dating. He moved in with her in approximately July of 1993.

11. In September of 1993 T.J.S. broke up with Mr. Worthy and left the apartment they had shared. In the course and scope of his employment with State Farm Insurance Company, Mr. Worthy attempted to convince T.J.S. to return to him by promising her a job at his State Farm office. T.J.S. accepted the job offer and began working for him. Subsequently, they began to date again.

12. T.J.S. worked for Mr. Worthy at his State Farm office as a receptionist and as a clerical assistant, on an hourly basis, approximately 30 to 40 hours a week.

13. In February of 1994 T.J.S. received an offer of employment with MarkAir Express in Barrow, Alaska, which required her to live in Barrow for the weeks she worked, remaining in Anchorage on off-weeks.

14. On or about March 31 or April 1, 1994, while T.J.S. was living in shared housing in Barrow, she was forcibly raped by an individual not named in the complaint.

15. T.J.S.'s relationship with Mr. Worthy deteriorated rapidly after the rape, as Mr. Worthy became obsessed with the fact that T.J.S. had been raped and with his false belief that she had "wanted it."

16. On or about April 30, 1994, T.J.S. and Mr. Worthy had a confrontation in which he falsely accused her of bringing the rape on herself, and made other insulting and degrading accusations.

17. As a result, T.J.S. broke up with Mr. Worthy again.

18. MarkAir Express transferred T.J.S. to St. Mary's, Alaska, and she moved there with her children.

19. Mr. Worthy persisted in attempting to convince T.J.S. to return to him; and, in the course and scope of his employment by and as owner of Conrad J. Worthy Insurance, and further, in the course and scope of his employment by and as an agent of State Farm Insurance Company, Mr. Worthy attempted to induce plaintiff T.J.S. to return to Anchorage to consider resuming employment with Conrad J. Worthy Insurance and State Farm Insurance Company.

20. On or about August 5, 1994, T.J.S. returned to Anchorage to discuss resuming said employment; and while in Anchorage to do so, she stayed at a girlfriend's house. Mr. Worthy invited her to dinner with friends, and she accepted. She drove to his house at 347 Krane, and then rode in his car to dinner. Throughout the evening, Mr. Worthy attempted to convince T.J.S. to resume working for him and for State Farm and to resume their relationship, referring often to his erroneous belief that they were supposed to get married at the end of the year. T.J.S. consistently stated that she would not be getting back together with him.

21. After dinner, Mr. Worthy represented that he would drive T.J.S. back to her car. While they were driving, Mr. Worthy pressured T.J.S. to resume working for him, and became upset when she refused. Mr. Worthy became verbally

abusive and began berating T.J.S., stating that he had turned away a good job applicant because he believed she would be returning to work for him. Instead of driving her back to her car, Worthy drove her to his State Farm office at 4205 Minnesota Drive.

22. Early in the morning of August 6, 1994, after they arrived at Mr. Worthy's office at 4205 Minnesota Drive, Worthy's verbal assaults became physical. He became extremely violent and physically and sexually assaulted plaintiff T.J.S. on the premises of his State Farm Insurance office, to wit, 4205 Minnesota Drive, placing her in fear for her life.

23. Mr. Worthy threw objects at T.J.S., attempted to strangle her, ripped her clothing and forced his hand into her vagina, telling her to pretend he was the man who had raped her in Barrow. He tried to get her away from the windows and to a back room, but she resisted, fearing that he would kill her.

24. Mr. Worthy attempted to get T.J.S. back into his car, but she escaped, running naked and bleeding along Minnesota, dodging Mr. Worthy because she feared he would attempt to run her down, to Mike's Mini-Mart on the corner of Tudor and Wilson, where she asked an employee to call 911. An officer came and escorted her to Alaska Regional Hospital.

25. T.J.S. suffered serious physical, emotional and psychological injuries as a result of this incident.

26. Numerous personal items belonging to T.J.S. were also destroyed or lost as a result of Mr. Worthy's attack.

27. That night from the police car, T.J.S. telephoned her nine-year old daughter, who was with a baby-sitter, and was told that Mr. Worthy had been calling the house. T.J.S. instructed them to stop answering the telephone and lock the doors and windows because she feared for their safety.

28. That same night, Conrad Worthy severely damaged T.J.S.'s automobile, which had been left behind in his garage, by slashing her tires, breaking the windows and lights, and pouring buckets of paint throughout the interior of the car.

29. He also stole her previous medical and psychological records from a filing cabinet that she had left in his garage when they broke up and which she had not had a chance to retrieve. Information in these records was introduced against T.J.S. at Mr. Worthy's criminal trial, which caused her emotional distress.

30. After the incident, T.J.S. attempted to return to her job, but was too traumatized to work. As a result of the incident, T.J.S. experienced severe psychological and emotional trauma, and was hospitalized at Providence Hospital's Mental Health Unit for approximately three to four weeks during the month of October, 1994.

