IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

T.J.S.; R.C., a minor, by and )
through her mother, T.J.S.; )
B.C., a minor, by and through)
his mother, T.J.S.; and J.S., )
a minor, by and through her )
mother, T.J.S., )
                                )
            Plaintiffs, )
                                )
    vs. )
                                )
STATE FARM INSURANCE COMPANY; )
CONRAD J. WORTHY INSURANCE; )
JOHN DOE CORPORATIONS 1-10, as)
successor corporations of )
Conrad J. Worthy Insurance; )
and CONRAD JEROME WORTHY, )
individually and in his )
capacity as an agent for )
State Farm Insurance Company, )
Conrad J. Worthy Insurance, )
and John Doe Corporations )
1-10, )
                                )
            Defendants. )
_____)



Case No. 3AN-96-6147 Civil

## ANSWER OF CONRAD J. WORTHY TO FIRST AMENDED COMPLAINT

COMES NOW, Conrad J. Worthy, individually and on behalf of Conrad J. Worthy Insurance, and hereby answers the First Amended Complaint as follows:

1.    Defendant lacks sufficient information to admit or deny the allegations of paragraph 1 and, therefore denies the allegations contained in paragraph 1.

2.    Defendant admits the allegations contained in paragraph 2.

3.    Defendant admits that he owned and operated Conrad J.

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

EXHIBIT  H
Page  1  of  12
②

Worthy Insurance at 2405 Minnesota, Anchorage, Alaska from November, 1990, to June, 1995.

4.   Defendant denies the allegations contained in paragraph 4.

5.   Defendant admits that he was a resident of the State of Alaska and admits that he was an agent of defendant State Farm Insurance Company and Conrad J. Worthy Insurance until mid June, 1995. He denies there were any John Doe successor corporations.

6.   Defendant denies the allegations contained in paragraph 6.

7.   Defendant admits the allegations contained in paragraph 7.

8.   Defendant denies the allegations contained in paragraph 8.

9.   Defendant admits that he sold insurance to T.J.S. Defendant lacks sufficient information to admit or deny the allegations as to whether T.J.S. continues to be insured by State Farm Insurance Company and, therefore denies, denies the same.

10.  Defendant admits the allegations contained in paragraph 10.

11.  Defendant admits the allegations contained in the first sentence of paragraph 11. Defendant denies the allegations contained in the second sentence of paragraph 11. Defendant admits that T.J.S. worked for defendant for a brief period of time as alleged in the third sentence of paragraph 11. Defendant admits the allegations contained in the fourth sentence of paragraph 11.

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

2

EXHIBIT H
Page 2 of 12

12. Defendant admits that T.J.S. worked for him for approximately three weeks in October-November 1993.

13. Defendant admits the allegation contained in paragraph 13.

14. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 14 and, therefore denies them.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant admits that MarkAir Express transferred T.J.S. to St. Mary's, Alaska, but denies that she moved there with her three children.

19. Defendant admits that when T.J.S. told him her job in St. Mary's was ending, he informed her that she could return to work for him at Conrad J. Worthy Insurance and State Farm Insurance Company. Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits that when T.J.S. returned to Anchorage, they discussed her return to work and admits that T.J.S. stayed at a girlfriend's house as alleged in the first sentence of paragraph 20. Defendant admits the allegations contained in the second sentence of paragraph 20. Defendant admits the allegations

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

EXHIBIT H
Page 3 of 12

contained in the third sentence of paragraph 20. Defendant denies the allegations contained in the fourth sentence of paragraph 20. Defendant denies the allegations contained in the fifth sentence of paragraph 20.

21. Defendant admits the allegations contained in the first sentence of paragraph 21. Defendant denies the allegations contained in the second sentence of paragraph 21. Defendant denies the allegations contained in the third sentence of paragraph 21. Defendant admits that T.J.S. voluntarily accompanied him to his insurance office at 4205 Minnesota.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in the first sentence of paragraph 24. Defendant lacks sufficient information to admit or deny the allegations contained in the second sentence of paragraph 24 and, therefore, denies the same.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 27 and, therefore, denies the allegations contained in paragraph 27.

