FORM AA4

## STATE FARM AGENT'S AGREEMENT

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM LIFE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, and STATE FARM GENERAL INSURANCE COMPANY, collectively referred to in this Agreement as "we," "us," "State Farm," or "the Companies," insurance corporations organized and existing under the laws of the State of Illinois, with their principal offices located at Bloomington, Illinois, appoint_____ Conrad J Worthy _____referred to in this Agreement as "you" or "the Agent," of_____ Anchorage, AK _____ as an Agent, to represent the Companies in_____ ALASKA _____, while properly licensed so to act, in accordance with the provisions

(State)

of this Agreement, Schedules of Payments Forms A ___ AS4 ___ , L ___ LS7 ___ , F ___ FS3 ___ , G ___ GS2 ___ , H ___ HS5 ___ , and ___ LS5A ___ , applicable to the respective company as indicated, hereto attached, constitute a part of this Agreement. This Agreement is to become effective_____ November 1 _____, 19 _90_, and shall continue until terminated as herein provided.

### PREAMBLE

The purpose of this Agreement is to reduce to writing the objectives, obligations, and responsibilities essential to the relationship between the Agent, operating as an independent contractor, and State Farm. It is to our mutual interest to satisfactorily serve the insuring public, to comply with all applicable laws, to increase business commensurate with the available potential, and to maintain the Companies' operations on a profitable basis in order to assure the necessary financial strength to protect the policyholders' interests.

Insurance is a closely regulated business. The Companies and the agents must deal equitably with policyholders as to rates and claims, be trustworthy in handling money, avoid false advertising and unfair practices, and refrain from any action that would result in violation, by State Farm or any agent, of any applicable law or regulation.

The Companies believe that agents operating as independent contractors are best able to provide the creative selling, professional counseling, and prompt and skillful service essential to the creation and maintenance of successful multiple-line companies and agencies. We do not seek, and will not assert, control of your daily activities, but expect you to exercise your own judgment as to the time, place, and manner of soliciting insurance, servicing policyholders, and otherwise carrying out the provisions of this Agreement. You have chosen this independent contractor relationship, with its opportunities for financial reward and personal satisfaction, in preference to one which would place you in an employee status.

State Farm makes available to all agents the experience and technical knowledge acquired and developed over the years with respect to selling, underwriting, and servicing insurance. We will provide you, through our personnel, with information and guidance as to the operation, conduct, and financial management of your agency; and from time to time we will designate specific employees to advise you regarding your activities. In turn, we will invite you to attend such meetings as may be called by the Companies for the purpose of introducing new products, ideas, services and procedures, promoting sales, and furnishing you with assistance, guidance, and consultation to better enable you to achieve your potential.

The Companies and the Agent expect that by entering into this Agreement, and by the full and faithful observance and performance of the obligations and responsibilities herein set forth, a mutually satisfactory relationship will be established and maintained.

To these ends, the Companies and the Agent agree that:

### SECTION I – MUTUAL CONDITIONS AND DUTIES

A. The Agent will solicit applications for insurance, collect initial premiums, membership fees and charges, countersign and deliver policies, reinstate and transfer insurance, assist policyholders and cooperate with adjusters in reporting and handling claims, avoid conflicts of interest, and cooperate with and advance the interests of the Companies, the agents, and the policyholders.

B. You are an independent contractor for all purposes. As such you have full control of your daily activities, with the right to exercise independent judgment as to time, place, and manner of soliciting insurance, servicing policyholders, and otherwise carrying out the provisions of this Agreement.

EXHIBIT __K__
Page __1__ of __7__

C. State Farm will furnish you, without charge, manuals, forms, records, and such other materials and supplies as we may deem advisable to provide. All such property furnished by us shall remain the property of the Companies. In addition, State Farm will offer at your expense such additional materials and supplies as we feel may be helpful to you.

D. Information regarding names, addresses, and ages of policyholders of the Companies; the description and location of insured property; and expiration or renewal dates of State Farm policies acquired or coming into your possession during the effective period of this Agreement, or any prior Agreement, except information and records of policyholders insured by the Companies pursuant to any governmental or insurance industry plan or facility, are trade secrets wholly owned by the Companies. All forms and other materials, whether furnished by State Farm or purchased by you, upon which this information is recorded shall be the sole and exclusive property of the Companies.

