IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| T.J.S.; R.C., a minor, by and through her mother, T.J.S.; B.C., a minor, by and through his mother, T.J.S.; and J.S., a minor, by and through her mother, T.J.S., <br><br>                    Plaintiffs, <br><br>            v. <br><br>STATE FARM INSURANCE COMPANY; CONRAD J. WORTHY INSURANCE; JOHN DOE CORPORATIONS 1-10 as successor corporations of Conrad J. Worthy Insurance; and CONRAD JEROME WORTHY, individually and in his capacity as an agent for State Farm Insurance Company, Conrad J. Worthy Insurance, and John Doe Corporations 1-10, <br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3AN-96-6147 Civil |

### AFFIDAVIT OF CONRAD J. WORTHY

STATE OF NEVADA            )
                           ) ss
COUNTY OF _____    )

Conrad J. Worthy, after first being duly sworn, deposes and states as follows:

1. Effective March 1, 1984, I became an insurance agent for State Farm Insurance Company ("State Farm") pursuant to State Farm Agent's Agreement ("the Agreement") (Exhibit A).

2. From November 1990 to June 1995, I owned and operated Conrad J. Worthy Insurance located at ~~2405~~ *CJW 4205* Minnesota, Anchorage, Alaska. In accordance with the Agreement, I was referred to as an

SISSON & KNUTSON
A Professional Corporation
445 West Ninth Avenue
Anchorage, Alaska 99501
Telephone (907) 258-1991   Facsimile (907) 258-9852

AFFIDAVIT OF CONRAD J. WORTHY
jel/548-129/WorthyAffidavit.wpd

EXHIBIT B, Page 1 of 5           -1-

independent contractor and it was never my intent to become a State Farm employee.[1]

3. My duties as an insurance agent included submitting applications for insurance, collecting initial premiums, membership fees and charges, countersigning and delivering policies, reinstating and transferring insurance, assisting policyholders and cooperating with adjusters and reporting and handling claims, avoiding conflicts of interest and cooperating with and advancing the interests of State Farm, the agents and the policyholders.

4. As an insurance agent, I was paid on the basis of commissions and bonuses, not wages or salary.

5. As owner and operator of Conrad J. Worthy Insurance, I paid my own taxes and withholdings, including that of my own employees.

6. As owner and operator of Conrad J. Worthy Insurance, I reported income from Conrad J. Worthy Insurance as "business income" on tax returns.

7. As owner and operator of Conrad J. Worthy Insurance, I was responsible for all record keeping and reporting under the Alaska Workers' Compensation Act.

8. As owner and operator of Conrad J. Worthy Insurance, I paid the rent for my own office and I paid for the equipment and furniture used in my office located at 2405 Minnesota, Anchorage,

---

[1]Although I was referred to as an independent contractor as opposed to an employee, I was not an "independent agent." I was required to sell exclusively State Farm insurance pursuant to State Farm's manuals, forms and underwriting instructions.

AFFIDAVIT OF CONRAD J. WORTHY                                        -2-
jel/548-129/WorthyAffidavit.wpd                         EXHIBIT B, Page 2 of 5 

Alaska. Further, I had the discretion to work at a location of my choice.

9. As an insurance agent, I was free to solicit business wherever I was licensed.

10. As owner and operator of Conrad J. Worthy Insurance, I established my own business hours and I took vacations at my discretion.

11. As an insurance agent, my work was not supervised by anyone at State Farm and I was free to work as I chose; I was not required to report my daily activities to State Farm nor was I required to spend certain hours in pursuit of sales. As a State Farm insurance agent, I was required to sell only State Farm insurance and State Farm provided manuals, forms and underwriting instructions.

12. As an insurance agent, I was not paid vacation or retirement benefits by State Farm. Additionally, State Farm did not provide annual leave.

14. As owner and operator of Conrad J. Worthy Insurance, I was solely responsible for hiring, firing and supervising my own employees. I determined the terms and conditions of my employees' employment including, but not limited to, setting and paying their salaries, establishing and providing benefits, vacation and sick leave.

15. The relationship between myself and State Farm was governed by the Agreement which was terminable by either party only on written notice.

AFFIDAVIT OF CONRAD J. WORTHY
jel/548-129/WorthyAffidavit.wpd

EXHIBIT B, Page 3 of 5

-3-

16. The decision to hire T.J.S. in October-November, 1993 to work for Conrad J. Worthy Insurance was made solely by me. Likewise, all offers of employment made to T.J.S. were done at my sole discretion and without the knowledge of State Farm. As owner and operator of Conrad J. Worthy Insurance, I had absolute discretion to offer employment and to hire any employee whom I chose. Employment decisions, including offers, hires and terminations, were not within the scope of my duties as an insurance agent and were not governed in any way by State Farm.

17. On August 6, 1994 I damaged a car, to which T.J.S. had title and in which I held an ownership interest, which T.J.S. had left in my personal garage. The damage inflicted on the car did not arise out of nor was it incidental to any of my work activities as a State Farm insurance agent.

18. T.J.S. was not an employee of Conrad J. Worthy Insurance in August of 1994.

19. I did not utilize a State Farm data base or any other State Farm equipment, computer programs or files to locate the address and telephone number of T.J.S. as alleged in paragraph 34 of plaintiffs' First Amended Complaint.

20. Those individuals who served as my third-party custodians at various times during my release on bail in the criminal action *State v. Worthy* included Dave Cantor, Roberta Pyrah and Kay Rodriguez. To my knowledge, these individuals served as my third-party custodians for personal reasons.

SISSON & KNUTSON
A Professional Corporation
445 West Ninth Avenue
Anchorage, Alaska 99501
Telephone (907) 258-1991   Facsimile (907) 258-9852

AFFIDAVIT OF CONRAD J. WORTHY
jel/548-129/WorthyAffidavit.wpd

EXHIBIT B, Page 4 of 5

-4-

FURTHER AFFIANT SAITH NAUGHT.

_____
Conrad J. Worthy

SUBSCRIBED AND SWORN TO before me this 25 day of August, 2000 at Las Vegas, Nevada.

_____
Notary Public in and for Clark County
My Commission Expires: 1/30/01

Notary Public-State Of Nevada
County Of Clark
KATHERENE SPARENBERG
My Appointment Expires
No: 97-1506-1   January 30, 2001

I certify and state that on this 20th day of September, 2000 I caused a true and correct copy of the foregoing to be served by mail on:

Phillip Paul Weidner, Esq.
Phillip Paul Weidner and Associates
330 L Street, Suite 200
Anchorage, AK 99501

Christine S. Schleuss
Suddock & Schleuss
500 L Street, Suite 300
Anchorage, AK 99501

_____
Name

SISSON & KNUTSON
A Professional Corporation
445 West Ninth Avenue
Anchorage, Alaska 99501
Telephone (907) 258-1991  Facsimile (907) 258-9852

EXHIBIT B, Page 5 of 5

AFFIDAVIT OF CONRAD J. WORTHY
jel/548-129/WorthyAffidavit.wpd

-5-