Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TJ IVEY, RENEE M. CROUSE, BRIAN J. CROUSE, and JESSICA LYNN SKEEN,<br><br>        Plaintiffs,<br><br>  vs.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>        Defendant. | Case No. A03-0202-CV (TMB)<br><br>**PLAINTIFFS' PRELIMINARY OPPOSITION TO AMERICAN HOME ASSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs oppose the defendant's Motion for Summary Judgment. Defendant, American Home Assurance Company, has filed a Motion for Summary Judgment, and a 44 page Memorandum in Support of Motion for Summary Judgment, including as part of the Memorandum, numerous pages of exhibits. The basic thrust of the Motion for Summary Judgment is to claim that certain exclusions in the American Home Assurance Policy issued to Conrad J. Worthy, a State Farm Insurance agent, would not be applicable to

certain claims raised by the plaintiffs in the underlying lawsuit, both by the plaintiffs against Mr. Worthy due to several different alleged exclusions in the insurance policy. The plaintiffs in this preliminary opposition will not discuss in any detail the specific factual allegations raised in the Motion for Summary Judgment and any failure to respond to the specific facts should not be deemed to be an acquiescence or admission as to the validity of certain facts. In particular, the plaintiffs note that the defendant American Home Assurance has left out certain crucial facts as to the circumstances surrounding the contact between plaintiff T.J. Ivey and Mr. Worthy, and the nature of the contact, which led to the lawsuit by the plaintiffs herein against Mr. Worthy in the underlying tort claim. The basic underlying facts, which are ignored by the defendant, support the basis for the coverage under the American Home Assurance policy. However, the reason why the specific facts and the arguments raised by American Home Assurance should not even be considered in this matter, is that American Home Assurance has ignored the crucial precondition that is required before American Home Assurance can assert any of these policy defenses under Alaska law.

That is, American Home Assurance never responded to Mr. Worthy's counsel's letter requesting defense in this action. See Affidavit of Michael Cohn. The Alaska Supreme Court decision of Sauer v. The Home Indemnity Company, 841 P.2d 176, 183 (Alaska 1992) held that when the insurer does not

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

communicate the basis for it's decision, but simply denies coverage, the insurer is precluded from later arguing that coverage under the policy does not exist. The Alaska Supreme Court cited to <u>Bellefonte Insurance Company v. Wayson</u>, 489 F. Supp. 58 (D. Alaska 1980), which noted in interpreting Alaska law, the insurer who breached the duty to defend by not responding to the claim of the insured was <u>precluded</u> from contesting coverage in subsequent action on policy, and was liable for entire amount of any verdict against the insured. This should also apply to any judgment rendered by the trial court.

In this case, what is studiously ignored by American Home Assurance is that it did not send a letter to it's insured denying coverage under the policy, or explaining the basis for denial under the policy. There is no declination of coverage, and thus coverage by estoppel. Following the settlement by the insured, and the lawsuit by the plaintiffs herein under an assignment from the insured, Conrad Worthy, it is simply too late for American Home Assurance to raise policy defenses at this time, and thus estoppel/waiver should apply under Alaska law.

As is clear from <u>Sauer</u>, and <u>Chi of Alaska, Inc. v. Employers Reinsurance Corporation</u>, 844 P.2d 1113 (Alaska 1993), an insurer has three options when the insured contacts the

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

insurer requesting defense/coverage under an insurance policy. These three options are (1) to accept the claim and defend and indemnify the insured for any liability against the insured; (2) to defend the insured, but send out a Reservation of Rights letter explaining the basis for reserving the right to indemnify depending on the grounds on which liability is found against the insured, including a full explanation as to why the insurer is not defending unconditionally, with specific reference to the policy provisions which may prevent indemnification; or (3) a letter of declination to defend the claim. Under the third option, the insurer still is required to notify the insured of the basis on which the insurer is declining to provide a defense, and must point to the specific provisions that it asserts precludes coverage.

