.
Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200


Attorneys for Plaintiffs


              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF ALASKA

TJ IVEY, RENEE M. CROUSE, BRIAN J. )
CROUSE, and JESSICA LYNN SKEEN,    )
                                   )
              Plaintiffs,          )Case No. A03-0202-CV (TMB)
                                   )
     vs.                           )
                                   )
AMERICAN HOME ASSURANCE            )
COMPANY,                           )
                                   )
              Defendant.           )
_____)

**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN OPPOSITION TO AMERICAN HOME ASSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

     COME NOW plaintiffs TJ Ivey, Renee M. Crouse, Brian J.

Crouse, and Jessica Lynn Skeen, by and through counsel, Phillip

Paul Weidner & Associates, and hereby submit the instant

Supplemental Opposition to American Home Assurance Company's

Motion for Summary Judgment.

I.    INTRODUCTION

     The plaintiffs herein, TJ Ivey, Renee M. Crouse, Brian J.

Crouse, and Jessica Lynn Skeen, are the assignees of the claims

of Conrad J. Worthy Insurance Company, and Conrad J. Worth,

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

individually, as a result of the failure of defendant American Home Assurance Company (American Home) to defend Worthy in an underlying tort action brought by the plaintiffs against Worthy. In the Entry of Verdict and Findings of Judgment (attached hereto as Exhibit 1) Anchorage Superior Court Judge Reese entered a verdict finding that defendants Conrad J. Worthy Insurance Company, and Conrad J. Worth, individually, were negligent. Furthermore, the court found that defendants Conrad J. Worthy Insurance Company, and Conrad J. Worth, individually, and in his capacity, position, and scope of employment as a agent and/or director and/or officer and/or employee and/or owner of Conrad J. Worthy Insurance Company were jointly and severally liable to plaintiffs as a result of the negligence of Conrad J. Worth Insurance Company and Conrad J. Worthy, individually (hereinafter said entity and individual will be referred to as "Worthy").

On September 18, 1998, counsel for Conrad J. Worthy sent a letter to American Home Assurance Company at 70 Pine Street, New York, NY 10270, which is the address of said company (admitted by defendant in discovery that the address was correct), stating:

> I have been retained by Conrad J. Worthy to represent him individually and in the above lawsuit. Recently, Mr. Worthy provided me a copy of a professional liability policy and a declaration sheet issued by American Home applicable to the period covered in the allegations in the above lawsuit.
> The allegation in the Complaint concern alleged misconduct which appears to be covered, at least in part, by this American Home policy.

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Accordingly, this letter is sent to tender to American
Home Mr. Worthy's defense and coverage. To assist you
in your review of this claim, I enclose a copy of the
Amended Complaint filed by plaintiffs. I also enclose
a letter from State Farm Insurance Company accepting a
limited tender of defense, but indicating that,
generally, its policy is excess to any other insurance.

See Exhibit 2.

American Home Assurance Company never responded to this

tender of defense letter. American Home has filed a Motion for

Summary Judgment claiming that the actions of Worthy do not fall

within the scope of professional services insurance coverage of

the policy issued by American Home, and further that an

exclusion for criminal acts/malicious acts applies to defeat any

potential coverage. American Home did not address in its

initial motion the preliminary issue as to notice, basically

ignoring the notice issue. After plaintiffs raised the notice

issue in the Preliminary Opposition, claiming that the issue of

notice is of primary importance because, if it is established

that American Home had notice of said claim, but failed to take

either of the three options provided under Alaska law pursuant

to <u>Chi of Alaska, Inc. v. Employers Reinsurance Corporation</u>, 844

P.2d 1113 (Alaska 1993), and <u>Sauer v. The Home Indemnity

Company</u>, 841 P.2d 176, 183 (Alaska 1992), that there is

estoppel/waiver and coverage established.

