Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TJ IVEY, RENEE M. CROUSE, BRIAN J. CROUSE, and JESSICA LYNN SKEEN,  )<br>)<br>)<br>            Plaintiffs,                      )<br>)<br>       vs.                                          )<br>)<br>AMERICAN HOME ASSURANCE         )<br>COMPANY,                                        )<br>)<br>            Defendant.                      )<br>_____) | Case No. A03-0202-CV (TMB) |

### AFFIDAVIT OF MICHAEL COHN

STATE OF ALASKA            )
                                              )  ss.
THIRD JUDICIAL DISTRICT  )

MICHAEL COHN, being first duly sworn under oath, deposes and states as follows:

1. I am an attorney licensed to practice law in the State of Alaska and an Associate Attorney with the law firm of Phillip Paul Weidner & Associates, Inc.;

2. I have been assisting Mr. Weidner, counsel for plaintiffs in pursuing the action against American Home Assurance Company;

3. I prepared the Preliminary Opposition to American Home Assurance Company's Motion for Summary Judgment. At the time I prepared said Preliminary Opposition, I was heavily engaged in several other projects. Furthermore, when I reviewed American Home Assurance Company's Motion for Summary Judgment, I noted that it had ignored the primary issue that the parties had been heavily engaged in litigating, which was whether or not American Home Assurance Company had notice of the claim by Conrad J. Worthy during the litigation between plaintiffs herein and Conrad Worthy out of the underlying case, which is now the subject of this action;

4. Accordingly, in my Preliminary Opposition, I devoted most of said Opposition to pointing out that the notice issue had not been addressed by American Home Assurance Company, and that it appeared that was a precondition to resolution of the other issues;

5. American Home Assurance Company then filed a Reply in which it indicated that, under its interpretation of the law, the notice issue was irrelevant to the pending Motion for Summary Judgment, as allegedly estoppel/waiver would not apply to American Home Assurance Company's claims, even if it had a notice of plaintiffs' claim. The estoppel/waiver argument was first raised in the Reply Memorandum. Plaintiffs would like an opportunity to explain why the notice issue is important for resolving these issues, and that the estoppel/waiver argument is

Affidavit of Michael Cohn
Page 2

inapplicable under the circumstances of this case, including State of Alaska law, and that the underlying exclusions that are claimed by defendant American Home Assurance Company are, at best ambiguous, and thus, the arguments raised by American Home Assurance Company insufficient;

6. However, for the court to fully consider these issues, it is, in the view of counsel, important that counsel have an opportunity to submit a supplemental opposition, which clearly sets out the basis for plaintiffs' position that (1) notice is important; (2) that notice should be deemed to have been established; (3) that the professional service contract insurance policy is ambiguous, and coverage would be provided for Mr. Worthy's conduct in operating his business, Conrad J. Worthy Insurance; (4) that the criminal/malicious exclusion does not apply to the actions hereing; and (5) in addition that the court consider the Entry of Verdict and Findings and Judgment that was entered by Judge Reese of the Anchorage Superior Court in this matter, which found that Conrad J. Worthy Insurance Company and Conrad J. Worthy individually were negligent, and that said defendants in the previous action, Conrad J. Worthy Insurance Company was liable and Conrad J. Worthy, individually, was liable in his capacity and position and scope of employment as an agent and/or director and/or officer and/or employee and/or owner of Conrad J. Worthy Insurance, and thus, the coverage falls within the scope of the professional services coverage of the policy, as

Affidavit of Michael Cohn
Page 3

well as not being excluded under any criminal/malicious acts exclusion;

       FURTHER AFFIANT SAYETH NAUGHT.

_____
Michael Cohn

    SUBSCRIBED AND SWORN TO before me, the undersigned, a notary public in and for the State of Alaska, duly commissioned as such, this 10th day of April, 2006.

_____
Notary Public for Alaska
My Commission Expires:  7/25/09



Affidavit of Michael Cohn

               Page 4