Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TJ IVEY, RENEE M. CROUSE, BRIAN J. CROUSE, and JESSICA LYNN SKEEN, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendant. | Case No. A03-0202-CV (JKS) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION REQUESTING PERMISSION TO FILE SUPPLEMENTAL BRIEFING**

Alaska statutory law AS 21.36.125, Alaska Administrative law, 3 AAC 26.040, 3 AAC 26.070, and Alaska common law require an insurer to respond to claims or potential claims made by an insured. The defendant insurer herein, American Home Assurance Company (American Home) apparently takes the position that an insurance company need not comply with Alaska law if in the insurance company's view there is no coverage under the insurance policy. The position taken by American Home is contrary to Alaska law, common sense, and the clear duties that are owed by an insurer to its insured. That is, regardless of what the insurance company believes is the extent of the policy in regard to a claim made by an insured, the insurance company still has obligations to its insured, including the obligations set out in

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

plaintiffs' Supplemental Opposition, and as summarized in the first sentence of this Reply Memorandum.

The primary contention raised by American Home in Opposition to Plaintiffs' Supplemental Opposition to American Home's Motion for Summary Judgment is the allegation by American Home that it had raised the estoppel issue in its initial Motion for Summary Judgment, and thus, allegedly plaintiffs cannot now in a supplemental opposition claim that the estoppel issue was first raised by American Home in its Reply Memorandum. American Home, in support of this proposition, cites to pg. 40-41 of its Motion for Summary Judgment. If the court reviews the initial Motion for Summary Judgment, and particularly the portion that is cited by American Home, it should be noted that the only reference to estoppel in American Home's initial Motion for Summary Judgment occurs at pg. 41, subheading 1, beginning at the bottom of pg. 41 through pg. 44, which pertains to whether the plaintiffs are estopped from re-litigating Conrad Worthy's guilty pleas to Fourth Degree Assault and Fourth Degree Criminal Mischief. That is not the estoppel issue that is raised by American Home in its Reply Memorandum. The estoppel issue raised by American Home in its Reply Memorandum is that even though American Home failed to send a declination of coverage letter and/or explain the basis for its denial of coverage and/or reply at all to Mr. Worthy's counsel's tender of defense letter, that no estoppel arises to prevent the insurer from challenging the failure to defend/cover. That is different than the estoppel argument raised in the initial motion by American Home that the plaintiffs cannot re-litigate that Mr. Worthy plead guilty to certain charges.

American Home recognizes that this estoppel issue is different than the one which forms the basis for plaintiffs Supplemental Opposition, and therefore contends that it is in the previous argument on pg. 40-41, that American Home has raised estoppel. Nothing in the language on pg. 40-41 prior to subheading 1, explicitly mentions the word estoppel, prior to the estoppel argument addressed in subheading 1. Even the sentence quoted out of American Home's motion at pg. 41 that American Home relies on in the Opposition to Plaintiffs' Motion for Permission for Supplemental Briefing, i.e., Supplemental Opposition, does not mention

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

estoppel. Instead, American Home is claiming that there is no ambiguity in the insurance policy in regard to whether or not the actions complained of by plaintiffs against Worthy in the underlying lawsuit arose out of Professional Services and/or are not in the scope of the Criminal/Malicious Acts exclusion. This is not in fact an estoppel argument, but simply an argument that under the insurance contract there is allegedly no coverage. It does not address the issue of estoppel. Furthermore, the reference by American Home to <u>Sauer v. Home Indemnity Company</u>, 841 P.2d 176 (Alaska 1992) revolves around a discussion as to whether terms for the policy are ambiguous and does not actually address the estoppel issues that were raised in <u>Sauer</u>. Therefore oblique references to estoppel in American Home's initial Motion for Summary Judgment, while basically ignoring the precondition, i.e., the notice issue, while actually raising the estoppel issue for the first time in its Reply Memorandum, should allow the plaintiffs to file a supplemental opposition addressing the estoppel argument raised clearly and explicitly for the first time by American Home in regard to the issues herein in its Reply Memorandum. Thus, the plaintiffs should be permitted to have their Supplemental Opposition considered by the court.

American Home spends a great deal of time claiming erroneously that the notice issue is irrelevant, presumably because of its estoppel argument. Yet, the very arguments that American Home raise undermine its own position. That is, American Home claims that the Alaska Unfair Settlement Practices Act and the Alaska Administrative Code provisions of the Insurance Code that relate back to the statutory provisions in regard to regulating the insurance industry do not apply because allegedly American Home claims that it did not receive the tender letter sent by Christine Schleuss, counsel for Conrad Worthy. At pg. 11 of American Home's Opposition to Motion Requesting Permission to File Supplemental Briefing, it is stated:

> The Unfair Claim Settlement Practices Act ("Act") does not further plaintiffs' estoppel argument. The Act does not provide that an insurer is estopped from denying coverage. <u>The Act does not even address the circumstances in this case; rather it assumes the situation where an insurer has indisputably received tender</u>. (Emphasis added).

