IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| T. J. S., et al., <br><br>           Plaintiffs, <br><br> vs. <br><br> STATE FARM INSURANCE COMPANY; <br><br>           Defendants. | Case No. 3AN-96-6147 CI |
| R.C., <br><br>           Plaintiff, <br> vs. <br><br> STATE FARM INSURANCE COMPANY; et a., <br><br>           Defendants. | Case No. 3AN-99-12032 CI <br> CONSOLIDATED |

**STIPULATION(S) TO: (1) WAIVER OF JURY TRIAL; (2) ADMISSION OF APPROPRIATE EVIDENCE; (3) COURT FINDINGS OF RELEVANT AND APPROPRIATE FACTS AND CONCLUSIONS OF LAW PURSUANT TO SAID ADMITTED EVIDENCE AT A COURT HEARING/TRIAL; AND (4) ENTRY OF VERDICT AND FINDINGS AND JUDGMENT, AND REQUEST FOR COURT ACTION AS TO SAME**

COME NOW plaintiffs T.J.S., R.C., B.C., and J.S., by and through counsel, Phillip Paul Weidner of Phillip Paul Weidner & Associates, Inc.; and defendants Conrad J. Worthy Insurance; and Conrad Jerome Worthy, individually and in his capacity as an agent and/or director and/or owner and/or employee and/or officer of his insurance agency, Conrad J. Worthy Insurance (hereinafter "Worthy"), by and through counsel, Christine S. Schleuss of Suddock & Schleuss, and hereby stipulate, pursuant to pleadings of record, evidence obtained and investigation and discovery to date, as follows:

EXHIBIT 2 PAGE 1

I. INTRODUCTION

This stipulation is entered into in the interest of justice, given the rights of the respective parties and the relevant evidence relating to the causes of action herein, and it is the intention of the parties and a condition of this stipulation that the referenced waiver(s) of right to jury trial be approved by the court contemporaneous with the court admitting the referenced evidence and approving and making the suggested and appropriate findings of fact by a preponderance of evidence standard and conclusions of law in a court hearing/trial as stipulated, based upon the evidence submitted and rendering a verdict and judgment to said effect against defendants.[1]

II. TERMS OF STIPULATION

1. All parties herein hereby stipulate and agree, subject to the court's approval, that a jury trial shall be waived, and this matter may be resolved by stipulated trial/hearing before the court concerning appropriate stipulated findings of fact by a preponderance of evidence standard and conclusions of law pursuant to agreed evidence to be presented and admitted via the attached exhibits and other evidentiary submissions;

2. The parties hereby stipulate to the court considering and admitting as evidence the exhibits attached hereto as Exhibits B-G, namely, relevant police reports (Exhibit B), the deposition of Conrad Worthy (Exhibit C), the deposition of T.J.S. (Exhibit D), the deposition of Marie McQueen (Exhibit E), the deposition of J.S. (Exhibit F), and the deposition of B.C. (Exhibit G).

3. The parties hereby stipulate, subject to court approval, that the court, as a fact-finder relying on said evidence, shall make appropriate legal findings and rulings based on said evidence, on a preponderance of the evidence, more likely than not standard, as to the following facts:

---

[1] Contemporaneous with this stipulation, the parties have entered into a companion Resolution Agreement and Assignment concerning a covenant not to execute/assignment of rights, which is attached hereto as Exhibit A, the terms of which are incorporated herein by reference.

