Andrew Guidi
DELANEY WILES, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
   (907) 279-3581
   (907) 277-1331 fax
*Attorneys for Defendant*
*AMERICAN HOME ASSURANCE COMPANY*

RECEIVED
MAY 1 9 2006
WEIDNER & ASSOCIATES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

TJ IVEY, RENEE M. CROUSE, )
BRIAN J. CROUSE, and       )
JESSICA LYNN SKEEN,        )
                           )
         Plaintiffs,       )
                           )
    vs.                    )
                           )
AMERICAN HOME ASSURANCE    )
COMPANY,                   )
                           )
         Defendant.        )
_____) Case No. A03-0202-CV (TMB)

**AMERICAN HOME ASSURANCE COMPANY'S RESPONSES
TO PLAINTIFF'S FOURTH DISCOVERY REQUESTS**

Pursuant to the Federal Rules of Civil Procedure 26, 33 and 34, defendant AMERICAN HOME ASSURANCE COMPANY (hereafter "AMERICAN HOME"), responds to Plaintiffs' Fourth Set of Discovery Requests, dated April 17, 2006.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

EXHIBIT /D PAGE /

## GENERAL OBJECTIONS

American Home makes the following general objections to plaintiffs' Discovery Requests:

1. American Home objects generally to plaintiffs' discovery requests to the extent they seek documents not reasonably calculated to lead to discovery of admissible evidence.

2. American Home objects to plaintiffs' discovery requests to the extent they are overly broad.

3. American Home objects to plaintiffs' discovery requests to the extent they are vague and ambiguous.

4. American Home objects to plaintiffs' discovery requests to the extent they are unduly burdensome.

5. American Home objects generally to plaintiffs' discovery requests to the extent they seek documents protected by attorney-client privilege or work product doctrine.

The general objections stated above are hereby incorporated by reference into all of the specific responses below. Subject to and without waiving any of the foregoing general objections, American Home responds to Ivey's Discovery Requests as follows:

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
*Ivey, et al v. American Home Assurance Company*
Case No. A03-0202-CV (JKS)

EXHIBIT _ID_ PAGE _2_

Page 2 of 10



## REQUESTS FOR PRODUCTION

<u>REQUEST FOR PRODUCTION NO. 1</u>: Please produce the defendant's underwriting manuals or guides from 1994 to present for the type of insurance coverage given to insured Conrad J. Worthy.

<u>RESPONSE</u>: Objection. In addition to the general objections stated above, American Home objects to this request for production because: (i) it is neither relevant nor reasonably calculated to lead to discovery of admissible evidence in that underwriting manuals or guides have no bearing on claims that do not trigger coverage, such as the so-called tender letter of September 18, 1998; and (ii) it is overbroad and unduly burdensome in asking American Home to produce underwriting manuals or guides for the last thirteen years.

<u>REQUEST FOR PRODUCTION NO. 2</u>: Please produce any and all documents, defining professional services for purposes of underwriting and/or claims from 1994 to present.

<u>RESPONSE</u>: Objection. In addition to the general objections stated above, American Home objects to this request for production because: (i) it is neither relevant nor reasonably calculated to lead to discovery of admissible evidence in that insurance documents defining "professional services" do not

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
*Ivey, et al v. American Home Assurance Company*
Case No. A03-0202-CV (JKS)

 EXHIBIT 10 PAGE 3

Page 3 of 10

control a court's interpretation of that term; and (ii) it is overbroad and unduly burdensome in asking American Home to produce underwriting or claims documents defining "professional services" for the last thirteen years.

REQUEST FOR PRODUCTION NO. 3: Please produce any and all claims training program materials including, but not limited to, underwriting manuals, claims manuals, insurance policy manuals, course books, trainer guides, audio tapes, power point presentations, videos, filmstrips, slides, and point of purchase brochures/proposals concerning errors and omissions policies, "professional services," and exclusions for any criminal or malicious act.

RESPONSE: Objection. In addition to the general objections stated above, American Home objects to this request for production because: (i) it is neither relevant nor reasonably calculated to lead to discovery of admissible evidence in that "claims training program materials" have no bearing on claims that do not trigger coverage, such as the so-called tender letter of September 18, 1998; (ii) it is vague and ambiguous in referring to "claims training program materials"; and (iii) it is overbroad and unduly burdensome in asking American Home to produce any "claims training program materials" concerning

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
Ivey, et al v. American Home Assurance Company
Case No. A03-0202-CV (JKS)


EXHIBIT 10 PAGE 4

errors and omissions policies, "professional services," and criminal and malicious act exclusions.

**REQUEST FOR PRODUCTION NO. 4:** Please produce the entire insured file for Conrad Worthy, including claims files, policy holder underwriting files and agents policyholder file.

**RESPONSE:** Objection. In addition to the general objections stated above, American Home objects to this request for production because: (i) it is vague and ambiguous in referring to an "entire insured file for Conrad Worthy"; and (ii) it seeks documents protected by attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 5:** Please produce the entire insurance policy for Conrad J. Worthy.

**RESPONSE:** Objection. In addition to the general objections stated above, American Home objects to this request for production because: (i) it is vague and ambiguous in referring to an "entire insurance policy" but without referring to a specific policy period; and (ii) it seeks documents protected by attorney-client privilege or work product doctrine.

DELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
*Ivey, et al v. American Home Assurance Company*
Case No. A03-0202-CV (JKS)

EXHIBIT 10 PAGE 5

Page 5 of 10

**REQUEST FOR PRODUCTION NO. 6**: Please produce the entire insurance agent file for Conrad J. Worthy.

**RESPONSE**: Objection. In addition to the general objections stated above, American Home objects to this request for production because: (i) American Home did not employ Conrad Worthy as an insurance agent; (ii) it is neither relevant nor reasonably calculated to lead to discovery of admissible evidence in that Worthy's employment file has no bearing on a claim that did not potentially trigger coverage, such as the so-called tender letter of September 18, 1998; (iii) it is vague and ambiguous in referring to "the entire insurance agent file" for Worthy; and (iv) it is overbroad and unduly burdensome in asking American Home to produce a file potentially regarding Worthy's employment for State Farm Insurance Agency when American Home does not possess such a file.

**REQUEST FOR PRODUCTION NO. 7**: Please produce any and all promotional brochures/advertising material from 1994 to the present regarding the type of insurance issued to the insured Conrad J. Worthy.

**RESPONSE**: Objection. In addition to the general objections stated above, American Home objects to this request for production because: (i) it is neither relevant nor

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
*Ivey, et al v. American Home Assurance Company*
Case No. A03-0202-CV (JKS)

EXHIBIT 10 PAGE 6

reasonably calculated to lead to discovery of admissible evidence in that "promotional brochures/advertising material" have no bearing on claims that do not potentially trigger coverage, such as the so-called tender letter of September 18, 1998; (ii) it is vague and ambiguous in asking American Home to produce all "promotional brochures/advertising material ... regarding the type of insurance issued to the insured;" and (iii) it is overbroad and unduly burdensome in asking American Home to produce all promotional or advertising material for errors and omissions coverage over the last thirteen years.

**REQUEST FOR PRODUCTION NO. 8**: Please produce any and all personnel selection/hiring manuals in effect from 1994 to present.

**RESPONSE**: Objection. American Home objects to this request for production because: (i) it is neither relevant nor reasonably calculated to lead to discovery of admissible evidence in that personnel selection/hiring manuals have no relation to the case at bar; (ii) it is vague and ambiguous in referring to "personnel selection/hiring manuals"; and (iii) it is overbroad and unduly burdensome in asking American Home to produce "personnel selection/ hiring manuals" in effect over the last thirteen years.

DELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
*Ivey, et al v. American Home Assurance Company*
Case No. A03-0202-CV (JKS)

EXHIBIT 10 PAGE 7

Page 7 of 10

**REQUEST FOR PRODUCTION NO. 9:** Please produce any and all policies and procedures regarding handling of claims and tender of defense letters sent to the home office.

**RESPONSE:** Objection. In addition to the general objections stated above, American Home objects to this request for production because it is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Without waiving the foregoing objections, please see American Home's second supplemental responses to third discovery requests, response to request for production number 2.

**REQUEST FOR PRODUCTION NO. 10:** Please produce any and all written policies, procedures, manuals regarding handling, routing, directing of mail to American Home Assurance Company.

**RESPONSE:** Objection. In addition to the general objections stated above, American Home objects to this request for production because it is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Without waiving the foregoing objections, please see American Home's second supplemental responses to third discovery requests, response to request for production number 2.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
*Ivey, et al v. American Home Assurance Company*
Case No. A03-0202-CV (JKS)


EXHIBIT 10 PAGE 8

Page 8 of 10

DATED at Anchorage, Alaska this 18th day of May, 2006.

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
*Attorneys for Defendant*
*AMERICAN HOME ASSURANCE COMPANY*

_____
Andrew Guidi
Alaska Bar No.: 8312171

CERTIFICATE OF SERVICE:

This certifies that I am an authorized agent of Delaney Wiles, Inc., for service of papers pursuant to Civil Rule 5, and that on the 18th day of **May**, 2006, I caused a true and correct copy of the foregoing to be **MAILED F/C MAIL** to the following:

Phillip Paul Weidner
WEIDNER & ASSOCIATES, INC.
330 L. Street, Suite 200
Anchorage, Alaska  99501

_____
Donna K. Daniels/116058

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
*Ivey, et al v. American Home Assurance Company*
Case No. A03-0202-CV (JKS)

EXHIBIT 10 PAGE 9
Page 9 of 10

## VERIFICATION

STATE OF NEW YORK       )
                        ) ss
BOROUGH OF MANHATTAN    )

I, Melinda Vollmer, the Complex Coverage Director of AIG Technical Services, Inc.; authorized representative of defendant, AMERICAN HOME ASSURANCE COMPANY, being first duly sworn upon oath, depose and state that I have read the foregoing answers to plaintiffs' interrogatories, and the same are true and correct of my own knowledge and belief.

                                                (Signature)
                                                Melinda Vollmer

SUBSCRIBED AND SWORN to before me this ____ day of May, 2006.

                                        NOTARY PUBLIC in and for the
                                        State of _____
                                        My Commission Expires:_____

EXHIBIT 10 PAGE 10

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME'S RESPONSES TO PLAINTIFFS'
FOURTH DISCOVERY REQUESTS
*Ivey, et al v. American Home Assurance Company*
Case No. A03-0202-CV (JKS)

Page 10 of 10