FILE COPY



**AMERICAN HOME ASSURANCE COMPANY**

A CAPITAL STOCK COMPANY   FOUNDED 1853
70 PINE STREET, NEW YORK, NEW YORK 10270

THIS IS A CLAIMS MADE POLICY. PLEASE READ CAREFULLY.

SINGLE COMPANY OR COMPANY GROUP
REPRESENTATION INSURANCE AGENTS'
PROFESSIONAL LIABILITY POLICY

**AMERICAN HOME ASSURANCE COMPANY**
**EXECUTIVE OFFICES**
70 Pine Street, New York, New York 10270

(A Stock Company Herein Called the Company)

In consideration of the payment of the premium, and in reliance upon the statements made in the declarations made a part hereof, and subject to all of the terms of this policy, the Company agrees with the Insured named in the declarations as follows:

## INSURING AGREEMENTS

I. **COVERAGE.** To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of any claim or claims first made against the Insured and reported to the Company during the policy period arising out of:

(A) Any negligent act, error or omission in rendering or failing to render professional services for others in the Insured's capacity as an Insurance Agent for the Insurance Company or Companies named in the declarations made a part hereof, and caused by the Insured or any other person for whose acts, errors or omissions the Insured is legally responsible;

(B) Personal injury caused by an offense arising out of the rendering or failing to render professional services for others in the Insured's capacity as an Insurance Agent for the Insurance Company or Companies named in the declarations.

II. **DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS.** As respects such insurance as is afforded by the terms and conditions of this policy the Company shall:

(A) Defend in his name and behalf any claim or suit against the Insured alleging such act, error or omission, and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company shall have the right to make such investigation and negotiation or settlement of any claim or suit as may be deemed expedient by the Company; however, the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements, or other items included within the limits of liability;

(B) Pay all premiums on bonds to release attachments for an amount not in excess of the applicable limits of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without obligation to apply for or furnish such bonds, all costs taxed against the Insured in any such suit, all interest on the entire amount of any judgment accruing after entry of judgment until the Company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon;

(C) Reimburse the Insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request; and the amounts so incurred, except settlements of claims or suits, are payable by the Company in addition to the applicable limit of liability of this policy.

III. **POLICY PERIOD AND TERRITORY.** This policy applies to acts, errors or omissions occurring anywhere in the world provided suit is brought within the United States of America, its territories or possessions or Canada, prior to the end of the policy period or an extended reporting period purchased in accordance with Condition III.

A claim is first made during the policy period or extended reporting period, if during the policy period or extended reporting period the Insured shall have knowledge or become aware of any act, error or omission which could reasonably be expected to give rise to a claim under this policy and shall during the policy period or extended reporting period give written notice thereof in accordance with Condition VI.

If any claim is first made during a policy year alleging damages which are payable under this policy, any additional claims which are made, or suits or proceedings in connection therewith which are brought subsequently to that policy year for damages resulting from the same or related acts, errors or omissions, shall be considered part of the claim which was first made during that policy year.

EXHIBIT 4 PAGE 1

27883 (11/79)

IV. **DEFINITION OF INSURED.** The unqualified word "Insured" wherever used in this policy includes not only the Named Insured, but also any present or former partner, officer, director, stockholder or employee of the Insured while acting within the scope of their duties as such.

V. **POOLS AND ASSOCIATIONS.** The insurance afforded by this policy shall apply to acts, errors or omissions occurring while the Insured is:

(A) Acting as an agent of record for the Insurance Company or Companies named in the declarations, in connection with insurance effected in accordance with the provisions of any statutory plan, pool or similar facility;

(B) Participating with other insurance agents or brokers, while acting as an agent for the Insurance Company or Companies named in the declarations, under which two or more insurance agents or brokers share in the handling of the insurance business of any governmental body, providing such participation is with the permission of the Insurance Company or Companies named in the declarations.

## EXCLUSIONS

**THIS POLICY DOES NOT APPLY:**

(A) To any claim arising out of any dishonest, criminal, fraudulent or malicious act, error or omission of any Insured, partner or employee hereunder;

(B) To any claim arising directly out of bodily injury to, or sickness, or disease or death of any person, or injury to, or destruction of any tangible property, including the loss of use thereof;

(C) To personal injury arising out of a publication or utterance concerning any organization or business enterprise, or its products or services, made by or at the direction of any Insured with knowledge of the falsity thereof;

(D) For personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the Insured;

(E) To any claim based upon any violation of the Employee Retirement Income Security Act of 1974 or any amendments thereto; however, this exclusion shall only apply to the Insured's own pension plan, or any pension plan of any firm which any Insured owns or acts as a fiduciary as defined by the Employee Retirement Income Security Act of 1974;

(F) To any claim or suit arising out of business directly or indirectly written, placed or serviced by any Insured in or for any insurance company other than the insurance company or companies named in the declarations; however, this exclusion shall not apply to coverage provided under Insuring Agreement V;

(G) To any claim arising out of any act, error or omission occurring prior to the effective date of this policy if the Insured at the effective date knew or could have reasonably foreseen that such act, error or omission might be expected to be the basis of a claim or suit.

