*Alaska Stat. § 21.36.125*

ALASKA STATUTES
2006 by The State of Alaska
and Matthew Bender &
Company, Inc.
a member of the LexisNexis
Group.
All Rights Reserved.

\*\*\* CURRENT THRU ALL 2005 LEGISLATION \*\*\*
\*\*\* ANNOTATIONS CURRENT THRU OPINIONS DECIDED \*\*\*
\*\*\* AS OF FEBRUARY 1, 2006 \*\*\*

TITLE 21. INSURANCE
CHAPTER 36. TRADE PRACTICES AND FRAUDS

Alaska Stat. § 21.36.125 (2006)

Sec. 21.36.125. Unfair claim settlement practices

   (a) A person may not commit any of the following acts or practices:

   (1) misrepresent facts or policy provisions relating to coverage of an insurance policy;

   (2) fail to acknowledge and act promptly upon communications regarding a claim arising under an insurance policy;

   (3) fail to adopt and implement reasonable standards for prompt investigation of claims;

   (4) refuse to pay a claim without a reasonable investigation of all of the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement;

   (5) fail to affirm or deny coverage of claims within a reasonable time of the completion of proof-of-loss statements;

   (6) fail to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear;

   (7) engage in a pattern or practice of compelling insureds to litigate for recovery of amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by those insureds;

   (8) compel an insured or third-party claimant in a case in which liability is clear to litigate for recovery of an amount due under an insurance policy by

EXHIBIT 12 PAGE 1

1

offering an amount that does not have an objectively reasonable basis in law and fact and that has not been documented in the insurer's file;

   (9) attempt to make an unreasonably low settlement by reference to printed advertising matter accompanying or included in an application;

   (10) attempt to settle a claim on the basis of an application that has been altered without the consent of the insured;

   (11) make a claims payment without including a statement of the coverage under which the payment is made;

   (12) make known to an insured or third-party claimant a policy of appealing from an arbitration award in favor of an insured or third-party claimant for the purpose of compelling the insured or third-party claimant to accept a settlement or compromise less than the amount awarded in arbitration;

   (13) delay investigation or payment of claims by requiring submission of unnecessary or substantially repetitive claims reports and proof-of-loss forms;

   (14) fail to promptly settle claims under one portion of a policy for the purpose of influencing settlements under other portions of the policy;

   (15) fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; or

   (16) offer a form of settlement or pay a judgment in any manner prohibited by AS 21.89.030;

   (17) violate a provision contained in AS 21.07.

(b) The provisions of this section do not create or imply a private cause of action for a violation of this section.

EXHIBIT 12 PAGE 2

## 03 AAC 26.040. Required Claim Communication

(a) Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a first-party claim must:

(1) within 10 working days after receipt of notification of a claim, give written acknowledgement to the first-party claimant identifying the person handling the claim, including the person's name, address, telephone number, the firm name, and the file number; payment of the claim within 10 working days after notification is satisfactory acknowledgement; provision of necessary claim forms, written instructions, and assistance as required in (3) of this subsection is satisfactory acknowledgement; notification of a claim to an agent constitutes notification to the principal;

(2) within 15 working days after receipt, make an appropriate reply to all other communications from a first-party claimant which reasonably indicates that a response is expected; receipt of a communication by an agent constitutes receipt by the principal;

(3) upon receipt of notification of a claim, promptly provide necessary claim forms, instructions, and assistance so that the first-party claimant is able to comply with legal, policy, or contract provisions and other reasonable requirements.

