Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TJ IVEY, RENEE M. CROUSE, BRIAN J. CROUSE, and JESSICA LYNN SKEEN,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>Defendant. | Case No. 3:03-cv-0202-TMB |

**PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. 37**

Plaintiffs move, pursuant to Federal Rule of Civil Procedure 37, for an order compelling defendant American Home Assurance Company (hereinafter "AHAC") to answer plaintiffs' discovery requests, wherein the defendant flagrantly violated the rules of discovery in refusing to answer Requests 1-8 of plaintiffs' Fourth Discovery Requests before the court filed the Order granting summary judgment, and to vacate this court's Order regarding summary judgment, and Judgment as to same.  The information was wrongfully withheld (see Exhibits 10

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

and 11 to plaintiffs' "Motion by Plaintiffs for Rule 59 Relief," and is relevant to the issues decided by the court, and should be compelled, produced, and considered.[1]

For example, plaintiffs' Fourth Discovery Requests, Request for Production No. 2, asked:

> Please produce any and all documents, defining professional services for purpose of underwriting and/or claims from 1994 to present.

The response stated:

> [I]t is neither relevant nor reasonably calculated to lead to discovery of admissible evidence in that insurance documents defining "professional services" do not control a court's interpretation of that term."

See Exhibit 10, pp. 3-4; emphasis added.

The response is ridiculous and contrary to the rules of discovery. How the insurance company interprets its own policies, and terms are relevant and factors for the court to consider under Alaska law. It appears that the defendant was withholding relevant information in the hopes of getting summary judgment. Similarly, defendant has refused to provide documents regarding exclusions for criminal or malicious acts. Defendant refused to answer Requests 1-8.

The non-response was mailed on May 18, 2006 to plaintiffs. The court's Order is dated May 19, 2006. The litigation process requires good faith compliance with the rules. The non-response to all of the plaintiffs' Fourth Discovery Requests is in violation of Fed. R. Civ. Proc. 34 and 37 and general Alaska and federal law. Litigants must pay a penalty for the disregard of the rules. What is the defendant hiding? Plaintiffs respectfully request that the

---

[1] The defendant also belatedly answered four months late plaintiffs' third discovery requests, which dealt with the issue of notice/mail handling/routing, after refusing to answer any of these requests in defendant's "response" and first "supplementation." While not directly on point as to the issues for summary judgment, the court did make references to this issue where, in the "second" supplemental discovery response (in reality the first and only), the defendant revealed information which shows there would be no prejudice to defendant receiving the tender claim from the alleged improper tender. See Exhibits 10, 11 and 13 herewith.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

court invoke its equitable power to vacate the summary judgment and judgment as a sanction for such flagrant bad faith non-compliance, and order plaintiffs' discovery be answered.

Federal Rule of Civil Procedure 26(b)(1) states:

(b) Discovery Scope and Limits.

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1) In General.**
<u>Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party</u>, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. <u>For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence</u>. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii). [Emphasis added.]

Wright, Miller & Marcus, <u>Federal Practice and Procedure Civil 2d</u>, § 2007 (1994) at p. 94 notes the wide scope of discovery allowed under Federal Rule of Civil Procedure 26(b), stating Rule 26(b) "apparently envisions generally unrestrictive access to sources of information, and the courts have so interpreted it" citing <u>Horizons Titanium Corp. v. Norton Co.</u>, 290 F.2d 421, 425 (1st Cir. 1967).

Clearly, plaintiffs' discovery requests are relevant to the case between plaintiffs and defendant. The term "relevant" is not defined by the federal rules, but has been given a very broad meaning. <u>Behnia v. Shapiro</u>, 176 F.R.D. 277, 280 (N.D. Ill. 1997). Courts have defined "relevant" to mean "any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case." <u>Oil, Chemical & Atomic Workers Local Union v. N.L.R.B</u>, F.2d 348, 360 (D.C. Cir. 1983).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Defendant is under an obligation either to answer the discovery completely or provide sufficient detail so that the plaintiffs can identify which individual documents contain the information requested. Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp., 711 F.2d 902 (9th Cir. 1983); In Re: G.I. Holdings, Inc. 218 F.R.D. 428, 438 (D. H.J. 2003) (the responding party has a duty to specify by category and location the records from which it knows the answers to the discovery can be found).

In Bratka v. Anheuser-Busch Co., 164 F.R.D. 448 (S.D. Ohio 1995), the court noted that if litigants are to have any faith in the discovery process, litigants must know parties cannot fail to produce, cannot fail to disclose, cannot fail to comply with discovery requests for relevant information with impunity. "Parties cannot be permitted to jeopardize the integrity of discovery process by engaging in halfhearted ineffective efforts to identify and produce relevant documents."

The predominant purpose of Rule 37 is to punish non-compliance with discovery and pretrial orders. Resolution Trust Corporation v. Wilson M. Williams, et al., 165 F.R.D. 639 (D.C. KN. 1996). A direct order is not needed under Rule 37(a) or (b) for the court to issue sanctions under subsection (d) for willful failure to comply. Alexander v. FBI, 186 F.R.D. 200 (D.C. Dist. Court). The rule is sufficient to impose sanctions where the attorney advises and/or oversees the discovery responses. DeVaney v. Continental AM. Inc. Co., 989 F.2d 1154 (11th Cir. 1993). Furthermore, belated compliance with discovery by a party does not preclude appropriate sanctions for non-compliance. Payne v. Exxon Corporation, 121 F.3d 503 (9th Cir. 1997).

## CONCLUSION

Accordingly, plaintiffs respectfully request that the instant motion be granted.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

RESPECTFULLY SUBMITTED this 5th day of June, 2006.

        WEIDNER & ASSOCIATES, INC.
        Attorneys for Plaintiffs

        s/ Phillip Paul Weidner
        WEIDNER & ASSOCIATES, INC.
        330 L Street, Suite 200
        Anchorage, AK  99501
        Phone (907) 276-1200
        Fax (907) 278-6571
        E-mail: jgreene@weidner-justice.com
        ABA 7305032

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2006, a copy of the foregoing **Plaintiffs' Motion for Relief Under Fed. R. Civ. Proc. 37** was served electronically on:  Andrew Guidi.

s/ Phillip Paul Weidner