Andrew Guidi
DELANEY WILES, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
  (907) 279-3581
  (907) 277-1331 fax
*Attorneys for Defendant*
*AMERICAN HOME ASSURANCE COMPANY*

RECEIVED
MAY 19 2006
WEINER & ASSOCIATES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

TJ IVEY, RENEE M. CROUSE, )
BRIAN J. CROUSE, and )
JESSICA LYNN SKEEN, )
)
)
)
      Plaintiffs, )
)
  vs. )
)
AMERICAN HOME ASSURANCE )
COMPANY, )
)
)
      Defendant. )
_____ ) Case No. A03-0202-CV (TMB)

**AMERICAN HOME ASSURANCE COMPANY'S SECOND SUPPLEMENTAL**
**DISCOVERY RESPONSE TO PLAINTIFFS' THIRD DISCOVERY REQUESTS**

Pursuant to Federal Rule of Civil Procedure 26(e), Defendant AMERICAN HOME ASSURANCE COMPANY (hereafter "AMERICAN HOME"), hereby supplements its January 25 and March 28, 2006, responses to Plaintiffs' Third Set of Discovery Requests, dated December 1, 2005. American Home incorporates by reference its previous objections.

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

EXHIBIT 11 PAGE 1

Subject to and without waiving any of the previous objections, American Home supplements its response to Ivey's Discovery Requests as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please explain the process by which a letter from an insured or insured's counsel requesting defense was handled at the time of the letter from Conrad Worthy's counsel, Chris Schleuss, (see Exhibit A). Included in this request are (a) where such a letter is received (a mailroom or receiving area); (b) who (or which personnel) would first receive the mail; (c) whether the envelope or contents are stamped or initialed or written on; (d) what is written/stamped on a received envelope/contents upon arrival and upon opening; (e) the process by which the letter is identified and it is determined where the letter is to be forwarded; (f) whether there is a ledger or other document by which the incoming mail is logged in, and/or where it is to be transferred to; (g) does anyone else get a copy and if so, who; (h) to which division/person (claims, adjusters, risk management, legal, etc.) would the letter and/or envelope be forwarded; (i) what steps are undertaken to record the letter/envelope as received and logged in; (j) whether the information is stored on

,NEY WILES, INC.
SUITE 400
WEST 3RD AVENUE
HORAGE, ALASKA
)07) 279-3581

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 2 of 10

EXHIBIT 11 PAGE 2

computer; (k) whether the letter is forwarded to different departments (claims, adjusters, risk management, legal); (l) whether it is calendared and by what means; (m) identify the specific person or department that would have received the Schleuss letter if it had been received by American Home and their job responsibilities at the time and their present job responsibilities, or if no longer with Defendant, last known address and telephone number.

RESPONSE: It is important to note that plaintiffs do not assert that the so-called tender letter was sent via certified mail, registered mail, or any other method which would require a signature upon delivery. Had it been sent via such a method, then American Home would be in position to track the handling of the alleged tender letter. It also is important to note that plaintiffs have not asserted that either Conrad Worthy or his counsel, Christine Schleuss, who allegedly tendered the so-called notice letter, contacted American Home to determine whether it had been received. In fact, plaintiffs have not asserted that Worthy or Schleuss followed up regarding the so-called tender letter in any way. If someone had contacted American Home, he would have learned that American Home had no record of having received the subject letter.

ANEY WILES, INC.
SUITE 400
WEST 3RD AVENUE
HORAGE, ALASKA
907) 279-3581

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 3 of 10

EXHIBIT 11 PAGE 3

In addition and without waiving the previously stated objections (especially that answering this interrogatory requires extreme speculation), upon information and belief, and in a good faith effort to attempt to respond to plaintiffs' interrogatories, it is believed that a letter not addressed to an individual person (such as the so-called tender letter), received in September 1998, would have been designated as "Unidentified Mail" because it would have been necessary for mail room personnel at 70 Pine Street to open the envelope to determine what the letter involved and to whom it should be forwarded. Accordingly, under the procedures then in place, an envelope addressed as the so-called tender letter would have been opened and its contents reviewed. A letter regarding notice of a claim would have been forwarded to either the Home Office Primary Casualty Claims Department (which was headed up by Ms. Francine Deluca at the time) or to the Claims Administration Department (which was headed up by Ms. Annette Manzi at the time).

An individual in the Home Office Primary Casualty Claims Department named Joan Stokes (deceased) was responsible in 1998 for routing mail received by that department. During or near the relevant time period, a Claims Routing Reference Guide was

ANEY WILES, INC.
SUITE 400
WEST 3RD AVENUE
HORAGE, ALASKA
907) 279-3581

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 4 of 10

EXHIBIT 11 PAGE 4

in place which was the principal tool used throughout Claims to route items to the proper handling location. Here, the Agents of State Farm Insurance program, a Division 36 matter, would have been handled out of the Financial Institutions Mainstream Claims group. It is not known whether Ms. Stokes consulted the Claims Routing Reference Guide. If Ms. Stokes had, she should have forwarded such a letter to Mr. Robert Amendola, who would have given it to the person who headed up the Financial Institutions Mainstream Claims group at the time. In or about September 1998, Mr. Michael Fried was the Assistant Vice President of Financial Institutions National Accounts Mainstream. Mr. Fried's group handled claims under the Agents of State Farm program. Mr. Fried's practice and procedure was to give all notice letters of claims relating to the Agents of State Farm program to Mr. Michael White, who was a Financial Institutions National Accounts Mainstream Director at the time. A claim file would be created and Mr. White would assign the matter to a claim analyst for handling.

