Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TJ IVEY, RENEE M. CROUSE, BRIAN J. CROUSE, and JESSICA LYNN SKEEN,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No. 3:03-cv-0202-TMB |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM SUPPORTING FRCP 59 MOTION**

The court, in a Minute Order dated June 5, 2006, requested that the plaintiffs submit a three page supplemental pleading in support of the FRCP 59(a) motion.

FRCP 59(a) is properly used to correct error of law or fact or to present newly discovered evidence. St. Clair v. Papal, 611 F. Supp. 911 (E.D. Wis 1985). A court should not hesitate to grant a FRCP 59 motion in the interest of justice. Virginian R. Co. v. Armentieut 166 F.2d 400 (4th Cir. 1948), Davidson v. Dixon, 386 F.Supp 482 (D.C. Del 1974)\aff w/o op 529 F.2d 511 (3rd Cir 1975) from p. 2-3.[1]

---

[1] The plaintiffs request that the Court consider the case law under FRCP 59(a) and/or 59(e). Where a case is decided on the pleadings, FRCP 59(e) is often invoked. Schmude v. Shechan, 318 F.Supp. 2d 606 (N.D. Ill 2004). FRCP 59(e) is a proper mechanism to correct erroneous judgment; "any motion which enables trial judge to reconsider validity of judgment and to vacate or alter as he sees fit is valid." Clipper Express v.. Rocky Mountain Motor Tariff Bureau, Inc., 674 F.2d 1252 (9th Cir. 1982). It is an appropriate mechanism to correct errors of law or fact and avoid unnecessary appellate review. Norman v. Arkansas Dept of Education, 79 F.3d 748 (8th Cir. 1996); Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396 (4th Cir 1998).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

The May 19, 2006 Court Order erroneously failed to consider Judge Reese's verdict and judgment, and that it was an actual verdict via court findings by a preponderance of the evidence that there was negligence as to Worthy's acts in his efforts to hire Ms. Skeen, which established a clear covered nexus to Worthy's business activities as to providing professional services.

The court cites to certain coverage language in the policy at p. 5 of its Order. Significantly, the relevant consideration is the fact that the company has promised to pay/indemnify "because of any claim or claims . . . <u>arising out of</u>: [a]ny negligent act, error or omission in rendering or failing to render professional services for others in the insurer's capacity as an insurance agent . . . and caused by the insured or any person for acts, errors or omissions the insured is legally responsible." AHAC policy at 1 (emphasis added). To wit, claims arising out of acts with a business nexus, i.e., acts with a nexus as to a business of providing professional services (i.e., insurance).

Accordingly, as long, as there is here, an allegation in the complaint as to any tortuous acts by the named insured or an agent (which certainly includes Mr. Worthy), as to <u>any claims arising out</u> of his negligent act, error or omission as to rendering or failing to render professional services (to wit, as to acts with a nexus to his <u>business</u> of doing so), there is coverage. That test, as shown by the complaint, evidence and Judge Reese's findings, is met here.

The Court erroneously interpreted plaintiffs' underlying complaint against Worthy and failed to note many allegations of negligent conduct and the allegation of an intimate connection (nexus) to Worthy's business and his attempts to induce Ms. Skeen to work for him, again in turn to assist his business operations to provide professional services to his insurance clients.

The Court also erroneously found there can be no estoppel, because Worthy did not follow up on the failure of American Home to respond. This is a reversal of the responsibility

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

under Alaska law for the insurer to respond to a tender letter. It is an issue of fact as to receipt. If there is receipt by American Home, the responsibility is that of American Home. Second, the Court erroneously relies on Exhibit F to American Home's Motion for Summary judgment to claim that Worthy improperly tendered the claim and thus, estoppel would not be available. Exhibit F is <u>not</u> shown to be part of American Home's policy and pursuant to the policy, the tender <u>was sent</u> to the <u>right</u> address. Finally, the Court erroneously contends there can be no prejudice because Worthy was defended under another policy, ignoring the possibility of greater coverage. overlapping coverage, potentially greater protection and effect on litigation strategy.

The defendant has failed to answer proper discovery requests. While the plaintiffs did not seek a Rule 56(f) continuance, the Court also did not stay discovery. The court, on a motion for new trial on the ground of newly discovered evidence, can allow reopening of a case for reception of such evidence. <u>U.S. v. Colangelo</u>, 27 F.Supp 921 (D.C. N.Y. 1939). <u>Milwee v. Peachtree Cypress Inv. Co.</u>, 510 F.Supp 284 aff w/o op 644 F.2d 855 (6th Cir. 1981). Defendant should be compelled to produce the evidence it has wrongfully concealed for consideration by the court, where as the defendant falsely claims its own documents, interpretations, manuals, practices, procedures, etc. are not discoverable because this evidence is not "controlling" as to the Court's ruling.

RESPECTFULLY SUBMITTED this 9th day of June, 2006.

    WEIDNER & ASSOCIATES, INC.
    Attorneys for Plaintiffs
    s/ Phillip Paul Weidner
    330 L Street, Suite 200
    Anchorage, AK  99501
    Phone (907) 276-1200
    Fax (907) 278-6571
    E-mail: jgreene@weidner-justice.com
    ABA 7305032

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2006, a copy of the foregoing **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM SUPPORTING FRCP 59 MOTION** was served electronically on: Andrew Guidi.

s/ Phillip Paul Weidner

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571