Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TJ IVEY, RENEE M. CROUSE, BRIAN J. CROUSE, and JESSICA LYNN SKEEN,  )<br>)<br>Plaintiffs,                                  )<br>)<br>vs.                                             )<br>)<br>AMERICAN HOME ASSURANCE COMPANY,                             )<br>)<br>Defendant.                                )<br>                                                 ) | Case No. 3:03-cv-0202-TMB |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS FEES**

COME NOW the Plaintiffs, by and through counsel, and hereby respond to the Defendant's Motion for Attorney Fees, filed on May 30, 2006.  Defendant claims to have incurred $94,423.00, as the total sum of attorneys fees as a result of this litigation and requests an award of $18,884.60, which fees represent 20% of the total fees incurred.  Alaska Rule of Civil Procedure 82 provides that in cases in which the prevailing party recovers no money judgment, in cases resolved prior to trial, the court  "shall award the prevailing party in  a case resolved without trial 20 percent of its actual attorney's fees which were <u>necessarily</u> incurred.  The actual fees shall include fees for legal work customarily by an attorney but which was delegated to and

performed by an investigator, paralegal, or law clerk." A.R.C.P. 82(b)(2) (emphasis added). Plaintiffs oppose the motion for an award of attorneys fees in the amount requested by defendant, due to the unreasonableness of the fees incurred, and the apparently duplicative and unnecessary work done by defense counsel, in light of the nature and pace of this litigation.

This action was filed on or about April 30, 2003 in the Alaska Superior Court, Third Judicial District at Anchorage, and was removed to U.S. District Court on September 3, 2003. Thereafter, the case was virtually at a standstill until February 9, 2006, when defendant filed a Motion for Summary Judgment. In all, the only substantial activity in this case includes the defendant's Motion for Summary Judgment, a status conference, one records deposition, and the defendant's incomplete answers to plaintiffs' four discovery requests.

Yet, the defense counsel billed for over 600 hours of work on this case. In 2003, approximately 68.6 hours were logged. In 2004, the defendants billed for approximately 37.5 hours on this matter, and in 2005, counsel for defendants billed for 200.30 hours on this matter (Defendant's Exhibit B, at 36, 47, 66). In 2005, the only activity of any significance was <u>one</u> records deposition.

For 2006, defense counsel has billed an extraordinary 272.10 hours of work done. (See Exhibit Defendant's B at 128) Though defense counsel might attribute the high billing rate to the work needed to prepare the Motion for Summary Judgment, the hours spent are still excessive. Note that defense counsel firm Delaney Wiles is an established firm in Anchorage, knowledgeable in litigation and insurance defense. The firm's web page touts the fact that the firm's clients include "many of the country's largest insurers, worker's compensation carriers, bonding companies, and a number of Lloyds of London underwriting syndicates. Delaney Wiles, Inc. is recommended in Best's Directory of Recommended Insurance Attorneys." In this context,

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

wherein the defense attorneys are experienced and knowledgeable insurance defense litigators, the amount of hours spent by the defense attorneys on behalf of American Home Assurance appear unnecessary, and unreasonable.  These total hours spent by defense counsel appear even more unreasonable considering the resources available to defense counsel.  These resources include electronic research databases, and the ability to refer to other similar motions in other cases prepared by defense counsel.

Discovery in this case was miniscule. Defendant supplied a Rule 26(a) disclosure on or about December 1, 2003, and responded to four discovery requests propounded by plaintiffs. The defendants did not even respond in a complete manner to the discovery requests propounded by plaintiffs, resulting in plaintiffs' Motion to Compel, filed on May 30, 2006.  Only one deposition took place, on October 7, 2005.  This deposition was a records deposition and lasted approximately a couple of hours.

However, despite the minimal court filings in this case, the attorneys for defendant have logged hundreds of hours on behalf of their client, in a case far from trial.  These included numerous conferences, status reports, telephone calls, resulting in work not reasonable or necessary. Yet, there are many instances of billing for over 8 hours of work in a single day. Some of this intensive, all day, multiple attorney, legal work took place after the defendant filed the Motion for Summary Judgment in this case.

It is notable too that the billing statements reflect an unlikely scenario wherein the attorneys appear to have done everything themselves, with the exception of 1.1 hours of paralegal support over the three years the case was handled by defense counsel.  But the billing statements are so convoluted that they do not accurately reflect paralegal support for such activities that paralegals would have assisted in.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

Alaska Civil Rule of Civil Procedure 82(b)(3) provides that a court may vary the attorney fee award to the prevailing party upon consideration of certain factors, including:

A. the <u>complexity of the litigation</u>;
B. the length of trial;
C. the <u>reasonableness</u> of the attorneys' hourly rates and the <u>number of hours expended</u>;
D. the <u>reasonableness</u> of the number of attorneys used;
E. the <u>attorneys' efforts to minimize fees</u>;
F. the <u>reasonableness</u> of the claims and defenses pursued by each side;
G. vexatious or bad faith conduct;
H. the relationship between the amount of work performed and the significance of the matters at stake;
I. the extent to which a given fee award be so onerous to the non-prevailing party that it would deter similarly situated litigations from the voluntary use of the courts;
J. the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and
K. other equitable factors deemed relevant.

If the court varies an award, the court shall explain the reasons for the variation. A.R. Civ. Pro. 82(b)(3)(A)-(K). Emphasis added.

In consideration of all relevant factors, it should be this Court's decision that defendants are not entitled to an award of attorneys fees. The amount of time spent by counsel for defendants in this matter has been entirely unreasonable given the nature and pace of the litigation. In all, the attorneys for defendant have billed for approximately 600 hours of work on a case that resulted in one motion for summary judgment on the part of the defendants, one deposition, and inadequate and incomplete answers to plaintiffs' discovery requests. Counsel for defendant has billed for much 'planning' and 'reviewing' and 'revising', all of which is excessive and unreasonable. Counsel for defendants utilized the services of many attorneys on this matter, which is unreasonable and unnecessary since the activity that occurred in this litigation has not been substantial. This matter was never in trial mode. Moreover, it does not

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

appear that the attorneys for defendant ever attempted to reasonably minimize the fees by utilizing the assistance of staff support.  Only 1.1 hours of paralegal time were billed, while approximately 600 hours of attorney time by many attorneys was spent on the matter.  The plaintiff before this Court does not have unlimited resources with which to pursue the litigation, but appears before this Court with a credible claim against American Home Assurance.  Defendant however, has nothing to lose by expending vast resources, and allowing defense counsel to expend as much time and resources as it deems necessary, even to the point the efforts of counsel are duplicative and wasteful.

There is no justifiable reason, based on the slow pace in which this case progressed, and the lack of any significant motions or other filings (with the exception of the defendant's one motion for summary judgment), to award attorneys fees in the amount demanded by defendants.  If defendants should receive fees, said fees should be substantially reduced.  Defendant should have reasonably and necessarily incurred no more than $25,000 in total fees in this matter, and should receive an award of no more than 20% of that amount, plus only reasonable costs.

RESPECTFULLY SUBMITTED this 19th day of June, 2006.

WEIDNER & ASSOCIATES, INC.
Attorneys for Plaintiffs

s/ Phillip Paul Weidner
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail: jgreene@weidner-justice.com
ABA 7305032

CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2006, a copy of the foregoing Opposition to Defendant's Motion for Award of Attorney Fees was served electronically on:  Andrew Guidi.

s/ Phillip Paul Weidner