Phillip Paul Weidner
Weidner & Associates, Inc.
330 L Street, Suite 200
Anchorage, Alaska 99501
(907) 276-1200
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TJ IVEY, RENEE M. CROUSE, BRIAN J. )
CROUSE, and JESSICA LYNN SKEEN, )
                                  )
                Plaintiffs,       )        Case No. 3:03-cv-0202-TMB
                                  )
        vs.                       )
                                  )
AMERICAN HOME ASSURANCE           )
COMPANY,                          )
                                  )
                Defendant.        )
_____)

**SUPPLEMENTAL BRIEFING**

A recent Alaska Supreme Court Opinion in Brannon v. Continental Casualty

Co., ___ P.3d ___ (Opinion No. 6016 – June 9, 2006), discussed Alaska law on whether there is

estoppel to deny coverage, even when there is no coverage, if the insurance company has

breached the duty to defend, which is central to American Home Assurance's motion for

summary judgment and the court's opinion. That is, the Superior Court of the State of Alaska

left open the possibility that the insurance company could be liable for breach of duty to defend

and estopped from denying coverage, even when there is no coverage under the terms of the

insurance policy. The Alaska Supreme Court declined to affirm in favor of the insurance

company on this issue, remanding to the Superior Court after reversing on the statute of

limitations.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

The issue left open was whether a professional liability policy would cover the actions

of Pfleiger, a real estate agent who himself was an investor in a transaction.  Apparently, there

was an exclusion for coverage when the agent/broker had a direct interest in the investment.

Yet, because there were allegations sin the complaint conceivably within coverage (despite the

nine exclusions relied upon by the insurer), there <u>still</u> could possibly be a breach of the duty to

defend even if ultimately there would be no coverage, and thus, in effect, estoppel to deny

coverage.  The <u>Brannon</u> case is significant law for the court to consider.  Note that unlike in

<u>Brannon</u> where there was at least a letter identifying the grounds for non-coverage, there was

no such letter in the present case, and thus a breach of duty under Alaska law.  Plaintiffs refer

the court to pp. 2-6 for background facts, the discussion of the Superior Court decision on p. 6,

and the Alaska Supreme Court's declining to affirm on the basis of alleged non-coverage at

pp. 17-18.  The <u>Brannon</u> decision is attached to the supplemental memorandum as Exhibit 1.

> The Opinion states:
>
> The superior court stated that "it is <u>uncontroverted</u> that Pfleiger had
> a direct 10% interest in the profits and losses of the Johnny Rockets
> investment . . . .  <u>Accordingly, Exclusion N of the policy applies</u>
> and there was no coverage for the alleged loss under the terms of
> the policy."  <u>But the court left open the possibility that Continental
> could "be estopped to deny coverage" if it was found to have
> breached the duty to defend</u>.

<u>Brannon v. Continental Casualty Co.</u>, ___ P.3d ___ (Opinion No. 6016 – June 9, 2006) at 6
(emphasis added).

Thus, even where the Superior Court found it was <u>uncontroverted</u> there was no

coverage there could still be estoppel to deny coverage for breach of duty to defend.

The Alaska Supreme Court could have, but <u>declined</u>, to affirm on this

alternative ground despite the "uncontroverted" finding by the Superior Court.  Opinion at

pp. 17-18.  The Alaska Supreme Court remanded to the Superior Court to decide whether there

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

were genuine issues of material fact on the duty to defend.  Thus, the duty to defend is <u>not</u>

ultimately based on whether there is non-coverage but on whether the allegations in the <u>cross-</u>

<u>claim</u> by the Brannons against Pfleiger alleging that "as broker and agent for the Brannons,

Pfleiger owed fiduciary duties to the Brannons" (Opinion at 3.) triggered a duty to defend.  The

plaintiffs' complaint against Worthy triggered a duty to defend, which is a separate duty from

the duty to ultimately indemnify/cover a loss.

RESPECTFULLY SUBMITTED this 22nd day of June, 2006.

WEIDNER & ASSOCIATES, INC.
Attorneys for Plaintiffs
s/ Phillip Paul Weidner
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail: jgreene@weidner-justice.com
ABA 7305032

CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2006, a copy of the foregoing **SUPPLEMENTAL BRIEFING** was served electronically on:  Andrew Guidi.

s/ Phillip Paul Weidner