Andrew Guidi
ag@delaneywiles.com
DELANEY WILES, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
   (907) 279-3581
   (907) 277-1331 fax
*Attorneys for Defendant*
*AMERICAN HOME ASSURANCE COMPANY*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| TJ IVEY, RENEE M. CROUSE, BRIAN J. CROUSE, and JESSICA LYNN SKEEN, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN HOME ASSURANCE <br><br><br><br> Defendant. <br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES** <br><br> Case No. A03-0202-CV (TMB) |

NOW COMES defendant, American Home Assurance Company ("American Home"), by and through its counsel of record, and hereby replies in support of its motion for an award of attorney's fees as prevailing party in this litigation. The Court should grant American Home's attorney's fees because plaintiffs have failed to meet their burden to establish American Home unnecessarily incurred its attorney's fees.

**ARGUMENT**

The Court should award American Home attorney's fees, pursuant to Alaska R. Civ. P.82(b)(2) as the prevailing party because these fees were necessarily and reasonably incurred. "In cases in which the prevailing party recovers no money judgment, the court … <u>shall</u> award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred." Alaska R. Civ. P. 82(b)(2)(emphasis added). An award of attorney's fees "made pursuant to the schedule in Alaska Civil Rule 82(b) are presumptively correct." *McGlothlin v. Municipality of Anchorage*, 991 P.2d 1273, 1277 (Alaska 1999)(affirming trial court's award of attorney's fees). "The prevailing party bears no burden to justify such awards, and no findings by the court are necessary." *Byars v. Byars*, 945 P.2d 792, 795 (Alaska 1997) (quoting *Babinec v. Yabuki*, 799 P.2d 1325, 1337(Alaska 1990)).

The amount of attorney's fees sought by American Home is proper because American Home necessarily incurred all attorney's fees. While plaintiffs offer merely general arguments that the presumptive award amount is unreasonable, plaintiffs have failed to challenge the detailed and specific billing entries offered by American Home in support of its motion for attorney's fees. American Home's attorney's fees were necessary and reasonable

because the current round of this litigation alone has lasted over three years. Plaintiffs filed their complaint against American Home on April 30, 2003, and although the Court granted summary judgment and entered judgment against the plaintiffs on May 19, 2006, plaintiffs continue to submit numerous pleadings even now. Moreover, American Home had to review the criminal prosecution and appeal of Worthy and the prior civil litigation brought by plaintiffs. Despite plaintiffs' claim that numerous attorneys have worked on the case, the number of names of attorneys in billing entries merely reflects the great length of time this case has lasted because some of those attorneys no longer occupy their former positions at defense counsel's firm. In addition, the high amount of damages sought by plaintiffs – $1,500,000.00 in compensatory damages alone,[1] and an unspecified amount of punitive damages – required defense counsel to spend significant time to adequately defend against plaintiffs' claims. The amount of fees sought is also reasonable because the rates of American Home's counsel are well within the standard range of attorneys in Anchorage, Alaska. Moreover, although it was not required to do so,[2] American Home has provided along with its motion, an itemized list of billing entries in this lawsuit.

---

[1] *See* Complaint at page 4.
[2] *Babinec v. Yabuki*, 799 P.2d at 1337 (affirming award of attorney's fees to prevailing party and ruling prevailing party had no burden to justify an award based on Rule 82 fee schedule and that prevailing party had no burden even to itemize its billing entries).

Reply In Support Of Motion For Award Of Attorney Fees
Ivey, et al. v. American Home Assurance Company
Case No. A03-0202 CV (TMB)                                          Page 3 of 7

Further, American Home has not sought to recover an enhanced amount of its attorney's fees. Therefore, American Home bears no burden to justify the amount sought, and the Court need make no findings to grant the amount.

