# RESOLUTION AGREEMENT AND ASSIGNMENT

This Resolution Agreement and Assignment ("Agreement"), effective May 1, 2001, is entered into by the following parties: (1) **Plaintiffs**; (2) **Worthy** and (3) **State Farm.**

WHEREAS, **Plaintiffs** filed an action entitled T.J.S. v. State Farm Insurance Company, Conrad J. Worthy Insurance; John Doe Corporations 1-10, as successor corporations of Conrad J. Worthy Insurance; and Conrad Jerome Worthy, individually and in his capacity as an agent for State Farm Insurance Company, Conrad J. Worthy Insurance, and John Doe Corporations 1-10, Case No. 3AN-96-6147 Civil, in the Superior Court for the State of Alaska, Third Judicial District at Anchorage (hereinafter "the Action");

WHEREAS, **State Farm** was previously dismissed as a party to the Action;

WHEREAS, **Worthy** previously purchased certain insurance policies from **State Farm** and **American Home** which policies had periods of coverage that included the dates of the incident the subject of the Action and **Worthy** tendered defense and indemnity of the Action to (1) **State Farm** and (2) **American Home;**

WHEREAS, **State Farm** provided a defense to **Worthy** under a reservation of rights;

WHEREAS, **American Home** failed to respond to **Worthy's** tender;

WHEREAS, **Plaintiffs, Worthy** and **State Farm** desire to fully and permanently resolve their differences, and avoid the expense and inconvenience of further litigation between themselves except as necessary to effect and preserve **Plaintiffs'** right(s) to obtain a stipulated judge verdict and judgment against **Worthy** as set out herein and **Plaintiffs'** rights(s) to pursue **Worthy** to collect said judgment only to the extent of **Worthy's causes of action and rights** against **American Home** and to pursue all of **Worthy's causes of action and rights** against **American Home**, which are hereby assigned to **Plaintiffs**;

EXHIBIT C PAGE 1



THEREFORE, the Parties agree as follows:

A. **DEFINITIONS**

As used in this Agreement;

**"American Home"** means American Home Assurance Company, et al., and all of its related companies, parent companies, subsidiaries and affiliates.

**"Claims"** means all allegations, assertions, theories, demands, causes of action, suits and controversies, of every kind and nature, whether known or unknown, and whether mature or to mature in the future. This includes, but is not limited to, negligence or other tortious conduct; intentional, malicious or bad faith conduct; breach of contract; breach of implied covenant of good faith and fair dealing; breach of statutory or regulatory duty; and breach of any and all other legal duties or any other unlawful conduct of every kind and nature.

**"Causes of Action and Rights"** includes any and all causes of action possessed or to be possessed by **Worthy** against **American Home**, any and all rights of **Worthy** to seek judicial relief or compensation, or indemnification or damages of any types, including compensatory or punitive damages against **American Home** as to all allegations, ascertations, theories, demands, causes of action, suits and controversies of every kind and nature, whether known or unknown, whether matured or to mature in the future. This includes, but is not limited to, any and all such causes of actions and rights relating to the provision by **American Home** to **Worthy** of insurance, and arising in any fashion from the tender by **Worthy** to **American Home** of defense and indemnification of the Action and the failure of **American Home** to respond to said tender and the failure of **American Home** to provide such defense or indemnification and their failure to defend and indemnify as to any of the allegations encompassed in any cause of action against **Worthy** arising out of the incident the subject of said action. This includes negligence or other



