Andrew Guidi
ag@delaneywiles.com
DELANEY WILES, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
   (907) 279-3581
   (907) 277-1331 fax
*Attorneys for Defendant*
*AMERICAN HOME ASSURANCE COMPANY*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| TJ IVEY, RENEE M. CROUSE, BRIAN J. CROUSE, and JESSICA LYNN SKEEN, ) ) ) ) ) )<br><br>Plaintiffs, )<br>)<br>vs. )<br>)<br>AMERICAN HOME ASSURANCE )<br>COMPANY, )<br>)<br>)<br>Defendant. )<br>_____ ) | Case No. A03-0202-CV (TMB) |

**AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION**
**TO MOTION FOR RECONSIDERATION**

**I.    INTRODUCTION**

The Court should deny plaintiffs' motion for reconsideration because plaintiffs have failed to establish any grounds on which the Court erred in granting summary judgment. Instead, plaintiffs have merely re-asserted insupportable arguments the

1

Court has already considered and rejected.  From the filing of the "supplemental" opposition through the submission of the motion for reconsideration, plaintiffs have failed to rebut the controlling rules of law in this case: (i) when there is no potential for coverage under an insurance policy, notice is immaterial; and (ii) estoppel cannot manufacture coverage under an insurance policy.  Because plaintiffs could not rebut American Home's argument that there was no possibility for coverage, plaintiffs gambled by relying solely on a misplaced theory of estoppel in their "supplemental" opposition.  Plaintiffs' gamble failed, yet they continue to assert the same fallacious claims they have relied on from the inception of summary judgment briefing.

## II.  ARGUMENT

## A.    American Home Complied With Its Discovery Obligations

There is no merit to plaintiffs' assertion that American Home violated its discovery obligations.  American Home submitted timely discovery responses to each of plaintiffs' four sets of discovery requests.[1]  Moreover, American Home continued to supplement its discovery responses as it obtained relevant information and documentation.  In addition, since this lawsuit

---

[1] American Home notes plaintiffs do not even attempt to substantiate their claim that American Home "wrongfully concealed" evidence.  Docket No. 70 at 3 (Supplemental Memorandum).  Nor do plaintiffs claim American Home failed to submit timely responses to any of plaintiffs' four sets of discovery requests.  Throughout discovery, American Home has timely and thoroughly responded to all four sets of discovery requests.

had been pending over three years before the Court granted American Home's motion for summary judgment, plaintiffs had plenty of time to conduct all the discovery they desired prior to American Home's motion. Plaintiffs' claim that American Home concealed evidence is a spurious, desperate attempt to avoid denial of the motion for reconsideration. Plaintiffs have established no grounds <u>at all</u> for this baseless assertion.[2]

Plaintiffs had the burden of moving for a continuance under Fed. R. Civ. P. 56(f) if they needed factual material to oppose summary judgment. Because there was no fact issue precluding judgment as a matter of law, plaintiffs had no basis for a Rule 56(f) motion. Similarly, plaintiffs had the burden of moving to compel if, after having conferred with American Home, plaintiffs were unable to obtain discovery. Because American Home timely complied with all discovery obligations, plaintiffs had no grounds to move to compel. By failing to move for a continuance and by failing to move to compel, plaintiffs have waived any argument there was insufficient discovery to allow them to oppose summary judgment. Because American Home complied with all

---

[2] Plaintiffs' argument, in the motion for reconsideration, that American Home violated its discovery obligations and thus impeded plaintiffs' ability to oppose summary judgment contradicts plaintiffs' argument in Opposition to Motion for Attorney's Fees that American Home's attorney's fees incurred in discovery are excessive and unnecessary because plaintiffs served little discovery. Plaintiffs cannot have it both ways. What is true is that American Home complied with all discovery obligations throughout plaintiffs' four sets of discovery requests.

discovery obligations, the Court should dismiss plaintiffs' desperate argument.