31. After reading about the attack in the newspaper, Mr. Green, who was State Farm's Insurance Agency's manager for State Farm agents in the Anchorage area, contacted Mr. Worthy about the attack and also spoke with Detective Herrick. Despite State Farm's knowledge of Mr. Worthy's conduct, State Farm continued to tolerate his actions and failed to take any remedial action or undertake any investigation or take any steps to ensure that said actions did not recur.

32.  Mr. Worthy was arrested for his assault on T.J.S. and was released on bail. He violated his bail conditions by calling T.J.S. and was taken back into custody. He was released on bail again, violated his bail conditions by repeatedly contacting T.J.S., and ultimately, a third-party custodial requirement was imposed upon Mr. Worthy. Both of Mr. Worthy's third-party custodians were State Farm employees.

33.  Mr. Worthy's case went to trial and he was convicted by a jury of sexual assault and criminal mischief on or about August, 1995. T.J.S. and her son, B.C., testified against Mr. Worthy at trial. One of her daughters was also told she would have to testify and brought to court, but did not have to testify. All three of T.J.S.'s minor children have suffered emotional distress and received counseling as a result of their contacts with Mr. Worthy.

34.  After trial, Mr. Worthy was released pending appeal. T.J.S. attempted to move numerous times, always maintaining an unlisted number. Mr. Worthy was always able to locate her, possibly through a State Farm database, and he continued to telephone her and harass her children and friends. T.J.S. remained in fear of further attacks from Mr. Worthy against her and her children.

35.  In October or November of 1995, T.J.S. secured a restraining order against Mr. Worthy. During this time period, on several different occasions, T.J.S.'s car was repeatedly vandalized. While her car was parked at her residence, a small rock was thrown through her windshield; her brake line was cut; and the door to her passenger side was jimmied open. Her door lock was tampered with while parked outside Fred Meyer's while she was working there.

36. As a result of Mr. Worthy's continued harassment, T.J.S. was again hospitalized for psychological and emotional stress.

37. As a result of the culpable actions of defendant Conrad Jerome Worthy, said actions taken in the course and scope of his employment for defendants State Farm Insurance Co. and Conrad J. Worthy Insurance, plaintiff T.J.S. suffered and continues to suffer physical pain and suffering, great emotional distress, psychological distress, and public humiliation, all to the great detriment to her enjoyment of life and ability to have normal male-female relationships.

## FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT

38. Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 37 above as if fully set out herein, and incorporate same by reference.

39. The actions of defendant Conrad Jerome Worthy, in the course and scope of his employment by and/or as an agent of defendants State Farm Insurance Co. and Conrad J. Worthy Insurance, constituted sexual harassment of T.J.S. and inflicted foreseeable emotional distress and suffering on T.J.S. and her children, and the plaintiffs continue to suffer as a result of same.

## SECOND CAUSE OF ACTION
## ASSAULT

40. Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 39 above as if fully set out herein, and incorporate same by reference.

41. The actions of defendant Conrad Jerome Worthy, in the course and scope of his employment by and/or as an agent of defendants State Farm Insurance Co. and Conrad J. Worthy Insurance, constituted the tort of assault, and the

plaintiffs have suffered foreseeable injuries and damages, and continue to suffer foreseeable injuries and damages as a result of same.

### THIRD CAUSE OF ACTION
### SEXUAL ASSAULT

42. Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 41 above as if fully set out herein, and incorporate same by reference.

43. The actions of the defendant Conrad Jerome Worthy, in the course and scope of his employment by and/or as an agent of defendants State Farm Insurance Co. and Conrad J. Worthy Insurance, constituted the tort of sexual assault, and the plaintiffs have suffered foreseeable injuries and damages, and continue to suffer foreseeable injuries and damages as a result of same.

### FOURTH CAUSE OF ACTION
### TORT OF OUTRAGE

44. Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 43 above as if fully set out herein, and incorporate same by reference.

45. The actions of the defendant Conrad Jerome Worthy, in the course and scope of his employment by and/or as an agent of defendants State Farm Insurance Co. and Conrad J. Worthy Insurance, constituted the tort of outrage, and the plaintiffs have suffered foreseeable injuries and damages, and continue to suffer foreseeable injuries and damages as a result of same.

### FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 45 above as if fully set out herein, and incorporate same by reference.

47. The actions of defendant Conrad Jerome Worthy, in the course and scope of his employment by and/or as an agent of defendants State Farm Insurance Co. and Conrad J. Worthy Insurance, negligently inflicted emotional distress upon the plaintiffs and they continue to suffer from same.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 47 above as if fully set out herein, and incorporate same by reference.

49. The actions of defendant Conrad Jerome Worthy, in the course and scope of his employment by and/or as an agent of defendants State Farm Insurance Co. and Conrad J. Worthy Insurance, intentionally inflicted emotional distress upon the plaintiffs and they continue to suffer from same.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT/SUPERVISION

50. Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 49 above as if fully set out herein, and incorporate same by reference.

51. The actions of the defendant State Farm Insurance Co., in permitting its agent, Conrad Jerome Worthy, to have continued access to information concerning its insured, T.J.S., after having been fully apprised of the nature of the assault and the conditions imposed upon Mr. Worthy by the courts, constitute negligent entrustment, and were a substantial cause of the injuries suffered by T.J.S.