28. Defendant admits the allegations contained in paragraph

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

4

28.

29.    Defendant denies the allegations contained in paragraph 29.

30.    Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 30 and, therefore, denies the allegations contained in paragraph 30.

31.    Defendant admits that he spoke to Mr. Green about the charges against him.  Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 31 and, therefore, denies the same.

32.    Defendant admits that he was arrested and was released on bail.  Defendant denies the allegations contained in the second and third sentences of paragraph 32.  Defendant admits the allegations contained in the fourth sentence of paragraph 32.

33.    Defendant admits that he was convicted of the lesser charge of sexual assault in the second degree and of criminal mischief.  Defendant admits that T.J.S. testified at the trial that her son answered one or two questions at the trial.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 33 and, therefore, denies them.

34.    Defendant admits the allegations contained in the first sentence of paragraph 34.  Defendant lacks sufficient information to admit or deny the allegations contained in the second sentence of paragraph 34 and, therefore, denies the same.  Defendant denies the allegations contained in the third sentence of paragraph 34.  Defendant lacks sufficient information to admit or deny the

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7907
FAX: (907) 276-1158

EXHIBIT ___H___
Page __5__ of _12_

allegations contained in the fourth sentence of paragraph 34 and, therefore, denies the same.

35.  Defendant admits that T.J.S. secured a restraining order against him and that he secured a restraining order against T.J.S. Defendant lacks sufficient information to admit or deny the allegations contained in the second and third sentences of paragraph 35 and, therefore, denies the same.

36.  Defendant denies the allegations contained in paragraph 36.

37.  Defendant denies the allegations contained in paragraph 37.

**FIRST CAUSE OF ACTION**
**SEXUAL HARASSMENT**

38.  Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 37 as if fully set out herein.

39.  Paragraph 39 draws a legal conclusion to which no answer is necessary.  To the extent a response is required, paragraph 39 is denied.

**SECOND CAUSE OF ACTION**
**ASSAULT**

40.  Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 39 as if fully set out herein.

41.  Paragraph 41 draws a legal conclusion to which no answer is necessary. To the extend a response is required, paragraph 41 is denied.

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

6

EXHIBIT ___H___
Page __6__ of __12__

### THIRD CAUSE OF ACTION
### SEXUAL ASSAULT

42.   Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 41 as if fully set out herein.

43.   Paragraph 43 draws a legal conclusion to which no answer is necessary.  To the extent a response is required, paragraph 43 is denied.

### FOURTH CAUSE OF ACTION
### TORT OF OUTRAGE

44.   Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 43 as if fully set out herein.

45.   Paragraph 45 draws a legal conclusion to which no answer is necessary.  To the extent a response is required, paragraph 45 is denied.

### FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

46.   Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 45 as if fully set out herein.

47.   Paragraph 47 draws a legal conclusion to which no answer is necessary.  To the extent a response is required, paragraph 47 is denied.

### SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.   Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 47 as if fully set

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1159

EXHIBIT  H
Page  7  of 12

out herein.

49.   Paragraph 49 draws a legal conclusion to which no answer is necessary.   To the extent a response is required, paragraph 49 is denied.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT

50.   Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 49 as if fully set out herein.

51.   The allegations of paragraph 51 do not appear to be directed against defendant Conrad J. Worthy, individually or on behalf of Conrad J. Worthy Insurance.   To the extent the allegations are brought against Conrad J. Worthy, paragraph 51 is denied.

52.   The allegations of paragraph 52 do not appear to be directed against defendant Conrad J. Worthy, individually or on behalf of Conrad J. Worthy Insurance.   To the extent the allegations are brought against Conrad J. Worthy, paragraph 52 is denied.

## EIGHTH CAUSE OF ACTION
## DESTRUCTION OF PROPERTY

53.   Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 52 as if fully set out herein.

54.   Paragraph 54 draws a legal conclusion to which no answer is necessary.   To the extend a response is required, paragraph 54 is denied.