E. The expense of any office, including rental, furniture, and equipment; signs; supplies not furnished by us; the salaries of your employees; telegraph; telephone; postage; advertising; and all other charges or expense incurred by you in the performance of this Agreement shall be incurred at your discretion and paid by you. We anticipate that in the location or relocation of your office you will not unduly infringe on the established office location of any other agent. You agree that you will not establish any office in addition to your principal office without the prior approval of the Companies.

F. We will advertise, provide promotional materials, and participate in the cost of your advertising, in accordance with policies determined from time to time by us. You will not use any advertisements referring to us or identifying us in any way without our prior approval.

G. The fulfillment of this Agreement will be your principal occupation, and you will not directly or indirectly write or service insurance for any other company, other than a State Farm subsidiary or affiliate or through any governmental or insurance industry plan or facility, or for any agent or broker, except in accordance with the terms of any written consent we may give you.

H. We will leave in your account all automobile policies credited to your account so long as the policyholder resides within a 25-mile radius of your principal place of business and within a state in which you are duly licensed, except that we may, after prior written notice to you, transfer any automobile policy to the account of another State Farm agent when the policyholder makes a bona fide request in writing. You will respect the rights and interests of your fellow agents in policies credited to their accounts by refraining from raiding or otherwise diverting policies from their accounts to your account.

I. All moneys collected on behalf of the Companies shall be held in trust by you as the absolute property of the Companies, and you will be responsible for these moneys until they are safely transmitted to the Companies. You agree to maintain a premium fund account in a bank or similar financial institution, which we may audit at any time, in which you will promptly deposit all cash collected for premiums, membership fees, and charges. You further agree to transmit promptly to the Companies the moneys so deposited, through checks drawn upon this premium fund account, along with all insurance applications received and all checks collected on behalf of the Companies.

J. Any amount (exclusive of premiums due on your personal policies with the Companies) at any time owing by the Agent to any of the Companies, their subsidiaries and affiliates, shall be a first lien on any payment due or thereafter becoming due the Agent under any of the provisions of this Agreement, and the Companies are authorized to deduct such indebtedness from any such payment due or thereafter becoming due to the Agent from the Companies.

K. If any application is rejected or any policy is surrendered or canceled, in whole or in part, for any reason, before the expiration of the policy period, or if any premium is reduced or any overpayment made to the Agent, the compensation paid to the Agent on the amount returned or credited to the policyholder or the amount overpaid to the Agent shall be charged to the Agent and shall constitute an indebtedness of the Agent to the Companies.

L. We retain the right to prescribe all policy forms and provisions; premiums, fees, and charges for insurance; and rules governing the binding, acceptance, renewal, rejection, or cancellation of risks, and adjustment and payment of losses.

M. You will not represent yourself as having any powers except those authorized by this Agreement and subject to any applicable law. Without limiting the foregoing, you shall not have authority to extend the time of payment of any premium, or to alter, waive, or forfeit any of the Companies' rights, requirements, or conditions in any policy of insurance, or otherwise obligate the Companies in any way except as stated in this Agreement or expressly authorized under the rules and regulations of the Companies or as otherwise authorized in writing by the Companies.

SECTION II – COMPENSATION

A. Each Company will make payments to the Agent as set forth in the applicable Schedule of Payments.

B. As additional compensation, State Farm will maintain insurance upon your life, payable to the beneficiary selected by you, so long as this Agreement has not been terminated and you have not attained age 65; provided, however, that in no event will such insurance be maintained in force during a period commencing thirty-one days after you have begun active duty as a member of the military, naval, or air forces of any country or international organization and ending with termination of such duty. The amount of insurance during any calendar year shall be equal to your gross compensation received from the Companies in the preceding calendar year or $10,000, whichever is the greater, but in no event shall such

EXHIBIT K
Page 2 of 7

insurance be mor        $50,000.

C. Each Company reserves the right to fix and deter-mine the amount, extent, and conditions of any bonuses, awards, prizes, and allowances.