Note that in this case American Home Assurance is citing to two different policy provisions. One policy provision concerning alleged criminal acts would not have been applicable to the failure to defend at the time as Mr. Worthy was appealing his conviction which in fact subsequently was overturned, and therefore there had been no final judgment rendered as to any criminal action by Mr. Worthy at the time of the tender of the defense to the insurer by Mr. Worthy. Second, the insurer is claiming that the liability policy would not cover the type of activities engaged in by Mr. Worthy under any professional

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

liability in regard to actions or inactions taken by Mr. Worthy against plaintiff T.J. Ivey on which the underlying lawsuit arose. The relationship between the parties was complicated and the plaintiffs allege that the meeting between Mr. Worthy and Ms. Ivey out of which arose the underlying lawsuit involved Mr. Worthy's activities in regard to his professional activities as an insurance agent running his own business, and therefore under a broad interpretation of Alaska law, arguably could fall within the terms of the policy.

It is basic black letter law in the State of Alaska that coverage is broadly construed in favor of the insured, and exclusions are narrowly construed against the insurer. See Allstate Ins. Co. v. Teel, 100 P.3d 2 (Alaska 2004); C.P. ex rel M.L. v. Allstate Ins. Co., 996 P.2d 1216 (Alaska 2000); Fejes v. Allstate Ins. Co., 984 P.2d 519, 527 (Alaska 1999). Bering Strait School District v. R.L.I. Insurance Co., 873 P.2d 1292, 1295 (Alaska 1994) states:

> Where a clause in an insurance policy is ambiguous in the sense that it is reasonably susceptible to more than one interpretation, the court accepts the interpretation which most favors the insured … Grants of coverage should be construed broadly while exclusions are interpreted narrowly. (Emphasis added).

Furthermore, when reviewing the terms of an insurance policy the objective reasonable expectations of the

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

insured/laypersons will be honored even if painstaking review, study and analysis by lawyers of different provisions might lead to a different conclusion. <u>Allstate Ins. Co. v. Teel</u>, <u>supra</u>, 100 P.3d 2.

In any event, the failure to decline coverage and reference the specific terms therein raises estoppel/waiver under <u>Sauer</u> and <u>Chi</u>.

This is a failure to defend case. The duty to defend is far broader than the duty to indemnify. See <u>Sauer</u>, supra; and <u>Chi</u>, supra.

The defendant American Home Assurance has failed to address the crucial issue in this case. Discovery is still ongoing. Any motion for summary judgment is premature. That is, did American Home Assurance have notice of the potential claim and simply ignore Mr. Worthy's request for a defense, and in doing so, as a matter of law, there is estoppel/waiver of any policy defenses that American Home Assurance might have been able to assert against Mr. Worthy. Therefore, it is unnecessary to go into the merits of any of the alleged policy defenses that American Home Assurance has asserted in their Motion for Summary Judgment as that is simply irrelevant. Any alleged policy defenses have been waived by the failure to preserve them in a declination of coverage letter to Mr. Worthy. Accordingly, the Motion for Summary Judgment filed by American Home Assurance should be denied due to the genuine issue of material fact as to

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

whether or not American Home Assurance had notice of the claim and simply failed to respond and/or ignored Mr. Worthy, which would be contrary to the obligation of good faith and fair dealing owed by the insurer to the insured.[1]

RESPECTFULLY submitted March 10, 2006.

>WEIDNER & ASSOCIATES, INC.
>Attorneys for Plaintiffs
>
>s/ Phillip Paul Weidner
>WEIDNER & ASSOCIATES, INC.
>330 L Street, Suite 200
>Anchorage, AK  99501
>Phone (907) 276-1200
>Fax (907) 278-6571
>Email: jgreene@weidner-justice.com
>ABA 7305032

---

[1] Note, any musings by Mr. Worthy's defense counsel as to the likelihood that American Home Assurance would defend or whether or not the insurance policy might apply to the lawsuit brought by the plaintiffs against Mr. Worthy is irrelevant in the context of this action.  The simple issue is whether or not there has been an estoppel/waiver, which would then defeat any policy defenses that may have been asserted but were not.  Thus, the issue is whether or not American Home Assurance failed to respond, and therefore there is no policy defenses available, and thus, there is coverage, and the plaintiffs, as the assignees of Mr. Worthy's claims, are entitled to recover against American Home Assurance Company.

CERTIFICATE OF SERVICE

I hereby certify that on the March 10, 2006, a copy of the foregoing Plaintiffs' Preliminary Opposition to American Home Assurance Company's Motion for Summary Judgment was served electronically on:

Andrew Guidi
DELANY WILES, INC.
1006 W. Third Avenue, Suite 400
Anchorage, AK 99501
Fax (907) 277-1331

s/ Phillip Paul Weidner