American Home, in its Reply, again asserts that the

professional services coverage is not broad enough to extend to

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

the actions of Conrad J. Worthy in his capacity as an owner managing owner, agent, managing partner of the Conrad J. Worthy entity for certain acts that occurred while he was purportedly engaged in business relating to the agency, that is an interview to rehire an individual to work for the agency, and that whatever actions that he did would fall within an exclusion for criminal/malicious acts. American Home claimed that there can be no estoppel/waiver of coverage for professional services, and for the criminal/malicious exclusion citing case law for the alleged proposition that coverage cannot be extended by estoppel/waiver. The plaintiffs, in this Supplemental Opposition wish to present additional evidence and facts and law to establish that the proposition that has been advanced by American Home in its initial Memorandum and especially in its Reply, is not applicable to the circumstances of this case.

II.  <u>SUMMARY OF ARGUMENT</u>

American Home Assurance Company's Motion for Summary Judgment either inadvertently, or intentionally, confuses the duties and obligations of an insurance carrier to an insured, upon receipt of a tender of defense, to notify specifically the insured of its position as to coverage, including specificity as to any exclusions upon which coverage is denied versus other misconduct of an insurance company once a proper letter is

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

discharged or sent to insured either accepting coverage or denying coverage.

As discussed more fully herein <u>supra</u> and <u>infra</u>, there are clearly "three forks in the road for the insurance company upon receiving a tender for defense for coverage. Namely: (1) accept the tender without reservation and provide full coverage, defense and indemnification; (2) deny unequivocally defense coverage and indemnification with a corresponding consequences for an insurance company if they are wrong; or (3) seek permission of insured to defend under a "Reservation of Rights" letter upon specific terms and conditions, which Reservation of Rights letter in terms is contractual.

There are specific statutes in almost all states, and specifically in Alaska as to the duties of the carrier providing coverage to specifically inform an insured of its position, and consequences for failing to do so. Completely ignoring a tender of defense, especially in the light of any coverable grounds for coverage evokes coverage by estoppel, in that instance, the carrier's arguments that such coverage by estoppel "cannot expand coverage" are simply flat wrong.

In the instant case, the court for purposes of this motion must assume the following:

      1.    That in fact a tender letter was sent by Ms. Schleuss as she has so testified;

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

2.  That given the nature of the Complaint, there was conceivable grounds for coverage under professional services, and the exclusions did not apply;

3.  That is, American Home has conceded they made no response to the tender letter;

4.  Such failure to respond was in violation of the applicable case law and statutes, and presumptively prejudiced Mr. Worthy.

III. ARGUMENT

A. For Purposes of This Motion, the Court Must Assume That the Tender Letter was Received by the Company.

American Home Assurance Company (American Home) consistently still claims it did not receive the tender letter by Ms. Schleuss. Ms. Schleuss clearly testified that she caused the letter to be transmitted. As the court well knows, there is a presumption that a letter duly sent in the mail is received. Accordingly, this is a jury issue, and for purposes of this motion the court must assume the letter was received.[1] Proof of mailing a letter correctly addressed raises a presumption that the letter was received. See Moore v. Drexel Homes, Inc., 293 So.2d 500 (La. App.) 29A Am. Jur. 2d Evidence §1460-1463 (1994).

B. Upon Receipt of a Tender Letter From an Insured, a Company has a Clear Duty to Respond and Choose One of the "Three Forks in the Road."

---

[1] Note that there are outstanding discovery requests and depositions to be taken to more fully establish the company's policy as to receipt of mail to more fully establish that the letter was in fact received.

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

There is no dispute in this case that Mr. Worthy was an insured of American Home Assurance Company. The policy provided coverage for professional services.

There is no definition in the policy of "professional services," however it is clear that the facts plead in the Complaint and eventually discovered in investigation and litigation (which presumably should have been known to the company if they did their due diligence as to investigation) shown that Mr. Worthy's acts culpably fell within provision of professional services.

That is the "bottom line" is that Ms. Ivey alleged that Mr. Worthy induced her return to Anchorage as part of a job interview, and the culpable conduct resulted in the course of same.