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Thus, in this situation, as in other situations, the back up position, and ultimately the main argument of American Home in regard to whether the Alaska Unfair Claims Settlement Act applies, the Administrative Code, or Alaska common law in regard to the requirements of contacting the insured and sending a declination of defense letter, is that American Home did not receive notice. As indicated in Plaintiffs' Preliminary Opposition and in their Supplemental Opposition, the notice issue is at most a question of fact.

In regard to notice, American Home assures us that counsel attempted to find out whether or not American Home had received the tender of defense letter and counsel claims that American Home did not receive the letter. This then begets a whole host of questions, including what investigation was undertaken to determine whether or not American Home actually received the letter. What records were looked at (log notes or entries), which individuals were talked to determine whether or not the letter was received? Plaintiff should not be required to simply accept vague claims that an investigation was conducted and no such letter was received. Indeed, plaintiffs sent out discovery requests to American Home, which basically sought to obtain as much information regarding the mail handling/routing procedures of American Home so that the plaintiffs could conduct the necessary follow-up discovery to ascertain whether in fact the letter was received. Instead of responding to plaintiffs' discovery requests, the defendant simply objected to answering everything, indicating that it is <u>speculation</u> as to how a tender of defense letter that was not received would have been handled. As plaintiffs' counsel explained in a follow-up letter in regard to that response, that since American Home's counsel is indicating that it is speculation to determine how a letter would be handled, that is essentially an admission that there are no mail handling/routing procedures, and that the procedures and policies are made up as each letter is received. If that is indeed the case, then plaintiffs should be entitled to an adverse inference in regard to the mail handling/routing procedures and a presumption that the letter was actually received but American Home either mishandled the letter or failed to respond, as is their duty under Alaska insurance law. In any event, it is a factual issue.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

The argument by American Home as to estoppel boils down to its allegation that estoppel cannot apply because there is no coverage. That itself would make superfluous the requirements of Alaska law, which it should be added are not conditioned upon whether or not the insurance company has determined that there is no coverage. That is the very purpose for which the insurance company is required to give their declination of defense/coverage letters.

Much of American Home's briefing is merely conclusory argument based on its own selective interpretation of the facts. Thus, for example, it claims there is no coverage because of the alleged criminal acts exclusion (see American Home's opening Motion at pg. 33 citing to C.P. Ex. Rel. M.L. v. Alaska Insurance Company, 996 P.2d 1216 (Alaska 2000)). As American Home rightly notes, the Alaska Supreme Court held that the exclusion would be narrowly construed, and that if injuries were caused by both criminal and non-criminal acts, the criminal act exclusion would not apply. But then American Home conclusorily adds that the C.P. is distinguishable because in American Home's view, the injuries sustained by the plaintiffs result solely from Worthy's criminal acts. That is a conclusory statement and not undisputed fact. Furthermore, the judgment by the trial court in the underlying case found that there was negligence by Worthy resulting in the damages sustained by the plaintiffs. Now, while American Home belittles the judgment by Judge Reese in the Alaska State tort case, the fact is that Judge Reese was given all the evidence, and issued his Order.[1]

Likewise, the claim by American Home that the Professional Services cannot encompass the activities of Worthy in his position as the owner/manager of his own business, and that the administrative functions of his business would have no bearing on the Professional Services is simply American Home's interpretation, and is not mandated by Alaska law or the

---

[1] Note that in other cases plaintiffs have proposed similar judgments and as opposed to being simply rubber stamps as American Home suggests the courts have either modified or rejected judgments. See Brunk v. Bryan, et al., Case No. 3AN-95-1403 Civil. See also Shapsnikoff v. Carl's Bayview, Inn, et al., Case No. 3AN-02-10434 CI in which a judgment based upon stipulated facts is presently being considered by Judge Gleason, and as was made clear in a recent status hearing, Judge Gleason is carefully considering all the facts before determining the judgment. Likewise, in the Skeen case there is no evidence presented by American Home that Judge Reese did not carefully consider the evidence before signing off on the judgment. Judge Reese was not bound to sign off on a judgment if he did not agree with the results based on the evidence before him.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

case law cited by the parties. The position by American Home, which boils down to the fact that there can be no exclusion only because there is no coverage is circular reasoning, which should be rejected by this court as inconsistent with Alaska law. Furthermore, this argument on estoppel as presented by American Home justifies further analysis as to coverage issues in supplemental opposition as the basis for the estoppel argument is the alleged lack of coverage as set forth in some detail in American Home's Reply Memorandum.

In conclusion, while American Home seeks to have this court deny plaintiffs' Supplemental Opposition, it would be beneficial for the court to consider all the facts and arguments of counsel to come to a decision that is based on the best available evidence and position of the parties.

RESPECTFULLY SUBMITTED this 25th day of April 2006.

**WEIDNER & ASSOCIATES, INC.**
**Attorneys for Plaintiffs**

s/ Phillip Paul Weidner
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail: jgreene@weidner-justice.com
ABA 7305032

CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, a copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION REQUESTING PERMISSION TO FILE SUPPLEMENTAL BRIEFING** was served electronically on:  Andrew Guidi


s/ Phillip Paul Weidner

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571