Stipulation to the Waiver of Jury Trial, Etc. – Page 2
F:\documents\S\Skeen (Assault)\Pleadings\StipWaiveJuryTrial.doc

EXHIBIT 2 PAGE 2

a.  T.J.S. was and is a single mother of three children B.C. (DOB 10-19-81), R.C. (DOB 3-9-80), and J.S. (D.O.B. 3-14-85). In 1994 she was attempting to work and support her three children.

b.  On August 6, 1994, Conrad J. Worthy, in the course and scope of his professional employment, capacity, position and services as an agent on behalf of his insurance agency, Conrad J. Worthy Insurance, and as a director and/or officer and/or employee and/or owner of same, invited T.J.S. to his office to discuss potential employment with his agency. The court being duly advised shall so find and rule.

c.  In the course of trying to convince T.J.S. to work for Conrad J. Worthy Insurance agency, he negligently physically restrained her from leaving the premises, and detained and imprisoned her and subjected her to permanent injuries, including the acts and culpable conduct admitted by him in his deposition, which culpable conduct was a violation of a legal duty owed to T.J.S. and is actionable and renders the defendants liable for the damages of plaintiffs legally and factually caused and/or to be so caused by same. The court being duly advised shall so find and rule.

d.  She broke free and escaped. She suffered personal injury and continues to suffer severe emotional and mental distress including as described in her deposition and the depositions of B.C. and/or J.S. and/or Marie McQueen. The severe mental distress has resulted in post-traumatic stress disorder including as described in her deposition and the depositions of B.C. and/or J.S. and/or Marie McQueen. The court being duly advised shall so find and rule.

e.  Post-traumatic stress affected her ability to function normally and to interact with her children, B.C., R.C. and J.S. Her children have been affected by the mental distress of their mother and have suffered and will suffer a loss of love, affection and support of their mother. The court being duly advised shall so find and rule.

f.  T.J.S. still suffers and will continue to suffer from debilitating fear of injury, post-traumatic stress and painful episodes in which she has and will have flashbacks to

the incident causing an inability to function, shaking, terror, hyperventilation, accelerated heartbeat, sweating, etc. The court being duly advised shall so find and rule.

    g.    Her children have witnessed the terror and fear of their mother, the need for them to protect their mother and have suffered and will suffer the disruption of the normal parent-child relationship. The court being duly advised shall so find and rule.

    h.    Said past and future damages of plaintiffs are and/or will be proximately caused by said negligent acts of Conrad J. Worthy, individually, and in the course and scope of his employment and capacity, professional services, obligations, duties and position, on behalf of the Conrad J. Worthy Insurance Agency, including such matters as an agent and/or director and/or owner and/or officer and/or employee of Conrad J. Worthy Insurance Agency. One of the functions of running an insurance agency and discharging said matters, i.e., obligations, duties, services and position, is the interviewing of prospective employees, and he was doing so at the time of the actionable conduct herein, and said conduct was related to and/or arose of his conduct, i.e., said functions, services, capacity, obligations, duties, position, and employment, and within the scope and course of his professional capacity and employment as referenced. The court being duly advised shall so find and rule.

    4.    Based upon said factual findings, the parties further stipulate that defendants Conrad J. Worthy, individually, and Conrad J. Worthy Insurance Agency are jointly and severally liable to the plaintiffs for the damages and relief the court finds due. The court being duly advised shall so find and rule.

    5.    The injuries suffered by plaintiffs are indivisible injuries for which the defendants Conrad J. Worthy Insurance and Conrad J. Worthy, individually, are jointly and severally liable for the following damages: past and future loss of wages, past and future medicals, past and future pain and suffering, past and future loss of enjoyment of life, past and future impairment, past and future inconvenience, and past and future emotional distress, and past and future loss of consortium. The court being duly advised shall so find and rule.

6. The parties further stipulate that the conduct of defendants was not willful or intentional, but merely negligent, and the injuries and damages resulting to plaintiffs from the defendants' conduct were not expected or intended from the standpoint of the defendants. The court being duly advised shall so find and rule.

7. Prejudgment interest should attach from 8/6/94, the date of the incident and the date of the notification to the police at 10.5% per annum. Worthy had notice of the cause of action from the hour of the police contact. The court being duly advised shall so find and rule.