## CONDITIONS

I. **DEFINITIONS.**

(A) "Personal Injury" means injury or damage sustained by any person or organization caused by or arising out of one or more of the following offenses.

(i) false arrest, detention or imprisonment, or malicious prosecution;

(ii) the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy;

(iii) wrongful entry or eviction, or other invasion of the right of private occupancy.

(B) "Claims expenses" means (1) fees charged by (an) attorney(s) designated by the Company and (2) all other fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of any claim, suit or proceeding arising in connection therewith if incurred by the Company, or by the Insured with written consent of the Company; provided, however, that "claims expenses" does not include salary or expenses or regular employees or officials of the Company or fees and expenses of independent adjusters.

(C) "Policy period" means the period of time between the inception date shown in the declarations and the effective date of termination, expiration or cancellation of coverage and specifically excludes any extended reporting period hereunder.

(D) "Extended reporting period" means the period of time after the end of the policy period for reporting claims, suits or proceedings arising out of acts, errors or omissions occurring prior to the end of the policy period and otherwise covered by this policy.

(E) "Policy year" means each consecutive annual period of the policy.

II. **LIMITS OF LIABILITY.** Claims expenses, as well as amounts paid in settlement or satisfaction of claims, judgments or awards are subject to the applicable limits of liability. All claims expenses shall first be subtracted from the limit of liability, with the remainder, if any, being the amount available to pay damages.

The limit of liability stated in the declarations as applicable to "each claim" is the limit of the Company's liability for all damages and claims expenses arising out of the same or related professional services without regard to the number of claims, demands, suits or proceedings or claimants, and applies separately to each individual agent. If additional claims are subsequently made

EXHIBIT 4 PAGE 2

which arise out of the same or related professional services as claims already made, all such claims, whenever made, shall be considered first made within the policy year or extended reporting period in which the earliest claim arising out of such was first made, and all such claims shall be subject to the same limit of liability.

The limit of liability stated in the declarations as applicable to "each claim" at the time the policy is terminated is the limit of the Company's liability for all claims arising out of the same or related professional services which are first made during the extended reporting period.

The limit of liability stated in the declarations as "aggregate" is, subject to the above provisions respecting "all claims arising out of the same or related professional services," the limit of the Company's liability for all damages and claims expenses arising out of claims first made during each policy year or during the extended reporting period. The aggregate applies separately to each individual agent.

**DEDUCTIBLE.** It is agreed that in the event of a claim, the deductible amount shown in the declarations shall be deducted from the total amount resulting from each claim and the Company shall be liable only for the difference between such deductible amount and the amount of insurance otherwise available under this policy for each claim. Such deductible amount shall not apply to the coverage provided under Insuring Agreement II.

**REIMBURSEMENT OF THE COMPANY.** If the Company has paid any amounts in settlement or satisfaction of claims or judgments or for claims expenses in excess of the applicable limit of liability, or within the amount of the applicable deductible, the Insured shall be liable to the Company for any and all such amounts and upon demand shall pay such amounts to the Company.

III. **EXTENDED REPORTING ENDORSEMENT.** In case of termination or non-renewal of the Named Insured's agency contract with the insurance company or companies named in the declarations, this policy shall terminate at 12:01 A.M. standard time at the address of the Named Insured shown in this policy on the day next following the day the Named Insured ceases to have an agency contract in force with the Insurance Company or Companies named in the declarations. The Named Insured shall then be entitled to a free five year extended reporting period covering claims first reported during the extended reporting period on acts, errors or omissions occurring prior to the end of the policy period and otherwise covered by this policy.

IV. **ARBITRATION.** The Company shall be entitled to exercise all the Insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding involving a claim covered by this policy.

V. **OTHER INSURANCE.** If the Insured has other valid and collectible insurance against a loss covered by this policy, the Company shall not be liable under this policy for a greater proportion of such loss and claims expenses than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, with respect to acts, errors or omissions which occur prior to the inception date of the policy, the insurance hereunder shall apply only as excess insurance over any other valid and collectible insurance and shall then apply only for the amount by which the applicable limits of liability of this policy exceed the sum of the applicable limit of liability of all such other insurance. In the event that this policy is treated as excess insurance, any claims expenses allocated to it shall be included in the limit of liability.

VI. **NOTICE OF CLAIM OR SUIT.** Upon the Insured becoming aware of any act, error or omission which could reasonably be expected to be the basis of a claim or suit covered hereby, written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable, together with the fullest information obtainable. If claim is made or suit is brought, the Insured must immediately forward to the Company every demand, notice, summons or other process received by him or his representative. If during the policy period or the extended reporting period, the Company shall be given written notice of any act, error or omission which could reasonably be expected to give rise to a claim against the Insured under this policy, any claim which subsequently arises out of such act or omission shall be considered to be a claim reported during the policy year or extended reporting period in which the written notice was first received.