(b) Any person transacting a business of insurance who participates in the investigations, adjustment, negotiation, or settlement of a third-party claim must:

(1) within 10 working days after notification of the claim from a third-party claimant, give written acknowledgement to the third-party claimant, identifying the person handling the claim, including the person's name, address, phone number, the firm name, and the file number; payment of the claim within 10 working days



EXHIBIT 12 PAGE 3

after notification is satisfactory acknowledgement; provision of necessary claim forms, written instructions, and assistance as required in (3) of this subsection is satisfactory acknowledgement; notification of a claim to an agent constitutes notification to the principal;

**(2)** within 15 working days after receipt, make an appropriate reply to all other communications from a third-party claimant which reasonably indicates that a response is expected; receipt of a communication by an agent constitutes receipt by the principal;

**(3)** upon receipt of notification of a claim from a third-party, promptly provide necessary claim forms, instructions and assistance that is reasonable so that the third-party claimant is able to comply with any reasonable requirement;

**(4)** within 10 working days after notification of a claim received from or on behalf of an insured, give written acknowledgement to the insured, identifying the person handling the claim, including the person's name, mailing address, telephone number, the firm name, and the file number; notification of a claim to an agent constitutes notification to the principal.

**(c)** If notification of a claim is received in the form of a suit, a demand for arbitration, application for adjudication, or other pleading, any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a claim shall comply with the rules of that particular forum rather than this section only so long as the claim is pending in that forum.

Authority:
    AS 21.06.090
    AS 21.36.125
    AS 21.36.350

EXHIBIT 12 PAGE 4

## 03 AAC 26.070. Standards For Prompt, Fair, and Equitable Settlements

(a) Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a first-party claim:

(1) shall advise a first-party claimant in writing of the acceptance or denial of the claim within 15 working days after receipt of a properly executed statement of claim, proof of loss, or other acceptable evidence of loss unless another time limit is specified in the insurance policy, insurance contract, or other coverage document; payment of the claim within this time limit constitutes written acceptance; a written denial of the claim must state the specific provisions, conditions, exclusions, and facts upon which the denial is based; if additional time is needed to determine whether the claim should be accepted or denied, written notification giving the reasons that more time is needed shall be given to the first-party claimant within the deadline. While the investigation remains incomplete, additional written notification shall be provided 45 working days from the initial notification, and no more than every 45 working days thereafter giving the reasons that additional time is necessary to complete the investigation; if there is a reasonable basis supported by specific information for suspecting that a first-party claimant has fraudulently caused or wrongfully contributed to the loss, and the basis is documented in the claim file, this reason need not be included in the written request for additional time to complete the investigation or the written denial; however, within a reasonable time for completion of the investigation and after receipt of a properly executed statement of claim, proof of loss, or other acceptable evidence of loss, the first-party claimant shall be advised in writing of the acceptance or denial of the claim;

EXHIBIT 12 PAGE 5

(2) shall, within 30 working days after receipt of a properly executed statement of claim, proof of loss, or other acceptable evidence of loss, pay those portions of the claim not in dispute;

(3) may not fail to settle first-party claims on the basis that responsibility for payment must be assumed by others, except as may be expressly provided by provisions of the insurance policy, insurance contract, or other coverage document.

(b) A person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a third-party claim may not make any statement that indicates that the rights of a third-party claimant may be impaired if a form, compromise, release, or similar document is not completed within a given period of time, unless the statement is given for the purpose of notifying the third-party claimant of an applicable statute of limitation.

(c) Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a claim may not continue negotiations for settlement of the claim directly with any claimant who is neither an attorney nor represented by an attorney to a time when the claimant's rights might be affected by a statute of limitation, coverage provision, or other time limit, unless written notice is given to the claimant clearly stating the time limit that might be expiring and its effect upon the claim; such a written notice shall be given at least 60 calendar days before the date on which the time limit might expire.

(d) Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a claim shall pay a judgment or settlement of the claim (including advances, partial settlements, or similar payments) with a negotiable check payable in cash to the payee upon


EXHIBIT 12 PAGE 6

presentation to a bank located in Alaska. If the check is not drawn upon a bank having a physical location in Alaska, it must be payable in cash upon presentation to at least one bank having a physical location in Alaska.

**Authority:**
    AS 21.06.090
    AS 21.36.125
    AS 21.36.350
    AS 21.89.030

EXHIBIT 12 PAGE 7