If Ms. Stokes did not consult the Claims Routing Reference Guide but nevertheless determined that a letter involved a professional liability insurance claim, then she may have forwarded it to Mr. Henry Williams, who should have forwarded it

LANEY WILES, INC.
SUITE 400
07 WEST 3RD AVENUE
ICHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 5 of 10

EXHIBIT 11 PAGE 5

to the Financial Institutions Mainstream Claims group for handling.

The Claims Administration Department similarly would have forwarded any documents relating to a professional liability policy to Mr. Henry Williams or to Mr. Eugene Boyland, who handled health care professional liability claims at the time. Because Mr. Boyland handled only claims regarding health care professional liability, it is unlikely that it would have been forwarded to him. If he had received such a letter, he would have forwarded it to Mr. Williams.

In conclusion, a letter such as the so-called tender letter, received in or around September 1998, ultimately should have been forwarded to the Financial Institutions National Accounts Mainstream Claims group, and a claim file should have been created for that matter. A search of the claim file system for the period of 1994 through 2000 did not reveal a claim being set up in connection with the underlying matter.

**INTERROGATORY NO. 4:** Please identify all members of the mailroom, or other sections of American home which would normally receive a letter such as the Schleuss letter at the time of the Schleuss letter, job title/responsibilities at the

ANEY WILES, INC.
SUITE 400
7 WEST 3RD AVENUE
;HORAGE, ALASKA
907) 279-3581

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 6 of 10

EXHIBIT 11 PAGE 6

time of the Schleuss letter and at present; and if no longer employed by American Home, last known address and telephone number.

**RESPONSE:** Without waiving its previously stated objections, and upon information and belief, a letter not addressed to an individual person (such as the so-called tender letter), received in or around September 1998, would have been forwarded as described in the response to Interrogatory No. 1.

**INTERROGATORY NO. 5:** Please identify each and every person at American Home who would be expected to see the Schleuss letter if received, review the Schleuss letter if received, prepare electronic messages, memoranda, return correspondence re the Schleuss letter, review the insurance policy in issue, or other documents re the Schleuss letter, the job title/responsibilities at the time of the Schleuss letter, the job title/responsibilities at present, and if no longer employed by American Home, last known address and telephone number.

**RESPONSE:** Without waiving its previously stated objections, American Home answers: See Answer to Interrogatory No. 4.

ANEY WILES, INC.
SUITE 400
7 WEST 3RD AVENUE
;HORAGE, ALASKA
907) 279-3581

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 7 of 10

EXHIBIT 11 PAGE 7

INTERROGATORY NO. 6: Please identify the person or persons with the most knowledge concerning the receipt/transfer/flow of mail at American Home at the time of the Schleuss letter.

RESPONSE: Without waiving its previously stated objections, American Home answers that the person with the most knowledge concerning the receipt, transfer and flow of mail at the 70 Pine Street location in or about September 1998 is Mr. Gene Mercadante, Director of Corporate Mail/ Print Services.

REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 2: Please produce any manuals, policies, procedures, documents regarding receipt of mail by American Home and the transference of mail to the appropriate department/division/individual at the time of the Schleuss letter.

RESPONSE: Without waiving their previously stated objections, and upon information and belief, the "Mail Center Operations Guide" states the general procedures in place in 1998 for mail-handling. In addition, a "Claims Routing Reference Guide" was a tool used in claims in or around 1998 for routing

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 8 of 10

EXHIBIT 11 PAGE 8

documents. A 2000 version of that guide is the earliest version of it that American Home has been able to locate herein. While it is unknown how this version of the guide varies from the version in place in September 1998, in a good faith effort to respond to plaintiffs' discovery requests, it is being produced. A redacted copy of the Mail Center Operations Guide and a copy of the Claims Routing Reference Guide is attached, Bates-numbered 200001-200003 and 200004-200046, respectively.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all documents responsive to Interrogatory No. 1.

**RESPONSE:** Without waiving its previously stated objections, American Home answers: See Answer to Request for Production No. 2.

DATED at Anchorage, Alaska this 18th day of May, 2006.

DELANEY WILES, INC.
*Attorneys for Defendant*
*AMERICAN HOME ASSURANCE COMPANY*

_____
Andrew Guidi
Alaska Bar No.: 8312171

DELANEY WILES, INC.
SUITE 400
17 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 9 of 10

EXHIBIT 11 PAGE 9

CERTIFICATE OF SERVICE:
This certifies that I am an authorized agent of Delaney Wiles, Inc., for service of papers pursuant to Civil Rule 5, and that on the 18th day of May, 2006, I caused a true and correct copy of the foregoing to be **MAILED F/C MAIL** to the following:

Phillip Paul Weidner
and Michael Cohn
WEIDNER & ASSOCIATES, INC.
330 L. Street, Suite 200
Anchorage, Alaska  99501

*[signature]*
Donna K. Daniels/116159

ANEY WILES, INC.
SUITE 400
7 WEST 3RD AVENUE
;HORAGE, ALASKA
907) 279-3581

AMERICAN HOME ASSURANCE COMPANY'S SECOND
SUPPLEMENTAL DISCOVERY RESPONSE TO PLAINTIFFS'
THIRD DISCOVERY REQUESTS
Ivey, et al. v. American Home Assurance Co./Case A03-0202CV (TMB)

Page 10 of 10

EXHIBIT 11 PAGE 10