American Home reasonably incurred all fees in responding to plaintiffs' four sets of discovery requests, in the deposition of Ms. Christine Schleuss and in subsequent review of documents obtained from Ms. Schleuss. While drafting plaintiffs' broad discovery requests may have required only plaintiffs' counsels' first thoughts and a word processor, responding to the discovery presented an onerous task.[3] For example, American Home's attorneys were required to expend significant time to ferret out responsive documents from among numerous employees of a company with approximately 92,000 employees. While plaintiffs allege American Home unnecessarily incurred fees in the deposition of Ms. Schleuss, plaintiffs had three attorneys present at that records deposition – more than American Home. Moreover, plaintiffs expanded what American Home noticed as a simple records deposition into a witness deposition, over American Home's objection. Pursuant to that deposition, four large boxes containing approximately 13,000 documents were produced.

---

[3] Plaintiffs' argument that American Home's attorney's fees incurred in discovery are excessive and unnecessary contradicts plaintiffs' argument asserted in their Motion for Reconsideration that American Home did not comply with discovery and thus impeded plaintiffs' ability to oppose summary judgment. Plaintiffs cannot have it both ways.

American Home reasonably incurred fees reviewing those documents. Thus, contrary to plaintiffs' assertion that discovery in this case was miniscule, the Court should grant the amount of fees sought by American Home.

Finally, the Court should grant American Home's motion because there was no duplication of work performed by defense counsel. Moreover, even if there had been some duplication of work, such work performed is reasonable under Alaska case law. Without challenging specific billing entries, plaintiffs have claimed American Home's attorney's fees were duplicative. Docket No. 72 at 2, 4. Plaintiffs' allegations of duplicative work have failed to establish attorney's fees were unreasonably incurred. General allegations of duplicative work by different attorneys in reviewing files are insufficient to establish attorney's fees were incurred unnecessarily by prevailing party. *Tenala, Ltd. v. Fowler*, 993 P.2d 447, 452 (Alaska 1990) (affirming award of attorney's fees to prevailing party despite claims of duplicative work in reviewing files, even when trial court awarded enhanced attorney's fees). Where there is "some duplication" in work performed by attorneys, a trial court does not err in granting the prevailing party attorney's fees. *See Integrated Resources Equity Corp. v. Fairbanks North Star Borough*, 799 P.2d 295, 304 (Alaska 1990) *reh'g denied* (Oct. 09, 1990). Here, defense

counsel necessarily incurred all fees to defend plaintiffs' claims against American Home. Plaintiffs do not even attempt to argue why specific billing entries are duplicative or unnecessary. Thus, plaintiffs have failed to meet their burden to establish American Home's attorney's fees were unnecessarily incurred. *See Babinec*, 799 P.2d at 1337.

## CONCLUSION

In sum, the Court should grant American Home's motion for an award of attorney's fees because plaintiffs have failed to meet their burden to establish American Home unnecessarily incurred its attorney's fees. American Home has provided itemized billing entries for its attorney's fees incurred in this case, although it was not required to do so to obtain the presumptive amount according to the Rule 82(b)(2) fee schedule. In opposition, plaintiffs have merely asserted general allegations that such fees were unnecessarily incurred, without establishing a single fee item was unnecessary or unreasonable. Because American Home reasonably and necessarily incurred all its attorney's fees in this lawsuit, the Court should grant American Home's motion and award the presumptive attorney's fee award at this time.

DATED this 27th day of June, 2006, at Anchorage, Alaska.

                        DELANEY WILES, INC.
                        Attorneys for Defendant
                        American Home Assurance Company

                                                s/ Andrew Guidi
                                                ag@delaneywiles.com
                                                1007 West third Avenue, Suite 400
                                                Anchorage, Alaska   99501
                                                Telephone:  (907) 279-3581
                                                Facsimile:  (907) 277-1331
                                                ag@delaneywiles.com
                                                Alaska Bar No. 8312171

**CERTIFICATE OF SERVICE:**

I hereby certify that on the 27th day of June, 2006, a copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES** was served electronically on:

Phillip Paul Weidner
Michael Cohn
WEIDNER & ASSOCIATES, INC.
330 L. Street, Suite 200
Anchorage, Alaska   99501

s/Andrew Guidi (118567)