tortious conduct; intentional, malicious or bad faith conduct; breach of contract; breach of implied covenant of good faith and fair dealing; breach of statutory, regulatory duty; breach of any and all duties arising from the referenced **American Home** insurance policy provided to **Worthy**, and breach of any and all other legal duties or any other lawful conduct of every kind and nature. This includes all such causes of action and rights to seek and obtain punitive damages. Further, it includes causes of action and rights of **Worthy** to assert, and thus in the **Plaintiffs,** who are assigned said causes of action and rights by **Worthy**, to assert, that by virtue of the conduct of **American Home** and/or its failure to act and its breach of its legal duties, including its legal duties to **Worthy**, that **American Home** is responsible for, including indemnification for and payment of any and all claims of any nature asserted against **Worthy** in the referenced Action. Further, said Assignment is not restricted to an assignment to the extent that **Plaintiffs** are only allowed to pursue **American Home** pursuant to same to collect the stipulated judge verdict and judgment against **Worthy** referenced herein, but further, **Plaintiffs** are fully authorized as assignees to pursue any and all such causes of action and rights by **Worthy** against **American Home**, including pursuing **American Home** for appropriate relief for compensatory and/or punitive damage claims in excess of the amount of said stipulated judgment verdict and judgment as assignees of said cause(s) of action and rights.

**"Damages"** means any and all damages or injuries of any kind and nature, whether known or unknown, and whether mature or to mature in the future. This includes, but is not limited to: (a) physical injuries (such as bodily injury, physical impairment, or similar claims); (b) psychological injuries (such as mental suffering, emotional distress or similar claims); (c) hedonic injuries (such as loss of enjoyment of life or similar claims); (d) loss of consortium or similar claims, (e) loss of income, earnings or profits; (f) loss of personal or business reputation

EXHIBIT C PAGE 3

or invasion of privacy interests; (g) costs or expenses or similar type claims); (h) property damage; (i) exemplary or punitive damages; and (j) prejudgment interest, court costs, and legal fees.

**"Incident"** means the events occurring on or around August 5, 1994, as further alleged and described in **Plaintiffs'** lawsuit entitled T.J.S. v. State Farm Insurance Company, Conrad J. Worthy Insurance; John Doe Corporations 1-10, as successor corporations of Conrad J. Worthy Insurance; and Conrad Jerome Worthy, individually and in his capacity as an agent for State Farm Insurance Company, Conrad J. Worthy Insurance, and John Doe Corporations 1-10, Case No. 3AN-96-6147 Civil, filed in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, as well as all events and issues involving or relating to the litigation of the above-referenced lawsuit and **State Farm's** insurance coverage.

**"Plaintiffs"** means T.J.S., R.C., B.C., and J.S. (a minor), as well as their respective agents, heirs, executors, administrators, successors and assigns.

**"State Farm"** means State Farm Fire & Casualty Company, as well as its related State Farm companies, and their respective directors, officers, attorneys, agents, employees, parents, subsidiaries, affiliates, insurers, successors and assigns, and any other person who may be liable for the acts or omissions of the above people or entities.

**"Worthy"** means both Conrad Jerome Worthy and Conrad J. Worthy Insurance, and their respective directors, officers, attorneys, agents, employees, parents, subsidiaries, affiliates, insurers, and any other person who may be liable for the acts or omissions of the above people or entities, as well as their successors and assigns.




## B. AGREEMENT

IN CONSIDERATION of the promises, releases and covenants contained herein, and intending to be legally bound, the Parties agree as follows:

1. State Farm Payment and Release. In consideration of payment by **State Farm** in the amount of Five Hundred Fifty Thousand Dollars ($550,000), the receipt of which is hereby acknowledged, **Plaintiffs** hereby: (a) release and discharge **Worthy**, except that **Plaintiffs** are preserving all their rights to obtain a stipulated judge verdict and judgment pursuant to jury trial waiver and stipulated facts; said verdict and judgment to be for appropriate causes of action and for compensatory damages of $1.5 million and prejudgment interest, costs and Rule 82 attorney fees, with a covenant not to record said verdict and judgment in any jurisdiction, not to assign their verdict and judgment to another, and not to execute personally against or pursue Worthy or his assets in any manner (except to the extent of **Worthy's causes of action and rights** against **American Home)** or pursue **State Farm**, with assignment by **Worthy** to **Plaintiffs** of all causes of action and rights against **American Home; and** (b) release and discharge **State Farm** from any and all **Claims** and **Damages** arising out of, resulting from, or in any way relating to the **Incident.** The $550,000 will be allocated on the following basis: five percent (5%) to each of the children (R.C., B.C., and J.S.), and eighty-five percent (85%) to T.J.S.