**B.    Worthy's Criminal, Violent Conduct Was Not A "Professional Service" For Others**

The Court properly ruled there was no potential for coverage because Conrad Worthy was not "rendering. . .professional services for others in the Insured's capacity as an Insurance Agent for the Insurance Company," as required by the errors and omissions policy. Docket No. 47 at 5-6 (Order). Plaintiffs' argument that a claim arising out of "acts with a nexus as to a business of providing professional services" is incorrect because the errors and omissions policy covered only the rendering of professional services for others in Worthy's capacity as an insurance agent. Docket No. 70 at 2 (Supplemental Memorandum). Sexual assault against a former girlfriend does not constitute a professional service for others in Worthy's capacity as an insurance agent for State Farm. Plaintiffs' argument attempts to expand the grant of coverage beyond that contained in the insurance policy and beyond that for which the parties contracted. But, plaintiffs have offered no case law to support their argument. Moreover, Worthy himself stated in his affidavit, "[e]mployment decisions, including offers, hires and terminations were not within the scope of my duties as an

4

insurance agent and were not governed in any way by State Farm."[3] Finally, as the Court has noted, even if there were a potential for coverage, the plain terms of the policy exclude the claims against Worthy because the claims arose out of criminal and malicious conduct, bodily injury and property damage. Docket No. 47 at 6.

The collusive, falldown judgment entered into by plaintiffs and Worthy in the underlying civil action is due no deference because American Home was not a party to the agreement and because there was no genuine adversity between the signing parties. *See Evan v. Employers Mut. Liability Ins. Co. of Wisconsin*, 391 F.Supp. 1230, 1232 (D. Alaska 1975) (ruling that final judgment in state court, based on insureds' potentially collusive confessions of judgment to negligence, although insured's action could "only be characterized as an intentional tort," did not prevent insurer that was not a party to the state court action from relitigating facts relating to coverage, liability and damages in federal court action). Moreover, as the Court has noted, the judgment fails to assert Worthy was negligent in rendering professional services, so even if the falldown judgment were entitled to deference, it would not even potentially trigger coverage. Docket No. 47 at 6. Plaintiffs

---

[3] Exhibit A, Affidavit of Conrad J. Worthy, August 25, 200, at ¶ 16. This affidavit was filed in state court in the underlying civil suit, T.J.S. v. State Farm Insurance Company, 3AN-96-6147 Civil.

obtained a falldown judgment, but they had Worthy fall down in the wrong place because they failed to note the policy coverage did not include general claims of negligence in all capacities.

## C.    Plaintiffs Have Failed To Establish Grounds For Estoppel

Plaintiffs continue to assert that a party can manufacture coverage by estoppel, despite the Court's reference to the "vast weight of authority" ruling a party cannot do so.  *Id*. at 7.  As the Court has noted, plaintiffs have also failed to meet their burden to establish either reasonable reliance or prejudice on behalf of Worthy.  *Id*. at 7-8.  And, as the Court has noted, State Farm provided Worthy independent defense counsel.[4]  *Id*. at 8.  Further, while plaintiffs argue Worthy was prejudiced because of "the possibility of greater coverage," plaintiffs have failed to establish Worthy paid a nickel to plaintiffs.[5]  *Id*. Accordingly, Worthy was not prejudiced.  Because plaintiffs have failed to meet their burden to establish the elements of estoppel, the Court should again reject plaintiffs' assertion of error on this issue.

### CONCLUSION

The Court should deny plaintiffs' motion for reconsideration because plaintiffs have failed to establish any grounds on which

---

[4] Exhibit B, Letter from William D. Marr, State Farm Claim Superintendent, September 15, 1998 at page 2, (stating State Farm will pay Worthy's defense costs).
[5] Exhibit C, Resolution Agreement and Assignment, May 17, 2001, at 5 (releasing Worthy without payment to plaintiffs).

the Court erred in granting summary judgment. In its Order, the Court properly ruled there was no genuine issue of fact and that American Home was entitled to judgment as a matter of law. Instead of presenting any new argument supporting their position, plaintiffs have merely re-asserted the same insupportable arguments the Court has already considered and rejected in the order granting summary judgment. Accordingly, the Court should deny the motion for reconsideration at this time.

DATED at Anchorage, Alaska this 30th day of June, 2006.

DELANEY WILES, INC.
Attorneys for Defendant
American Home Assurance Company

s/Andrew Guidi
ag@delaneywiles.com
Alaska Bar No. 8312171
1007 West third Avenue, Suite 400
Anchorage, Alaska   99501
Telephone:  (907) 279-3581
Facsimile:  (907) 277-1331

**CERTIFICATE OF SERVICE:**
I hereby certify that on the 30th day of June, 2006, a copy of the foregoing **AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO MOTION FOR RECONSIDERATION** was served electronically on:

Phillip Paul Weidner
Michael Cohn
WEIDNER & ASSOCIATES, INC.
330 L. Street, Suite 200
Anchorage, Alaska   99501

s/Andrew Guidi (118185)