52. The actions of defendant State Farm Insurance Company in failing to adequately supervise Conrad Jerome Worthy, which allowed him to continue to harass T.J.S. and her children after his arrest and release on bail, and after his

conviction while pending appeal when State Farm and/or its agents were third-party custodians of Mr. Worthy, constitute negligent supervision and plaintiffs suffered injuries as a result of said negligence.

### EIGHTH CAUSE OF ACTION
### DESTRUCTION OF PROPERTY

53.  Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 52 above as if fully set out herein, and incorporate same by reference.

54.  The actions of defendant Conrad Jerome Worthy in physically assaulting plaintiff T.J.S. and damaging her personal belongings during the attack, constitute willful or negligent destruction of property and were a substantial cause of the damages to T.J.S.'s personal property.

### NINTH CAUSE OF ACTION
### INVASION OF PRIVACY

55.  Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 54 above as if fully set out herein, and incorporate same by reference.

56.  The stealing of T.J.S.'s private, confidential medical and psychological records by Conrad Jerome Worthy constitutes an invasion of privacy and the defendants are liable for the resultant emotional distress and other foreseeable injuries.

### TENTH CAUSE OF ACTION
### SUCCESSOR IN INTEREST LIABILITY

57.  Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 56 above as if fully set out herein, and incorporate same by reference.

58.  By virtue of the relationship between John Doe Corporations 1-10 and Conrad J. Worthy Insurance, John Doe Corporations 1-10 are liable for all

conduct for which Conrad J. Worthy Insurance is liable by virtue of successor in interest liability.

## ELEVENTH CAUSE OF ACTION
## PUNITIVE DAMAGES

59. Plaintiffs restate, replead, reallege and recomplain ¶¶ 1 through 58 above as if fully set out herein, and incorporate same by reference.

60. The conduct of defendant Conrad Jerome Worthy was willful, wanton, reckless, and ongoing in disregard of the foreseeable consequences, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future with due regard to the nature of the culpable conduct at issue and due regard to the net worth of the defendant.

61. The conduct of defendant State Farm Insurance Co. in tolerating Mr. Worthy's conduct and taking no measures to remedy it or to prevent future instances of such conduct was willful, wanton, reckless, and ongoing in disregard of the foreseeable consequences, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future with due regard to the nature of the culpable conduct at issue and due regard to the net worth of the defendant.

62. The conduct of defendant Conrad J. Worthy Insurance in tolerating Mr. Worthy's conduct and taking no measures to remedy it or to prevent future instances of such conduct was willful, wanton, reckless, and ongoing in disregard of the foreseeable consequences, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future with due regard to the

nature of the culpable conduct at issue and due regard to the net worth of the defendant.

63. The conduct of defendants John Doe Corporations 1-10 in tolerating Mr. Worthy's conduct and taking no measures to remedy it or to prevent future instances of such conduct was willful, wanton, reckless, and ongoing in disregard of the foreseeable consequences, and calls for the imposition of punitive damages in an appropriate amount to chill and deter such conduct in the future with due regard to the nature of the culpable conduct at issue and due regard to the net worth of the defendant.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that after jury trial and verdict, the following relief be granted:

1. For a judgment against defendant Conrad Jerome Worthy for appropriate compensatory damages in an amount in excess of $50,000 to each plaintiff;

2. For a judgment against defendant State Farm Insurance Company for appropriate compensatory damages in an amount in excess of $50,000 to each plaintiff;

3. For a judgment against defendant Conrad J. Worthy Insurance for appropriate compensatory damages in an amount in excess of $50,000 to each plaintiff;

4. For a judgment against defendants John Doe Corporations 1-10 for appropriate compensatory damages in an amount in excess of $50,000 to each plaintiff;

5. For a judgment for appropriate punitive damages against defendant Conrad Jerome Worthy in an amount in excess of $50,000 to each plaintiff;

6. For a judgment for appropriate punitive damages against defendant Conrad J. Worthy Insurance in an amount in excess of $50,000 to each plaintiff;

7. For a judgment for appropriate punitive damages against defendants John Doe Corporations 1-10 in an amount in excess of $50,000 to each plaintiff;

8. For a judgment for appropriate punitive damages against defendant State Farm Insurance Co. in an amount in excess of $50,000;

9. For costs and attorneys fees, as to each award, in the maximum amount allowable by law;

10. For pre-judgment and post-judgment interest in the maximum amount allowable by law; and

11. For any other relief deemed just and equitable by the court and jury.

RESPECTFULLY SUBMITTED this 11th day of December, 1997.

WEIDNER & ASSOCIATES, INC.
Attorneys for Plaintiffs

By: _Michael Cohen for_
Phillip Paul Weidner

I CERTIFY THAT I CAUSED A COPY OF THE FOREGOING TO BE HAND DELIVERED/MAILED TO:
Schlauss & Sisson

THIS 11th DAY OF Dec. 1997
SIGNED L. Abell

EXHIBIT A
Page 14 of 14

First Amended Complaint - Page 14