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

EXHIBIT___H___
Page ___8___ of ___12___

## NINTH CAUSE OF ACTION
## INVASION OF PRIVACY

55.  Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 54 as if fully set out herein.

56.  Paragraph 56 draws a legal conclusion to which no answer is necessary.  To the extend a response is required, paragraph 56 is denied.

## TENTH CAUSE OF ACTION
## SUCCESSOR IN INTEREST LIABILITY

57.  Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 56 as if fully set out herein.

58.  Paragraph 58 draws a legal conclusion to which no answer is necessary.  To the extend a response is required, paragraph 58 is denied.

## ELEVENTH CAUSE OF ACTION
## PUNITIVE DAMAGES

59.  Defendant realleges and incorporates by reference all of the responses contained in paragraphs 1 through 58 as if fully set out herein.

60.  Paragraph 60 draws a legal conclusion to which no answer is necessary.  To the extent a response is required, paragraph 60 is denied.

61.  The allegations of paragraph 61 do not appear to be directed at defendant Conrad J. Worthy, individually of on behalf of Conrad J. Worthy Insurance.  To the extent the allegations are

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7907
FAX: (907) 276-1158

9

EXHIBIT    H
Page    9    of    12

brought against Conrad J. Worthy, paragraph 61 is denied.

62.   Paragraph 62 draws a legal conclusion to which no answer is necessary.  To the extent a response is required, paragraph 62 is denied.

63.   Defendant denies there are any successor John Doe Corporations.  To the extent the allegations are brought against Conrad J. Worthy, paragraph 63 is denied.

## AFFIRMATIVE DEFENSES

1.   The complaint fails to state a cause of action against Conrad J. Worthy and against Conrad J. Worthy Insurance Company for which relief can be granted.

2.   As to plaintiff T.J.S., the claims against Conrad J. Worthy and against Conrad J. Worthy Insurance Company are barred by the statue of limitations.

3.   Plaintiff T.J.S. has failed to mitigate her damages.

4.   Plaintiff T.J.S.' damages, if any, are the result of preexisting mental conditions and not the result of any of the allegations in Plaintiffs' Complaint.

5.   The damages of B.C., a minor, R.C., a minor, and J.S., a minor, if any, were caused by negligence, neglect, and misconduct of their mother, T.J.S., and not by any actions of defendant Conrad J. Worthy.

6.   Defendant paid for all damages to plaintiff T.J.S.' motor vehicle described in paragraph 28, and paid $5,280.00 court ordered restitution towards T.J.S.' counseling and, accordingly, is

SUDDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
500 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

10

entitled to a set-off for those amounts previously paid.

7.    Defendant reserves the right to assert further affirmative defenses and/or counter claims that may become available as discovery progresses.

WHEREFORE, having answered Plaintiffs' Complaint, defendant prays that the same be dismissed with prejudice; that plaintiffs take nothing from the defendant; that defendant be awarded his costs and attorney's fees incurred in defending this actions; and for such other and further relief as this Court deems just and equitable.

DATED at Anchorage, Alaska, this 6th day of October, 1998.


                                    SUDDOCK & SCHLEUSS


                                    By: _____
                                        Christine Schleuss


DDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
00 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

                                    11

                                    EXHIBIT ___A___
                                    Page __11__ of __12__

CERTIFICATE OF
SERVICE

I certify that on this 6th
day of October, 1998.
copy of the foregoing
Answer to First
Amended Complaint
was mailed/hand-
delivered to:

Phillip Paul Weidner
Phillip Paul Weidner &
Associates
330 L Street, Suite 200
Anchorage, Alaska
99501
Rod R. Sisson
Crosby & Sisson
445 West 9th Avenue
Anchorage, Alaska
99501

KamiKoecher

DDOCK & SCHLEUSS, P.C.
ATTORNEYS AT LAW
00 L STREET, SUITE 300
ANCHORAGE, ALASKA
99501-5910
TEL: (907) 258-7807
FAX: (907) 276-1158

12

EXHIBIT ___A___
Page __12__ of __12__