## SECTION III – TERMINATION OF AGREEMENT

A. This Agreement will terminate upon your death. You or State Farm have the right to terminate this Agree-ment by written notice delivered to the other or mailed to the other's last known address. The date of termination shall be the date specified in the notice, but in the event no date is specified, the date of termination shall be the date of delivery if the notice is delivered, or the date of the postmark, if the notice is mailed. Either party can accelerate the date of termination specified by the other by giving written notice of termination in accordance with this para-graph.

B. In the event we terminate this Agreement, you are entitled upon request to a review in accordance with the termination review procedures approved by the Board of Directors of the Companies, as amended from time to time.

C. After termination of this Agreement you agree not to act or represent yourself in any way as an agent or representative of the Companies.

D. Within ten days after the termination of this Agree-ment, all property belonging to the Companies shall be returned or made available for return to the Com-panies or their authorized representative.

E. For a period of one year following termination of this Agreement, you will not either personally or through any other person, agency, or organization (1) induce or advise any State Farm policyholder credited to your account at the date of termination to lapse, surrender, or cancel any State Farm insurance cover-age or (2) solicit any such policyholder to purchase any insurance coverage competitive with the insur-ance coverages sold by the Companies. In the event the "period of one year" conflicts with any statutory provision, such period shall be the period permitted by statute.

## SECTION IV – TERMINATION PAYMENTS

A. In the event this Agreement is terminated:

(1) two years or more after its effective date,

or

(2) at any time after its effective date, if at the date of termination you have two or more continuous years of combined service as an agent under ei-ther a prior *State Farm Agent's Agreement* (Form AA) or a *Local Agent's Appointment* (Form LA) and this Agreement;

the respective Companies will, subject to the condi-tions set forth in subparagraph A-5 and paragraph B of this section, pay you or your legal representative,

y deductions for commission charge-backs, the ...ving termination payments:

1. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY will pay:

(a) For the first twelve (12) months following the date of termination the lesser of the amounts computed in (1) and (2):

(1) twenty percent (20%) of the service compensation on "personally produced" policies, you earned under the Schedule of Payments for Other than Health In-surance Policies in the twelve (12) pre-ceding months, or twenty percent (20%) of the service compensation on "person-ally produced" policies credited to your account, as of the date of termination, which remain in force in the same state, during the first twelve (12) months fol-lowing the date of termination, whichev-er is greater, or

(2) thirty percent (30%) of the service com-pensation on "personally produced" pol-icies credited to your account as of the date of termination, which remain in force in the same state during the first twelve (12) months following the date of termination.

In the event thirty percent (30%) of the ser-vice compensation as specified in (2) is less than the greater amount of the service com-pensation as computed in (1) and if the num-ber of "personally produced" policies in force at the end of the first twelve (12) months following the date of termination is equal to or greater than seventy-five percent (75%) of the number of the "personally pro-duced" policies in force at date of termina-tion, you will be paid the amount provided for in (1).

(b) For the first twelve (12) months following the date of termination the lesser of the amounts computed in (1) and (2):

(1) twenty percent (20%) of the service compensation you earned on health in-surance policies under the Schedule of Payments for Health Insurance Policies in the twelve (12) preceding months, or twenty percent (20%) of the service compensation on health insurance poli-cies credited to your account at the date of termination which remain in the same state and in force during the first twelve months following the date of termina-tion, except those policies which became available in the same state for assign-ment to an agent as a result of the termi-nation of an agreement between the Company and an agent, or as a result of an agreement between an agent and the Companies pursuant to the applicable

EXHIBIT ___K___
Page ___3___ of ___7___

paragraph of Section IV of a State Farm Agent's Agreement, on which one year has not elapsed since date of termination; whichever is greater, or

(2) two percent (2%) of the second and subsequent policy years net premium collections received and recorded in the twelve (12) months following date of termination on health insurance policies which remain in the same state, credited to your account as of the date of termination, except those policies which became available in the same state for assignment to an agent as a result of the termination of an agreement between the Company and an agent, or as a result of an agreement between an agent and the Companies pursuant to the applicable paragraph of Section IV of a State Farm Agent's Agreement, on which one year has not elapsed since date of termination.