This included, as plead in the First Cause of Action, sexual harassment (which may well have been mere negligence), assault (which again may have been mere negligence) in the Second Cause of Action, sexual assault (which again, may well have been mere negligence)[2]; tort of outrage; Fourth Cause of Action, (which again may well have been covered as a result of his breach of professional services and negligent actions); the Fifth Cause of Action, Negligent Infliction or Emotional Distress, (which likewise is arguably covered); and Negligent Destruction of Property (including her personal belongings (clothing).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

---

[2] Note that in fact the resolution with the other carrier State Farm in the other case was on the grounds of negligence. See the judgment entered by the court which was on the grounds of negligence.

Accordingly, at the time the tender was made, there were clear facts to show that there was arguable coverage for acts which showed substantial nexus to provision of professional services, as well as potential findings of mere negligence as opposed to actual criminal conduct so as to invoke coverage.

The fact that Mr. Worthy was initially convicted of criminal acts is irrelevant.

At the time of the Complaint, the case was on appeal and there was a substantial likelihood it would get reversed, and he may well have been acquitted on any remand.

The fact that he has now plead to lesser includeds, to wit, relatively diminished misdemeanors does not obviate the fact that there was coverage on all the above referenced complaints, and still exists coverage on certain of the complaints, to wit, the accounts that do not specifically include the elements of the criminal matters to which he plead.

Moreover, American Home inadvertently shifts the focus in time from "after the fact" to the duties of the company at the time iT received the tender.

At the time of the tender, there was clearly arguable coverage, and the company had a duty to respond.

C.   The Failure to Respond and Presumptively Prejudice Mr. Worthy, and in Any Event Invokes Estoppel.

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

The company inadvertently focuses on the fact that Mr. Worthy was defended by State Farm, and claims no prejudice. An insurance policy is a contract for which an insured such as Mr. Worthy pays money (payments to an insurance company is entitled to full protection under the terms and conditions of same, interpreted in a light most favorable to the insured), and he is in contract. When an insured engages in potentially culpable conduct (note that no one needs insurance until they actually engage in culpable conduct or make a mistake) he is entitled to "marshal his resources" and know, not only for purposes of defense in this civil suit, but for potential negotiations as to a settlement, what coverage will be forthcoming.

Accordingly, at the time of the tender Mr. Worthy was entitled to know:

    1.    The precise position of the insurance company as to coverage indemnification of defense, both in terms of his contractual and common law rights and his statutory rights;

    2.    What "resources" existed not only for his defense, but likewise for settlement?

Having been ignored by American Home, i.e., in fact "abandoned" by them, with no compliance with the statutory and common law duties of notice and a position, Mr. Worthy can only

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

assume that he was left in the dark, even if the eventual judgment was for a covered non-excluded tort.

Thus, when attempting to settle the case, he had to resort to the only resources of the other company, and his presumptive prejudice.

This includes the months near the litigation without any knowledge of the insurance company's position.

D.   The Cases Cited by American Home for the Proposition that "Estoppel or Waiver" Cannot Expand Coverage are not on Point.

While American Home cites numerous cases in its brief, for the purported proposition that "the coverage cannot be expanded to estoppel, and those cases are not in point.

Those cases generally deal with other acts that constitute waiver of estoppel, not a complete ignoring of an insured who makes a proper tender (which the court must assume occurred in this case).[3]

In fact, American Home's Opposition "turns the matter on its head." American Home claims that if estoppel with such as to expand coverage, then anyone could expand coverage by merely sending a tender to an insurance company and then claim estoppel. This ignores the fact that the company must respond when it receives notice of a potentially covered complaint, or for that matter, any complaint as to whether they will provide

Weidner & Associates
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

---

[3] American Home's claim that the tender went to the wrong place is not dispositive as notice to the company is notice to the company, and this is a separate issue to be determined by a jury.

coverage, defense and indemnification, i.e., "which fork in the road it will choose."[4]

To accept American Home's argument means that upon receipt of a tender of defense, an insurance company can simply ignore same.  If they are going to write as to coverage and exclusions, the escape.  If they are wrong, they simply have to provide coverage, which they had to do in the first instance.