8. Accordingly, the parties further stipulate that the court shall admit said evidence, approve said stipulation(s), and find the following damages[2] were and/or will be proximately caused by the negligent acts and/or failure to act, of Conrad J. Worthy in the course and scope of his employment and professional capacity and position as an agent and/or director and/or officer and/or employee and/or owner of his insurance agency, Conrad J. Worthy Insurance, and the rendering of professional services for Conrad J. Worthy Insurance, and the negligent acts and/or failure to act of Conrad J. Worthy, individually, and Conrad J. Worthy Insurance via the negligent violation of their duty to act with due care towards plaintiffs, and enter findings and a verdict and judgment in the following fashion:

//
//
//
//
//
//.

---

[2] All values are stated in present value as of 8/6/94.

Stipulation to the Waiver of Jury Trial, Etc. – Page 5
F:\documents\S\Skeen (Assault)\Pleadings\StipWaiveJuryTrial.doc

EXHIBIT 2 PAGE 5

**I. Damages to T.J.S.:**

1. PAST DAMAGES:
   a. Past Lost Wages                     $ 50,000
   b. Past Medical Expenses                 10,000
   c. Past Pain and Suffering              150,000
   d. Past Loss of Enjoyment of Life       150,000
   e. Past Impairment                      150,000
   f. Past Loss of Convenience             100,000
   g. Past Emotional Distress              235,000

2. TOTAL PAST COMPENSATORY DAMAGES         $ 845,000

3. PREJUDGMENT INTEREST at the rate of 10.5% Per Annum on Total Past Compensatory Damages from 8/6/94 to Date of this Judgment [i.e., 10.5% per year ($243.08/day) on 2, above]      $ 821,610.40

4. SUBTOTAL (Total Past Compensatory Damages with pre-judgment interest) [sum of 2 & 3, above]      $ 1,666,610.40

5. FUTURE DAMAGES:
   h. Future Lost Wages                   $ 25,000
   i. Future Medical Expenses               30,000
   j. Future Pain and Suffering             75,000
   k. Future Loss of Enjoyment of life     100,000
   l. Future Impairment                    100,000
   m. Future Loss of Convenience            75,000
   n. Future Emotional Distress            100,000

6. TOTAL FUTURE COMPENSATORY DAMAGES       $ 505,000

7. SUBTOTAL (Total Past and Future Compensatory Damages with interest) [sum of 4 and 6, above]      $2,171,610.40

8. RULE 82 ATTORNEY'S FEES [10% of Total Past and Future Compensatory Damages/with interest, i.e., 10% of 7, above] plus $2,500      $ 219,661.04

**II. Total Verdict Award and Judgment to T.J.S.** [Sum of 7 & 8, above]      $2,394,271.44

III. **Damages to B.C.:**

1. PAST LOSS OF CONSORTIUM — $ <u>25,000</u>

2. TOTAL PAST COMPENSATORY DAMAGES — $ 25,000

3. PREJUDGMENT INTEREST at the rate of 10.5% per annum on Total Past Compensatory Damages from 8/6/94 to Date of this Judgment [i.e., 10.5% per year ($7.19/day) on 2, above] — $ 24,302.20

4. SUBTOTAL (Total Past Compensatory Damages/with prejudgment interest) [i.e., sum of 2 & 3, above] — $ 49,302.20

5. FUTURE LOSS OF CONSORTIUM — $ <u>25,000</u>

6. TOTAL FUTURE COMPENSATORY DAMAGES — $ 25,000

7. SUBTOTAL [Total Past and Future Compensatory Damages (with interest)] [i.e., sum of 4 & 6, above] — $ 74,302.20

8. RULE 82 ATTORNEY'S FEES [10% of Total Past and Future Compensatory Damages/with interest [i.e., 10% of 7, above, plus $2,500] — $ 9,930.22

IV. **Total Verdict Award and Judgment to B.C.** [Sum of 7 & 8, above] — $ 84,232.42

V.  **Damages to R.C.:**

1.  PAST LOSS OF CONSORTIUM     $ <u>25,000</u>

2.  TOTAL PAST COMPENSATORY DAMAGES     $ 25,000

3.  PREJUDGMENT INTEREST at the rate of 10.5% per annum on Total Past Compensatory Damages from 8/6/94 to Date of this Judgment [i.e., 10.5% per year ($7.19/day) on 2, above]     $ 24,302.20