VII. **ASSISTANCE AND COOPERATION OF THE INSURED.** The Insured must cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits, and in enforcing any right of contribution or indemnity against any person or organization other than an employee of any Insured who may be liable to the Insured because of any acts, errors or omissions with respect to which the insurance is afforded under this policy; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense.

VIII. **ACTION AGAINST THE COMPANY.** No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, and until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the Company as a party in any action against the Insured to determine the Insured's liability, nor shall the Company be impleaded by the Insured or his legal representative. Bankruptcy or insolvency of the Insured or the Insured's estate shall not relieve the Company of any of its obligation hereunder.

IX. **SUBROGATION.** In the event of any payment under this policy, the Company shall be subrogated to all the Insured's rights of recovery for such loss against any person or organization other than an employee of the Insured, and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

EXHIBIT 4 PAGE 3

X. **CHANGES.** Notice to any agent of the Company or knowledge possessed by any agent of the Company or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized agent of the Company.

XI. **ASSIGNMENT.** The interest hereunder of any Insured is not assignable. If the Insured shall die or be adjudged incompetent, this policy shall cover the Insured's legal representative as the Insured only with respect to liability previously incurred and covered by this policy.

XII. **CANCELLATION.** This policy may be cancelled by the Named Insured by surrender thereof to the Company, or by mailing to the Company or any of its authorized agents, written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the Company by mailing a written notice of cancellation to the Named Insured at the address shown in this policy stating when, not less than thirty (30) days thereafter, such cancellation shall be effective; however, if the Company cancels the policy because the Named Insured has failed to pay a premium when due, this policy may be cancelled by the Company by mailing a written notice of cancellation to the Named Insured at the address shown in this policy stating when, not less than ten (10) days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice by the Named Insured or the Company shall be equivalent to mailing.

If the Named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment may be made as soon as practicable after cancellation becomes effective. Payment or tender of unearned premium is not a condition of cancellation.

XIII. **AUDIT.** The Company may, but is not obligated to, examine and audit the Insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they are related to the subject matter of this insurance.

XIV. **ENTIRE CONTRACT.** By acceptance of this policy the Named Insured agrees that the statements in the application are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.

IN WITNESS WHEREOF, the Company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the Company.

*[signature]*
SECRETARY

*[signature]*
PRESIDENT

### AMENDATORY ENDORSEMENT

In consideration of the premium charged, it is hereby understood and agreed that Insuring Agreements I "Coverage" is deleted in its entirety and replaced with the following:

I. **COVERAGE.** To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of any claim or claims first made against the Insured and reported to the Company during the policy period arising out of:

(A) Any negligent act, error or omission in rendering or failing to render professional services for others in the Insured's capacity as an Insurance Agent for the Insurance Company or Companies named in the Declarations made a part hereof or as a Notary Public, and caused by the Insured or any other person for whose acts, errors or omissions the Insured is legally responsible;

(B) Personal injury caused by an offense arising out of the rendering or failing to render professional services for others in the Insured's capacity as an Insurance Agent for the Insurance Company or Companies named in the Declarations.

It is further understood and agreed that the following exculsion is added to the policy:

This policy does not apply to any claim arising out of notarized certification or acknowledgement of a signature without the physical appearance at the time of said notarization before such notary public who is an Insured hereunder of the person who is or claims to be the person signing.

All other terms, conditions and exclusion remain the same.

EXHIBIT 4 PAGE 4

**AMERICAN HOME ASSURANCE COMPANY**

A CAPITAL STOCK COMPANY    FOUNDED 1853
70 PINE STREET, NEW YORK, NEW YORK 10270

THIS IS A CLAIMS MADE POLICY. PLEASE READ CAREFULLY.

SINGLE COMPANY OR COMPANY GROUP REPRESENTATION INSURANCE AGENTS' PROFESSIONAL LIABILITY POLICY

11    1L

AHAC#: 1887133    **POLICY NUMBER**

DECLARATIONS

| | |
|---|---|
| ITEM 1. NAME INSURED and ADDRESS<br>CONRAD J. WOROTHY | 02-15-6076<br><br>NWRO   AK |
| ITEM 2. Name of Insurance Company, or Group of Insurance Companies under common financial control, represented:<br>STATE FARM INSURANCE COMPANIES | |
| ITEM 3. Policy Period From  JAN 01 1994  To  JAN 01 1995  subject to the provisions of Insuring Agreement III<br>(12:01 A.M. STANDARD TIME AT THE ADDRESS IN ITEM 1.) | |
| ITEM 4. Limit of Liability  $ $1,000,000 Each Claim<br>              $ $3,000,000 Annual Aggregate<br>314        $     $500 Deductible Amount | |
| ITEM 5. Policy Premium  $  $339.00<br>        Payable     ANNUALLY | |
| COUNTERSIGNED BY:  NOT REQUIRED | DATE  01-01-94  AK |

021494

NOTICE: THE LIMIT(S) OF LIABILITY AVAILABLE TO PAY JUDGEMENTS OR SETTLEMENTS SHALL BE REDUCED BY AMOUNTS INCURRED FOR LEGAL DEFENSE.


EXHIBIT 4 PAGE 5

27882 (11/79)