2. Assignment and Covenant Not to Execute or Pursue Claims. Nothing in paragraph 1, above, or in this document shall affect the rights of **Plaintiffs** to obtain a stipulated judge verdict and judgment against **Worthy** as set out herein and to pursue all of **Worthy's** causes of action and rights against **American Home** as hereby assigned to **Plaintiffs** and, as set forth below, to pursue **American Home** to collect said verdict and judgment. **Plaintiffs** and **Worthy** agree to obtain a stipulated judge verdict and judgment, pursuant to jury trial waiver and



stipulated facts for appropriate cause(s) of action and for compensatory damages in the amount of $1.5 million, plus prejudgment interest, costs and Rule 82 attorney's fees. **Worthy** agrees to and hereby assigns to **Plaintiffs** all causes of action and rights against **American Home** relating to the **Incident**. **Plaintiffs** covenant and agree they will not ever, either individually or in concert with others, execute on or in any way assist in the execution of such judgment, or otherwise pursue any **Claims** relating to the **Incident**, against **State Farm**, or against **Worthy**, except as to **Worthy** and **American Home** to the extent of **Worthy's** cause(s) of action and rights against **American Home Insurance Co.**. However, nothing in this covenant in any way prevents or restricts **Plaintiffs** from pursuing the **assigned causes of action and rights** against **American Home** and seeking to collect from **American Home** for the judgment referenced above.

Further, said Assignment is not restricted to an assignment to the extent that **Plaintiffs** are only allowed to pursue **American Home** pursuant to same to collect the stipulated judge verdict and judgment against **Worthy** referenced herein, but further, **Plaintiffs** are fully authorized as assignees to pursue any and all such causes of action and rights by **Worthy** against **American Home**, including pursuing **American Home** for appropriate relief for compensatory and/or punitive damage claims in excess of the amount of said stipulated judge verdict and judgment as assignees of said cause(s) of action and rights.

3. Payment of Liens and Indemnity. **Plaintiffs** will fully pay and satisfy any and all persons and entities, including, but not limited to, lawyers, experts, doctors, hospitals, health care providers, the United States of America, workers' compensation carriers, employers, or insurance companies, who have or may have assignment rights to, subrogated interests in, or a lien upon any of the money or other consideration obtained by **Plaintiffs** as a result of this Agreement.







Should any claim or suit be brought against **Worthy** or **State Farm** for failure of **Plaintiffs** to fully pay and satisfy such rights, interests or liens, or in the event **American Home** asserts claims or seeks relief from **Worthy** or **State Farm** as a result of **Plaintiffs'** pursuit of **Worthy's causes of action and assigned rights, Plaintiffs** will fully defend, indemnify and hold harmless **Worthy** and **State Farm** from any such claims or suits.

4. Acknowledgments and Warranties. **Plaintiffs** acknowledge they have been represented by legal counsel in regard to this Agreement. **Plaintiffs** declare the terms of this Agreement have been fully explained to them; they carefully considered them; and they understand and voluntarily accept all such terms for the purpose of making a full, complete and final resolution with **Worthy** and **State Farm**. **Plaintiffs** represent, to the extent legally required, **Plaintiffs** obtained court approval of resolution of minor claims pursuant to Rule 90.2 of the Alaska Rules of Civil Procedure.

As of this date, **Plaintiffs** are not financially disadvantaged, nor have **Plaintiffs** been pressured, harried or otherwise coerced by **Worthy** or **State Farm** to agree to this Agreement. **Plaintiffs** understand and acknowledge that this resolution is in compromise of a disputed claim. In executing this Agreement, **Plaintiffs** do not rely upon any statement or representation may by **Worthy** or **State Farm**, or by any other person representing them, concerning any aspect of the **Claims**, defenses, or assignment of **Damages** resulting from or related to the **Incident**.