In the event two percent (2%) of the net premium collections as specified in (2) is less than the greater amount of the service compensation as computed in (1) and if the number of policies in force at the end of the first twelve (12) months following the date of termination is equal to or greater than seventy-five percent (75%) of the number of policies in force at date of termination, you will be paid the amount computed in (1).

(c) The payments provided for in (a) and (b) shall be made in estimated monthly installments equal to twenty percent (20%) of the service compensation earned in the twelfth (12th) preceding month subject to appropriate adjustments following a determination of the net premium collections as specified in (a)(2) and (b)(2) and the number of policies in force, where applicable.

(d) For each of the succeeding forty-eight (48) months you will be paid an amount equal to one-twelfth (1/12th) of the total amount payable in the first twelve (12) months after termination.

2. STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM GENERAL INSURANCE COMPANY each will pay:

(a) For the first twelve (12) months following date of termination the lesser of the amounts computed in (1) and (2):

(1) twenty percent (20%) of the commissions you were paid on "personally produced" policies for those lines of insurance classified by the Companies in paragraphs 1-A, B and C of the applicable Schedule of Payments, in the twelve (12) preceding months, or twenty per-

cent (20%) of the commissions on "personally produced" renewal premiums you would have been paid under the applicable Schedule of Payments, if this Agreement had not been terminated, in the twelve (12) months following the date of termination on "personally produced" policies which remain in the same state, for those lines of insurance designated above and credited to your account as of the date of termination; whichever is greater, or

(2) thirty percent (30%) of the commissions on "personally produced" renewal premiums you would have been paid under the applicable Schedule of Payments, if this Agreement had not been terminated, in the twelve (12) months following the date of termination on those "personally produced" policies designated in (1) and credited to your account as of the date of termination.

In the event thirty percent (30%) of the commissions as computed in (2) is less than the greater amount computed in (1) and if the number of such designated "personally produced" policies in force at the end of the first twelve (12) months following date of termination is equal to or greater than seventy-five percent (75%) of the number of such designated "personally produced" policies in force at date of termination, you will be paid the amount provided for in (1).

(b) The payments provided for in (a) shall be made in estimated monthly installments equal to twenty percent (20%) of the commissions paid on the designated "personally produced" policies in the twelfth (12th) preceding month subject to appropriate adjustments following a determination of the commissions specified in (a)(2) and the number of such "personally produced" policies in force, where applicable.

(c) For each of the succeeding forty-eight (48) months you will be paid an amount equal to one twelfth (1/12th) of the total amount payable in the first twelve (12) months after termination.

3. STATE FARM LIFE INSURANCE COMPANY will pay on business written by you before January 1, 1982:

(a) An amount equal to the same compensation for the second and subsequent policy years as would have been due and payable to you for the first five years following the date of termination on all State Farm life policies personally written by you or assigned to you by the Company for compensation, under the terms of the applicable Schedule of Payments attached hereto, if this Agreement had not been terminated.

EXHIBIT K
Page 4 of 7

(b) The payments provi' 'r in (a) shall be made in monthly inst. .ts for each of the sixty (60) months whicn would have been due and payable to you for that month if this Agreement had not been terminated.

4. STATE FARM LIFE INSURANCE COMPA-NY will pay on business written during the existence of this Agreement and on or after January 1, 1982:

   (a) On life policies personally written by you, an amount equal to the writing compensation, for the second and subsequent policy years as would have been due and payable to you under the terms of the applicable Schedule of Payments attached hereto if the Agreement had not been terminated.

   (b) On life policies in your account on which two percent (2%) servicing compensation is being paid to you at the time of termination of this Agreement, an amount equal to one and one-half percent (1 1/2%) of one-twelfth (1/12) of the annualized premium of the policies shall be paid in monthly installments for each of the sixty (60) months after termination of this Agreement.

   (c) On Flexible Premium Retirement policies in your account on which you are eligible for servicing compensation at the time of termination of this Agreement, an amount equal to three-fourths of one percent (3/4 of 1%) of an average monthly premium of the policies shall be paid in monthly installments for each of the sixty (60) months after termination of this Agreement, except that no amount shall be paid on those policies made available for assignment by the termination of an agreement between the Company and an agent or by a release of policies pursuant to the applicable paragraph of Section IV of a State Farm Agent's Agreement. The average monthly premium of a policy shall be calculated by dividing the total premium paid on the policy by the number of full months elapsing between its Policy Date and termination of this Agreement.