This is ludicrous.

American Home relies on a few quotes in cases such as in Verex Assur., Inc. v. John Hanson Sav. And Loan, 816 F.2d 1296 (9th Cir. 1987).  Verex, relying on Oregon law, stated that waiver or estoppel cannot be the basis for creating an original grant of coverage when no such contract existed.  Id. at 1303. However, in Verex, the court noted that the insurance contracts existed.  An insurance contract existed between Worthy and American Home.  The terms were not defined and it is not unreasonable to invoke estoppel/waiver for failure to comply with Alaska law.

Another case cited by American Home, Brown v. First Ins. Co. of Hawaii, 424 F.2d 680, 681 (9th Cir. 1970) was a case concerning alleged representations of an insurance agent as to the scope of coverage.  However, the ultimate decision was that the claim fell outside the coverage period so that any estoppel was immaterial.

---

[4] Note that the three forks in the road analysis is well accepted and has certain benefits and detriments for an insurance company.  If they accept defense coverage and indemnification without equivocation, then they must provide same to the full extent of the policy with attendant duties.  If they seek permission to defend under a Reservation of Rights letter, they have a heightened duty to insured, and likewise must comply with their obligations or face the consequences.  If they simply refuse coverage outright, they proceed at their peril if they are wrong.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

C. Douglas Wilson & co. v. Ins. Co. of North America, 590 F.2d 1275 (4th Cir. 1979) concerned the failure to disclose material information to the insurers, i.e., employee dishonesty, which was unknown to the insurers. Therefore, the policy was deemed terminated and there was no coverage.

American Home relies on Kaminer v. Franklin Insurance Company, 472 F.2d 1073 (5th Cir. 1973), a case in which the insured died before the necessary pre-steps for the policy becoming effective occurred. Under those circumstances, it would be inequitable to hold the insurer liable.

Many of the times cited by American Home involve efforts to extend coverage to times before or after the policy was in effect or to become effective. Others involve alleged representations that were immaterial. None of the cases cited by American Home involve an outright failure to respond.

American Home has cited several New York cases. In Fogelson v. Home Ins. Co., 514 N.Y.S.2d 346 (A.D. 1987) an attorney attempted to extend malpractice coverage to a claim that attorneys were aware of before the coverage period. In this case, the insurer had disclaimed coverage, though the plaintiff argued that any defense not raised was waived. The court would not allow the retroactive application of negligent conduct unknown to the insurer, which would be akin to fraud. In Continental Ins. Co. v. Estate of Benton, 896 F.Supp 272 (N.D. N.Y. 1995) the defendant sought to apply waiver against the insurer to add an insured. Unlike this case, Conrad Worthy was clearly an insured. Furthermore, these cases do not apply

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

to the failure to have <u>any</u> disclaimer such as in the present case.

Indeed, New York law, relied upon by American Home, recognizes that an unreasonable delay in disclaiming coverage can result in estoppel/waiver. See <u>Allstate Insurance Company v. Macaluso</u>, 628 N.Y.S. 2d 701 (A.D. 1995). Furthermore, New York has recognized estoppel to prevent an employer from asserting valid defenses or exclusions. <u>Clark v. Union Mutual Life Ins. Co.</u>, 692 F.2d 1370, 1374 (11th Cir. 1982).