4.  SUBTOTAL (Total Past Compensatory Damages/with prejudgment interest) [i.e., sum of 2 & 3, above]     $ 49,302.20

5.  FUTURE LOSS OF CONSORTIUM     $ <u>25,000</u>

6.  TOTAL FUTURE COMPENSATORY DAMAGES     $ 25,000

7.  SUBTOTAL [Total Past and Future Compensatory Damages (with interest)] [i.e., sum of 4 & 6, above]     $ 74,302.20

8.  RULE 82 ATTORNEY'S FEES [10% of Total Past and Future Compensatory Damages/with interest [i.e., 10% of 7, above, plus $2,500]     $ 9,930.22

VI. Total Verdict Award and Judgment to R.C. [Sum of 7 & 8, above]     $ 84,232.42

TEL. 907/276-1200 • FAX 907/278-6571
LAW OFFICES OF PHILLIP PAUL WEIDNER AND ASSOCIATES, APC
330 L STREET, SUITE 200 • ANCHORAGE, ALASKA 99501

**VII. Damages to J.S.:**

1. PAST LOSS OF CONSORTIUM     $ 25,000

2. TOTAL PAST COMPENSATORY DAMAGES     $ 25,000

3. PREJUDGMENT INTEREST at the rate of 10.5% per annum on Total Past Compensatory Damages from 8/6/94 to Date of this Judgment [i.e., 10.5% per year ($7.19/day) on 2, above]     $ 24,302.20

4. SUBTOTAL (Total Past Compensatory Damages/with prejudgment interest) [i.e., sum of 2 & 3, above]     $ 49,302.20

5. FUTURE LOSS OF CONSORTIUM     $ 25,000

6. TOTAL FUTURE COMPENSATORY DAMAGES     $ 25,000

7. SUBTOTAL [Total Past and Future Compensatory Damages (with interest)] [i.e., sum of 4 & 6, above]     $ 74,302.20

8. RULE 82 ATTORNEY'S FEES [10% of Total Past and Future Compensatory Damages/with interest [i.e., 10% of 7, above, plus $2,500]     $ 9,930.22

**VIII.** Total Verdict Award and Judgment to J.S. [Sum of 7 & 8, above]     $ 84,232.42

**IX. TOTAL VERDICT, AWARD, AND JUDGMENT**
(Total of Verdict, Award, and Judgment to T.J.S., B.C., R.C., and J.S. [i.e., sum of II and IV and VI and VIII])     **$ 2,646,968.70**

This Judgment to pay post judgment interest at 10.5% per annum on the total Judgment Award (10.5%/year on IX) and all costs and attorneys fees of execution and/or collection.

RESPECTFULLY submitted this _10th_ day of _November_, 2003.

WEIDNER & ASSOCIATES, INC.
Attorneys for Plaintiffs

By: _____
Phillip Paul Weidner
ABA #7305032

Stipulation to the Waiver of Jury Trial, Etc. – Page 9
F:\documents\S\Skeen (Assault)\Pleadings\StipWaiveJuryTrial.doc

EXHIBIT 2 PAGE 9

RESPECTFULLY submitted this _____ day of _____, 2003.

                              SUDDOCK & SCHLEUSS
                              Attorneys for Defendants Conrad J. Worthy
                              Insurance, and Conrad J. Worthy,
                              Individually

                              By: _____
                                       Christine S. Schleuss

LAW OFFICES OF PHILLIP PAUL WEIDNER AND ASSOCIATES, APC
330 L STREET, SUITE 200 • ANCHORAGE, ALASKA 99501
TEL. 907/276-1200 • FAX 907/278-6571

Stipulation to the Waiver of Jury Trial, Etc. – Page 10
F:\documents\S\Skeen (Assault)\Pleadings\StipWaiveJuryTrial.doc

EXHIBIT 2 PAGE 10