**Plaintiffs** acknowledge they have been advised of, and are familiar with, the decisions of the Alaska Supreme Court regarding resolution and release, including Witt v. Watkins, 579 P.2d 1065 (Alaska 1978); Alaska Airlines v. Sweat, 568 P.2d 916 (Alaska 1977); and Young v. State of Alaska, 455 P.2d 889 (Alaska 1969). **Plaintiffs** acknowledge and hereby assume all risk that they may have incurred **Damages** which are either known or anticipated by **Plaintiffs** as of this



date, and that known **Damages** may become permanent, progressive or more extensive than is now known or anticipated.

5. Duplicate Counterparts and Originals; Facsimile Copy Sufficient. This document is being executed in duplicate counterparts and originals, and the signature of any party to same on any counterpart, copy, or original is sufficient, and all parties do not have to sign on the same such document. Further, signature on a photocopy or facsimile copy is likewise sufficient, and a photocopy or facsimile copy of any such signed document may serve in the place of the document bearing the original signature and/or notary seal. Counsel for the parties are authorized to assemble duplicate counterparts and copies of this Resolution Agreement and Assignment from any such copies to reflect all parties' signatures, any of which counterparts and copies shall have full force and effect.

DATED: 5·17·01 By: TJ Ivey Known as TJ Skeen
TJ Ivey, Previously Known as TJ Skeen (T.J.S.)
Individually

DATED: 5·17·01 By: TJ Ivey Known as TJ Skeen
TJ Ivey, Previously Known as TJ Skeen (T.J.S.), as Parent of Jessica Lynn Skeen (J.S.), a Minor

DATED: 5/17/2001 By: Phillip Paul Weidner for J.S.
Phillip Paul Weidner for Jessica Lynn Skeen (J.S.), a Minor (Per Civil Rule 90.2 Approval)

DATED: 5/17/01 By: [signature]
Renee M. Crouse (R.C.)

DATED: 5-17-2001 By: [signature]
Brian J. Crouse (B.C.)

EXHIBIT C PAGE 8





date, and that known **Damages** may become permanent, progressive or more extensive than is now known or anticipated.

5. Duplicate Counterparts and Originals; Facsimile Copy Sufficient. This document is being executed in duplicate counterparts and originals, and the signature of any party to same on any counterpart, copy, or original is sufficient, and all parties do not have to sign on the same such document. Further, signature on a photocopy or facsimile copy is likewise sufficient, and a photocopy or facsimile copy of any such signed document may serve in the place of the document bearing the original signature and/or notary seal. Counsel for the parties are authorized to assemble duplicate counterparts and copies of this Resolution Agreement and Assignment from any such copies to reflect all parties' signatures, any of which counterparts and copies shall have full force and effect.

DATED:____________ By: ____________
TJ Ivey, Previously Known as TJ Skeen (T.J.S.) Individually

DATED:____________ By: ____________
TJ Ivey, Previously Known as TJ Skeen (T.J.S.), as Parent of Jessica Lynn Skeen (J.S.), a Minor

DATED: 5/17/2001 By: Phillip Paul W[signature] for J.S.
Phillip Paul Weidner for Jessica Lynn Skeen (J.S.), a Minor (Per Civil Rule 90.2 Approval)

DATED: 5/17/01 By: [signature]
Renee M. Crouse (R.C.)

DATED: 5-17-2001 By: [signature]
Brian J. Crouse (B.C.)

EXHIBIT C PAGE 9

DATED:________________ By: ________________________
Conrad Jerome Worthy

DATED:________________ STATE FARM FIRE & CASUALTY COMPANY

By: ________________________
William Marr

Its: ________________________

STATE OF ALASKA )
)
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this 17 day of MAY, 2001, before me, the undersigned Notary Public in and for the State of Alaska, duly commissioned and sworn, personally appeared TJ Ivey, previously known as TJ Skeen (T.J.S.), individually and as the parent of Jessica Lynn Skeen (J.S.), a minor, to me known to be the person described herein and who executed the foregoing document, and she acknowledged to me that she executed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

WITNESS my hand and official notarial seal on the day, month and year in this certificate last above written.