5. GOVERNMENTAL OR INSURANCE IN-DUSTRY PLAN OR FACILITY. All policies, premium collections and compensation you receive thereon, issued by the Companies pursuant to any governmental or insurance industry plan or facility, shall be excluded from the calculations and provisions for termination payments.

6. CESSATION OF BUSINESS. In the event the respective Company discontinues doing business in the State in which you are licensed as a representative of the Company, that Company agrees to pay you the following payments in lieu of the termination payments provided for in this section and Section V of this Agreement, subject to the mutual conditions herein set forth:

   (a) For the first twelve (12) months following the date of termination STATE FARM MUTUAL AUTOMOBILE INSUR-ANCE COMPANY will pay the amount computed in A-1 based on your earnings under the applicable Schedule of Payments in

the r' (12) preceding months as provid-ed fk, .-1-(a)(1) and A-1(b)(1).

   (b) For the first twelve (12) months following the date of termination STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM GENERAL INSUR-ANCE COMPANY will pay the amount computed in A-2 based on the commissions you were paid under the applicable Schedule of Payments in the twelve (12) preceding months as provided for in A-2-(a)(1).

   (c) For each of the succeeding forty-eight (48) months you will be paid by that Company an amount equal to one-twelfth (1/12th) of the amount payable in the first twelve (12) months after termination.

   (d) The foregoing payments are to be made only on your written acceptance of a termination date to be determined by the applicable Company.

   (e) In the event of your written acceptance as provided for in (d) the applicable Company agrees to transfer to you all its rights and ownership in the property set forth in paragraph D of Section I of this Agreement.

B. Payments under Paragraph A above shall be as follows:

   1. If within ten (10) days following the date of termination, all property belonging to the respective Companies has been returned or made available for return to that Company or its authorized representative you shall qualify for the first two (2) monthly installments from that Company as provided in paragraph A.

   2. If you qualify for payments by the respective Companies under subparagraph B-1, and so long as you have not, for a period of twelve (12) months following termination of this Agreement, either personally or through any other person, agency, or organization, solicited or sold, either at renewal time or otherwise, to that Company's policyholders which were credited to your account at the time of termination, any insurance coverage competitive with the insurance coverages sold by that Company, you shall qualify for the remaining monthly installments from that Company as provided in paragraph A.

C. To provide for conditions of ill health, advancing years, or other circumstances which make desirable the reduction of your servicing responsibility, without the complete termination of this Agreement, in the event you and the Companies enter into a written agreement to release at one time from your account for reassignment to other agents, at least twenty-five percent (25%) or five hundred (500), whichever number is less, of the automobile insurance policies credited to your account, and in addition all other State Farm policies held by policyholders and members of the household of such policyholders whose automobile insurance policies are reassigned, the Companies

EXHIBIT K
Page 5 of 7

with respect to the policies rel     will pay you the termination payments in accordance with the provisions of paragraphs A and B, as those provisions may be applicable to each of the Companies.

## SECTION V - EXTENDED TERMINATION PAYMENTS

A.  In the event this Agreement is terminated and you have qualified for the termination payments set forth in Section IV-B-1 and 2 and at the time of the termination of your Agreement:

    (1) you were 62 years of age or older; and

    (2) you had at least twenty (20) years of service as a State Farm agent; and

    (3) you had ten (10) years of continuous service as a State Farm agent immediately preceding the date your Agreement was terminated;

the respective Companies will pay you monthly payments beginning on the last day of the 61st month following termination and continuing until the last day of the month in which your death occurs, either

— if you were 65 years of age or older at termination of your Agreement, an amount equal to the following,

or

— if you were 62, 63, or 64 years of age at termination of your Agreement, a lesser amount based on the following adjusted by an actuarial equivalent factor based upon your age at termination of your Agreement:

1.  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY will pay an amount equal to the monthly payment by this Company as provided for in subparagraph A-1-(a) of Section IV.