Under AS 21.36.125 of Alaska law, the following provisions of the Alaska "Unfair Claim Settlement Practices" occurred herein:

> **(a)** A person may not commit any of the following acts or practices:
> …
> **(2)** fail to acknowledge and act promptly upon communications regarding a claim arising under an insurance policy;
> **(3)** fail to adopt and implement reasonable standards for prompt investigation of claims;
> **(4)** refuse to pay a claim without a reasonable investigation of all of the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement;
> **…**

Furthermore, 3AAC 26.040 requires prompt acknowledgement of claims and reply to claims, which was not done herein. 3AAC 26.070 requires a prompt response upon receipt of a claim which was not done herein. 3AAC 26.070(a)(1) requires that "a written denial of the claim must state the specific provisions, conditions, exclusions, and facts upon which the denial is based" which was not done herein.

The Alaska statutes and administrative regulations are followed by the Alaska courts. See <u>Sauer v. Home Indemnity Co.</u>,

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

841 P.2d 176, 182 (Alaska 1992) (insurer has a duty to give its insured prompt notice of refusal to defend and/or indemnify). In Lloyd's & Inst. Of London v. Fulton, 2 P.3d 1199 (Alaska 2000) the court did apply estoppel against an insurer. The court noted that a substantial breach by the insurer of its obligations under the policy precludes it from later arguing lack of coverage. Id. at 1207, n. 26, citing to Sauer.

As a preliminary matter, the preposition of American Home that there can be no coverage under estoppel/waiver because there is no possibility in any conceivable way that coverage would have existed due to American Home's allegation that the actions of Worthy do not fall within the professional services, and further that the criminal/malicious exclusion applies is based on a false premise. That is, professional services is not defined within the insurance policy itself, and there is law to the effect that professional services is an ambiguous term, and that actions of a managing partner, owner in the scope of his duties in furtherance of the business, even if it ends up amounting to actions that are not specifically involved in the procuring of insurance for clients, can still amount to or be broad enough under the law interpreting coverage broadly to fall within professional services. Second, the criminal/malicious acts exclusion, being an exclusion is narrowly construed under the law, and furthermore, as noted in plaintiffs' Preliminary

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Opposition, Mr. Worthy's conviction arising out of the incident, which became the subject of a Complaint against him and ultimately led to this lawsuit, was on appeal and ultimately reversed on appeal. Thus, there was always the possibility that (1) the exclusion would not bar insurance coverage as there was no final decision on criminality at the time, and (2) given the narrow scope of this exclusion and the fact that there were numerous acts that have occurred, some negligent, that the exclusion was being too broadly interpreted by American Home.

Finally, the court did not have before it in American Home's initial motion, and plaintiffs did not present it in their Preliminary Opposition, an important document which is the Entry of Judgment by Anchorage Superior Court Judge Reese, which found liability against Worthy on the basis of negligence, and that said conduct was in the course of his duties, in his capacity, position, and scope of employment as an agent and/or director and/or officer and/or employee and/or owner of the business. Accordingly, even if American Home is correct that there cannot be broadening of coverage by estoppel/waiver, the position advanced by American Home is not well taken insofar as there were conceivable grounds upon which American Home could be liable, and thus, American Home had an obligation under the law to send out a declination of coverage letter explaining the basis for its declining the tender of defense, and/or defending

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

under a Reservation of Rights and/or defending and agreeing to indemnify unconditionally under Alaska law.

The notice issue is a question of fact and therefore resolved in favor of plaintiffs on summary judgment. The defendant, however, claims that there can be no estoppel/waiver under the insurance policy for the failure to defend. It is submitted that under the law cited by plaintiffs in their Preliminary Opposition and herein, including <u>Sour</u> and <u>Chi</u>, there must be a declination of defense letter, otherwise there is estoppel/waiver.

Plaintiffs are mindful that defense counsel raised an example that has no bearing on this case wherein someone might claim fire on say an automobile insurance policy, and if there was no response claims that somehow that was covered under the automobile's policy. That example is inapposite. This case involves the business of Worthy, and an incident that occurred in the course of the conduct of business, whether it be in seeking someone to help manage or operate the business, and thus there is a linkage with the insurance. This is not a case of someone's house burning down and then trying to, and hoping that the auto insurance insurer will fail to send back a declination of defense letter, when there is no way under any conceivable theory that that situation could fall within the auto policy.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

In contrast, under the insurance policy of American Home, an insured was defined (see Exhibit M, pg. 2 of American Home's Motion for Summary Judgment), as follows:

> The unqualified word "insured" wherever used in this policy includes not only the named insured, but also any present or former partner, officer, director, stockholder or employee of the insured <u>while acting within the scope of their duties as such</u>.
> (Emphasis added).