USPS MAY 17 2001 HALENA AK

________________________
Notary Public in and for Alaska
My Commission Expires: ________________

**Postmaster/Notary Public**
**Per USPS ASM**

STATE OF ALASKA )
)
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this 17th day of May, 2001, before me, the undersigned Notary Public in and for the State of Alaska, duly commissioned and sworn, personally appeared PHILLIP PAUL WEIDNER, to me known to be the person described herein and who executed the foregoing document, and he acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

DATED:______________________ By: ______________________________
Conrad Jerome Worthy

DATED: 5/17/01 STATE FARM FIRE & CASUALTY COMPANY

By: ______________________________
William Marr
Its: Team Manager

STATE OF ALASKA )
)
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this ________day of ________________, 2001, before me, the undersigned Notary Public in and for the State of Alaska, duly commissioned and sworn, personally appeared TJ Ivey, previously known as TJ Skeen (T.J.S.), individually and as the parent of Jessica Lynn Skeen (J.S.), a minor, to me known to be the person described herein and who executed the foregoing document, and she acknowledged to me that she executed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

WITNESS my hand and official notarial seal on the day, month and year in this certificate last above written.

______________________________
Notary Public in and for Alaska
My Commission Expires: ____________

STATE OF ALASKA )
)
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this 17th day of May, 2001, before me, the undersigned Notary Public in and for the State of Alaska, duly commissioned and sworn, personally appeared PHILLIP PAUL WEIDNER, to me known to be the person described herein and who executed the foregoing document, and he acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.




WITNESS my hand and official notarial seal on the day, month and year in this certificate last above written.

Suzanne M. Jones
Notary Public in and for Alaska
My Commission Expires: 11/20/02

STATE OF ALASKA )
)
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this 17th day of May, 2001, before me, the undersigned Notary Public in and for the State of Alaska, duly commissioned and sworn, personally appeared Renee M. Crouse (R.C.), to me known to be the person described herein and who executed the foregoing document, and she acknowledged to me that she executed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

WITNESS my hand and official notarial seal on the day, month and year in this certificate last above written.

Suzanne M. Jones
Notary Public in and for Alaska
My Commission Expires: 11/20/02

STATE OF ALASKA )
)
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this 17th day of May, 2001, before me, the undersigned Notary Public in and for the State of Alaska, duly commissioned and sworn, personally appeared Brian J. Crouse (B.C.), to me known to be the person described herein and who executed the foregoing document, and he acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

WITNESS my hand and official notarial seal on the day, month and year in this certificate first hereinabove written.

Suzanne M. Jones
Notary Public in and for Alaska
My Commission Expires: 11/20/02

EXHIBIT C PAGE 12





STATE OF ____________________)
)
COUNTY OF __________________)

THIS IS TO CERTIFY that on this ________day of _______________, 2001, before me, the undersigned Notary Public in and for the State of _____________, duly commissioned and sworn, personally appeared CONRAD JEROME WORTHY, to me known to be the person described herein and who executed the foregoing document, and he acknowledged to me that he executed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

WITNESS my hand and official notarial seal on the day, month and year in this certificate last above written.

______________________________
Notary Public in and for ______________
My Commission Expires: ______________

STATE OF ALASKA )
)
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this 17th day of May, 2001, before me, the undersigned Notary Public in and for the State of Alaska, duly commissioned and sworn, personally appeared WILLIAM MARR, the Team Manager of STATE FARM FIRE & CASUALTY COMPANY, to me known to be the person described herein and who executed the foregoing document, and he acknowledged to me that he executed the same as his free and voluntary act and deed, in his capacity as the Team Manager, of STATE FARM FIRE & CASUALTY COMPANY, for the uses and purposes therein mentioned.

WITNESS my hand and official notarial seal on the day, month and year in this certificate last above written.




Jerri A. Wilson
Notary Public in and for Alaska
My Commission Expires: 8-15-03

EXHIBIT C PAGE 13