2.  STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM GENERAL INSURANCE COMPANY will pay amounts equal to the following:

    (a) That portion of the monthly payments by these Companies as provided for in subparagraph A-2 of Section IV based on the "personal lines of insurance" so classified by the Companies in the applicable Schedule of Payments; and

    (b) 50%      at portion of the monthly payments by the   Companies as provided for in subparagraph A-2 of Section IV based on the "commercial lines of insurance" so classified by the Companies in the applicable Schedule of Payments. Provided however, that these payments on such "commercial lines of insurance" shall be calculated on only the first $5,000.00 of net premium collections received by the Companies on any one risk or policy.

3.  STATE FARM LIFE INSURANCE COMPANY will pay an amount equal to the monthly payment by this Company as provided for in subparagraphs A-4-(b) and (c) of Section IV.

## SECTION VI – GENERAL PROVISIONS

A.  Since each party is relying upon the other or others to carry out the provisions of this Agreement, neither the Agreement nor any interest thereunder can be sold, assigned, or pledged; and no right in any sum due or to become due to you hereunder can be sold, assigned, or pledged without the prior written consent of the Companies.

B.  Each Company shall be bound by all the terms of this Agreement, except that the separate Schedules of Payments hereto attached, and those other provisions where the express language or context indicates that they are applicable to a particular Company only, shall be applicable to the individual Companies only; and the rights and duties of the Agent with respect to each Company shall be governed accordingly.

C.  This Agreement shall supersede all prior agreements between the several parties hereto, whether written or otherwise, provided that provisions in prior agreements establishing the amount and method of repayment by the Agent to the Companies for financing deficits incurred under prior agreements shall remain in force until such deficits are repaid in full.

D.  All payments for termination by death or for termination other than by death which otherwise might have become payable to you under the terms of prior agreements with any of the Companies are hereby waived by you.

E.  This Agreement constitutes the sole and entire Agreement between the parties hereto, and no change, alteration, or modification of the terms of this Agreement may be made except by agreements in writing signed by an authorized representative of the Companies and accepted by you.

IN WITNESS WHEREOF, the Companies have caused this Agreement to be executed on their behalf by their authorized representative, to be effective on the date above set out on Page 1 hereof, upon its acceptance in writing by the Agent on Form AAA4 (Agent's Acceptance of Agreement) transmitted to the Companies.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
STATE FARM LIFE INSURANCE COMPANY
STATE FARM FIRE AND CASUALTY COMPANY
STATE FARM GENERAL INSURANCE COMPANY

EXHIBIT _____ K _____
Page _____ 6 _____ of _____ 7 _____

By_____
                         Authorized Representative

FORM AMD4b

### MEMORANDUM OF AGREEMENT
### (State Farm Agent's Agreement)

MEMORANDUM OF AGREEMENT between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM LIFE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, and STATE FARM

GENERAL INSURANCE COMPANY, hereinafter referred to as the "Companies," and _____

___Conrad J. Worthy_____ hereinafter referred to as the "Agent," to be attached to and become part of

an agreement dated _____November 1_____, 19_90_, known as the STATE FARM AGENT'S AGREEMENT

(Form ___AA4_____) hereinafter referred to as "Agent's Agreement."

WHEREAS, the parties operated under a prior STATE FARM AGENT'S AGREEMENT TERMINATED

_____October 31_____, 19_90_, and are desirous of retaining for the benefit of the Agent payments for termination other than by death provided by that AGREEMENT.

NOW THEREFORE THIS AGREEMENT WITNESSETH AS FOLLOWS:

1. Paragraph D of Section VI of the Agent's Agreement is hereby amended to exclude from the operation of the waiver all payments for termination other than by death provided by the STATE FARM AGENT'S AGREEMENT

    dated _____March 1_____, 19_86_, for which the agent qualifies under Section IV of that Agreement. In all other respects the waiver shall remain operative and in full force.

The parties hereto have signed this Agreement on the date specified below.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
STATE FARM LIFE INSURANCE COMPANY
STATE FARM FIRE AND CASUALTY COMPANY
STATE FARM GENERAL INSURANCE COMPANY

By _____  Date ___11-19-90___
        Authorized Representative

By _____  Date __11-26-90__
                Agent

EXHIBIT ___K___
Page ___1___ of ___2___

R-FORM AMD4a
3-1-77

Printed in U.S.A.