Mr. Worthy was found liable and was sued individually and in his capacity position and scope of employment as an agent and/or director and/or officer and/or employee and/or owner of Conrad J. Worthy Insurance. The definition of "insured" in the insurance policy, and including the coverage of individuals within the scope of their employment is sufficient to include the activities of Mr. Worthy involved in the activities as alleged in plaintiffs' Complaint.

State substantive law applies to diversity cases in federal court under 28 U.S.C. § 2201. See <u>First Nationwide Mortg. Corp. v. FISI Madison LLC</u>, 219 F.Supp.2d 669 (DC MD 2002); <u>Liberty Mut. Ins. Co. v. Sweeney</u>, 216 F.2d 209 (3rd Cir. 1954); <u>Allstate Ins. Co. v. Cox</u>, 154 F.Supp. 939 (DC Cal 1957).

It is basic black letter law in the State of Alaska that coverage is broadly construed in favor of the insured, and exclusions are narrowly construed against the insurer. See <u>Allstate Ins. Co. v. Teel</u>, 100 P.3d 2 (Alaska 2004); <u>C.P. ex rel</u>

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

M.L. v. Allstate Ins. Co., 996 P.2d 1216 (Alaska 2000); Fejes v. Allstate Ins. Co., 984 P.2d 519, 527 (Alaska 1999).  Bering Strait School District v. R.L.I. Insurance Co., 873 P.2d 1292, 1295 (Alaska 1994) states:

> Where a clause in an insurance policy is ambiguous in the sense that it is reasonably susceptible to more than one interpretation, the court accepts the interpretation which most favors the insured … Grants of coverage should be construed broadly while exclusions are interpreted narrowly. (Emphasis added).

First, while the defendant has cited some law on what professional services mean, it is important to note that professional services is not defined within the insurance contract.  In Biborosch v. Transamerica Insurance Company, 603 A.2d 1050 (Pa. Sup. Ct. 1992) the court held that where professional liability policy did not contain its own definition of professional services, the phrase is ambiguous, and therefore construed against the insurance company.  Accordingly, work done incidental to the conduct at the insurance business, which is broad enough to include the conduct of the scope of the business was included within the insurance policy.  Mr. Worthy's conduct in regard to Ms. Ivey incurred while he was engaged in conduct of and administration of his insurance business.  Likewise, Westport Insurance Corporation v. Bayer, 284 F.3d 489 (3rd Cir. 2002) also found that the term "professional services" was

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

ambiguous, and thus would be construed in favor of the insured. As the court itself noted in that case, "coverage clauses are construed broadly so as to afford the greatest possible protection to the insured." Id. at 498 nt.7.  See also Hirst v. Sink Pole Fire & Marine Insurance Company, 683 P.2d 440 (Idaho App. 1984) in which the court found that in a malpractice insurance coverage action, where the physician allegedly sexually assaulted a minor while in the physicians care, that though there was ultimately no coverage, as the duty to defend was broader, the insurer had breached its duty to defend the suit because the plaintiff's allegations stated a claim broad enough to raise the insurers potential liability to the physician, even though the claim arose out of a sexual assault by the physician of the minor patient.  Likewise in this case, given the ambiguity of professional services, and the broad interpretation of coverage in favor of the insured, and the facts in this case that could raise potential claims within the scope of coverage, and the judgment that was rendered in this case, there was a duty to defend under the professional services liability policy possessed by the Worthy entities from American Home.

That leaves American Home's claim that there was the exclusion for criminal/malicious acts.  As noted previously, exclusions are narrowly construed.  Thus, in this case, given

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

that Mr. Worthy's conviction was on appeal and ultimately overturned, and further that the allegations of the Complaint and asserted claims that are based on negligence, and not simply activity of a criminal nature or malicious nature, that there is a duty to defend under the terms of the insurance policy.

Notwithstanding the criminal convictions, given Judge Reese's proper findings, coverage exists.

It is also important to emphasize, that not only was the initial criminal convictions reversed on appeal, <u>Worthy v. State</u>, 999 P.2d 771 (Alaska 2000), but on remand there are pleas to lesser included offenses, to wit, Assault in the Fourth Degree (AS 11.41.230(a)(1) and Criminal Mischief in the Fourth Degree (AS 11.46.486(a)(1). The elements of those offenses, although criminal, do not preclude coverage as to certain counts in the Complaint, which are predicated merely on negligence and non-criminal conduct. See First Amended Complaint, and Counts therein. Moreover, in Judge Reese's final verdict and judgment he specifically found liability as to negligent conduct, and not criminal acts. Accordingly, the reality is not only did the insurance company have a duty to defend given its notice, and not only did they ignore that duty to defend and failed to clearly inform the insured of its position as required, but in the end, there was coverage, accordingly the insurance company is clearly estopped for the full extent of the verdict.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Accordingly, the plaintiffs respectfully request that the court consider this Supplemental Opposition, including the case law cited by the plaintiffs, the failure of the defendant American Home to respond to plaintiffs' proper discovery requests, and to find there is either issue preclusion or an adverse inference against American Home on the issue of notice, and that despite defendant citing certain case law in regard to professional services and criminal acts, that given the terms within the policy and given that there is ambiguity as to what all professional services covered, and given that the conviction of Worthy was on appeal and ultimately reversed and he was subsequently convicted of a lesser charge, and many of his actions fall outside the scope of the criminal acts anyway and could in fact conceivably fall within the scope of coverage, that American Home's Motion for Summary Judgment be denied.

IV.    SUMMARY AND CONCLUSIONS

    1.    For purposes of this record, the court must assume a tender was made;

    2.    Given the nature of the complaint, and what would have been determined a reasonable investigation there were culpable claims of duties of the carrier for defense, indemnification and coverage;

    3.    The total failure to respond and stake out a position by the insurance company and give

**Weidner & Associates**
330 L Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

notice to the insured of its position, to wit, a clear election under the "three forks in the road" doctrine as required by statute and case law, presumptively prejudiced Mr. Worthy, and in any event constitutes estoppel;

4.  Once estoppel is established as to a total failure to respond, to wit, to comply with statutory and common law obligations to clearly inform the insured of the carrier's duty and any basis for exclusions or non-coverage, then coverage by estoppel exists, even if coverage does not exist in the final instance;

5.  Moreover, given the nature of Judge Reese's findings, there is in fact coverage owed in this case as to certain claims, which did not fall under the referenced exclusions.

For the foregoing reasons, the Motion for Summary Judgment should be denied.

RESPECTFULLY submitted this 10th day of April 2006.

                    WEIDNER & ASSOCIATES, INC.
                    Attorneys for Plaintiffs

                    s/ Phillip Paul Weidner
                    WEIDNER & ASSOCIATES, INC.
                    330 L Street, Suite 200
                    Anchorage, AK  99501
                    Phone (907) 276-1200
                    Fax (907) 278-6571
                    Email: jgreene@weidner-justice.com
                    ABA 7305032

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

CERTIFICATE OF SERVICE

I hereby certify that on the April 10, 2006, a copy of the foregoing PLAINTIFFS' SUPPLEMENTAL BRIEFING IN OPPOSITION TO AMERICAN HOME ASSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT was served electronically on:

Andrew Guidi
DELANY WILES, INC.
1006 W. Third Avenue, Suite 400
Anchorage, AK 99501
Fax (907) 277-1331


s/ Phillip Paul Weidner

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571